UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

WORDTECH SYSTEMS INC., a
California corporation,

        Plaintiff,

   v.

INTEGRATED NETWORK SOLUTIONS
CORP. DBA INTEGRATED NETWORK
AKA INTERNET NETWORK STORAGE
COMPANY, a Nevada corporation,
NASSER KHATEMI, an individual,
HAMID ASSADIAN, an individual,
and DOES 1-50,

        Defendants.

NO. CIV. S 04-1971 MCE PAN

MEMORANDUM AND ORDER

----oo0oo----

    Defendants Integrated Network Solutions Corp. ("INSC"), Nasser Khatemi ("Khatemi"), and Hamid Assadian ("Assadian"), ask this Court to dismiss the complaint filed by Plaintiff Wordtech Systems Inc. ("Wordtech") based upon improper venue.  For the reasons discussed below, Defendants' motion is GRANTED.

//

1

## BACKGROUND

Wordtech filed its complaint on September 22, 2004, in the Eastern District of California.  Wordtech alleges that Defendant INSC (a Nevada corporation) and Defendants Khatemi and Assadian (individual corporate employees residing in the Central District of California) infringed two of its patents: U.S. Patent Nos. 1,141,298 and 1,532,198.  On December 30, 2004, Defendants filed a motion to dismiss for improper venue.

## STANDARD

Venue in patent cases is governed by 28 U.S.C. § 1400(b), which states:

> Any civil action for patent infringement may be brought in [1] the judicial district where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business.

28 U.S.C. § 1400(b).  As to corporate defendants, the term "resides" is defined by 28 U.S.C. § 1391(c), which states that such a defendant resides in any district that it is subject to personal jurisdiction.  VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1580 (9th Cir. 1990); 28 U.S.C. § 1391(c).  Additionally, pursuant to 28 U.S.C. § 1391(d), an alien corporation "may be sued in any district."  VE Holding, 917 F.2d at 1579.

Venue with regard to "corporate employees charged with personal liability for acts taken as individuals, not as the

alter ego of the corporation, does not flow automatically to forums in which venue is proper as to the corporation." Hoover Group, Inc. v. Custom Metalcraft, Inc., 84 f.3d 1408, 1410 (Fed. Cir. 1996); cf. Minnesota Mining & Mfg. Co. v. Eco. Chem, Inc., 757 F.2d 1256, 1265 (Fed. Cir. 1985) (providing an example of a corporate alter ego). Indeed, when "the cause of action is personal to the individual defendant, the venue requirement must be met as to that defendant." Hoover, 84 f.3d at 1410.

Finally, while a court may consider facts outside of the pleadings when addressing a Federal Rule of Civil Procedure[1] 12(b)(3) motion, it is not required to do so, and, in its discretion, can require the parties to expressly plead all necessary information. Murphy v. Schneider National, Inc., 362 F.3d 1133, 1137 (9th Cir. 2004); Hoover, 84 f.3d at 1410.

## ANALYSIS

Venue is based on the facts alleged in a well-pled complaint. Hoover, 84 F.3d at 1410; see Dody v. Brown, 659 F. Supp. 541, 544 n.2 (W.D. Mo. 1987); McGhan v. F.C. Hayer Co., 84 F. Supp 540, 541 (D. Minn 1949) (holding that the plaintiff must plead "ultimate facts that sufficiently allege venue so as to sustain the Court's jurisdiction").

In its complaint, Wordtech only addressed venue generally. (Pl's Compl. at 2:21-22; 4:16-20.) Notably, the complaint does not allege any facts regarding Defendants' relationship to the

---

[1] Unless otherwise stated, all further references to a "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

3

Eastern District of California.  Consequently, the Court finds that Wordtech's complaint is insufficient to find the Eastern District as the proper venue in this case.  <u>Hoover</u>, 84 f.3d at 1410; <u>McGhan</u>, 84 F.Supp at 541.

Accordingly, the Court has elected not to exercise its Rule 12(b)(3) discretion with respect to extra-pleading information.  As such, in order to sustain the Eastern District of California as a proper venue, Wordtech must plead its basis for venue – as to each defendant – specifically within its complaint.

To date, Wordtech has failed to do so.  Consequently, Defendant's motion is granted, and Plaintiff's complaint is dismissed without prejudice.  Plaintiff is granted leave to amend its complaint and has 30 days from the date this order is filed to file an amended complaint with the Court.

**CONCLUSION**

For the aforementioned reasons, Defendants' motion to dismiss Plaintiff's complaint is GRANTED.  Plaintiff's complaint is dismissed without prejudice, and Plaintiff is granted leave to amend as specified above.

IT IS SO ORDERED.

DATE: January 7, 2005

/S/ Morrison C. England, Jr.
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

Wordtech 04-1971 wpd~

4