1  JANINE C. OGANDO (State Bar No. 165625)
   2500 Dean Lesher Drive, Suite A
2  Concord, CA  94520
   Tel: (925) 689-1200
3  Fax: (925) 689-1263

4  RICHARD ESTY PETERSON (State Bar No. 41013)
   1905-D Palmetto Avenue
5  Pacifica, CA  94044
   Tel: (650) 557-5708
6  Fax: (650) 557-5716

7  PLAINTIFF WORDTECH SYSTEMS, INC.

8
                 IN THE UNITED STATES DISTRICT COURT
9
             FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11  WORDTECH SYSTEMS, INC., a          ) Case No.:CIV.S-04-1971 MCE PAN
    California corporation,            )
12                                     ) FIRST AMENDED COMPLAINT FOR
                                       ) PATENT INFRINGEMENT, INJUNCTIVE
13           Plaintiff,                ) RELIEF, AND DAMAGES
                                       )
14       vs.                           )
                                       ) **DEMAND FOR JURY TRIAL**
15  INTEGRATED NETWORK SOLUTIONS,      )
    INC., a Nevada corporation, dba    )
16  INTEGRATED NETWORK SOLUTIONS,      )
    CORP. aka INTEGRATED NETWORK       )
17  SOLUTIONS aka INTEGRATED           )
    SYSTEMS aka INTERNET NETWORK       )
18  STORAGE COMPANY aka INSC;          )
    NASSER KHATEMI, an individual;     )
19  HAMID ASSADIAN, an individual;     )
    EHTERAM GHODSIAN, an               )
20  individual; SHOHREH JAVADI, an     )
    individual; MICHAEL F.             )
21  ELLSWORTH, an individual; BRIAN    )
    J. DEAN, an individual; SAN        )
22  JUAN UNIFIED SCHOOL DISTRICT;      )
    and DOES 1-50,                     )
23                                     )
                                       )
24           Defendants.               )
    _____)

25

Plaintiff, WORDTECH SYSTEMS, INC., a California corporation, alleges as follows:

## THE PARTIES

1.    Plaintiff, WordTech Systems, Inc. ("WordTech"), is a corporation organized under the laws of the State of California with its principal place of business located in Concord, California.

2.    On information and belief, defendant INTEGRATED NETWORK SOLUTIONS, INC., is a Nevada corporation doing business in California as INTEGRATED NETWORK SOLUTIONS, CORP. aka INTEGRATED NETWORK SYSTEMS aka INTEGRATED SYSTEMS aka INTERNET NETWORK STORAGE COMPANY aka INTERNET NETWORK STORAGE COMPANY aka INSC (hereinafter referred to as "INSC"), with its principal place of business located at 199 Technology Drive, Suite 140, Irvine, California.

3.    On information and belief, defendant NASSER KHATEMI is and at all relevant times was the president and owner of INSC.

4.    On information and belief, defendant HAMID ASSADIAN is and at all relevant times was an owner, officer, director, and/or employee of INSC.

5.    On information and belief, EHTERAM GHODSIAN is and at all relevant times was an owner, officer, and/or director of INSC.

6.    On information and belief, SHOHREH JAVADI is and at all relevant times was an owner, officer, and/or director INSC.

7.   On information and belief, defendant MICHAEL F. ELLSWORTH, whose address is 5823 Woodbrook Court, Sacramento, California, 95841, is and at all relevant times was an owner, officer, and/or director of Integrated Network Solutions, Inc., a Nevada corporation.

8.   On information and belief, BRIAN J. DEAN, whose address is 1665 Broadmere Street, Las Vegas, Nevada, is and at all relevant times was an owner, officer, and/or director of Integrated Network Solutions, Inc., a Nevada corporation.

9.   Defendants INSC, NASSER KHATEMI, HAMID ASSADIAN, EHTERAM GHODSIAN, SHOHREH JAVADI, MICHAEL F. ELLSWORTH, and BRIAN J. DEAN, will hereinafter collectively be referred to as "INSC PERSONELL."

10.   On information and belief, SAN JUAN UNIFIED SCHOOL DISTRICT (hereinafter referred to as "SCHOOL DISTRICT") is and at all relevant times herein mentioned was, a school district duly organized and existing under the laws of the State of California, and is located in the Eastern District of California at 3738 Walnut Avenue, Carmichael, California 95608.

11.   Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1-50, inclusive, and therefore sues these defendants by these fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is

responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries as herein alleged were proximately caused by the wrongful conduct of these fictitiously named defendants.

12.  Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Does 1-50 were the agents, servants, and employees of their codefendants and in doing the things hereinafter alleged were acting within the course and scope of their authority as agents, servants, and employees with the permission and consent of their codefendants.

<u>**JURISDICTION AND VENUE**</u>

13.  This action arises under the patent laws of the United States, 35 U.S.C. §§ 271, 281, and 283-285.

14.  Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1338(a).

15.  Venue lies properly in this Court under 28 U.S.C. §§ 1391(b), 1391(c), 1391(d) and/or 1400(b).

<u>**BACKGROUND**</u>

16.  On October 31, 2000, the U.S. Patent Office issued U.S. Patent No. 6,141,298, entitled Programmable Self-Operating Compact Disk Duplication System, listing David Miller as the inventor ("Patent 298").  A true and correct copy of Patent 298 is attached hereto as **Exhibit A.**

17.  On September 14, 1998, David Miller assigned his rights to Patent 298 to WordTech.  A true and correct copy of the recorded Assignment is attached hereto as **Exhibit B.**

18.  On March 11, 2003, the U.S. Patent Office issued a patent, U.S. Patent No. 6,532,198 entitled Programmable Self-Operating Compact Disk Duplication System, which is a division of Patent 298, listing WordTech as the assignee ("Patent 198"). A true and correct copy of Patent 198 is attached hereto as **Exhibit C.**

19.  On November 23, 2004, the U.S. Patent Office issued a patent, U.S. Patent No. 6,822,932 entitled Programmable Self-Operating Compact Disk Duplication System, which is a division of Patent 298, with WordTech as the assignee ("Patent 932").  A true and correct copy of Patent 932 is attached hereto as **Exhibit D.**

20.  WordTech is the assignee and exclusive owner of all rights, title and interest in Patent 298 and Patent 198 and Patent 932 and has the right to bring this suit for damages and injunctive relief.

**<u>GENERAL ALLEGATIONS</u>**

21.  WordTech is owner by assignment of all right, title and interest in Patent 298.

22.  WordTech is owner by assignment of all right, title and interest in Patent 198.

23.   WordTech is owner by assignment of all right, title and interest in Patent 932.

24.   Patent 298 relates to a Programmable Self-Operating Compact Disk Duplication System, including, *inter alia*, the controller, whether singlecard or a motherboard configuration, software, drives, robotics, printers, accessories, housing or any other component to operate the disk duplicator and was duly issued to David Miller on October 31, 2000, and assigned to WordTech on September 14, 1998.

25.   Patent 198 is division of Patent 298 and also relates to a disk duplication system for the duplication of binary data onto CD-R disks, the system including a copy unit, a host computer and computer software, the software being installed in the host computer to provide a user interface and to direct the transfer of data from the host computer to the copy unit, the copy unit including a set of multiple stacked recordable disk drives, and a microprocessor electronically connected to the activation system of a pivotal transport tower and to the set of multiple stacked recordable disk drives.

26.   Patent 932 is division of Patent 198 and also relates to a disk duplication system for the duplication of binary data onto CD-R disks, the system including a copy unit, a host computer and computer software, the software being installed in the host computer to provide a user interface and to direct the transfer of data from the host computer to the copy unit, the

1    copy unit including a set of multiple stacked recordable disk

2    drives, and a microprocessor electronically connected to the

3    activation system of a pivotal transport tower and to the set of

4    multiple stacked recordable disk drives.

5        27.  On information and belief, INSC and INSC PERSONNEL

6    have engaged in providing users with programmable self-operating

7    compact disk duplication systems which are covered by Patent 298

8    and Patent 198 and Patent 932.  More specifically, INSC and INSC

9    PERSONNEL make, manufacturer, assemble, use, sell, resell, offer

10   for sale, import or otherwise transfer to third parties in the

11   Eastern District of the United States of America disk

12   duplication systems which directly and contributorily infringe

13   upon the technology covered by Patent 298 and Patent 198 and

14   Patent 932 and also induce third parties to infringe upon the

15   technology covered by Patent 298 and Patent 198 and Patent 932

16   by selling infringing products to them.

17       28.  On information and belief, defendant SCHOOL DISTRICT

18   has purchased and is using unlicensed programmable self-

19   operating compact disk duplication systems in the Eastern

20   District of California which were sold by INSC and INSC

21   PERSONNEL and which are covered by Patent 298 and Patent 198 and

22   Patent 932 and are thereby infringing said patents.

23       29.  Upon information and belief, defendants INSC and INSC

24   PERSONNEL have engaged in the manufacture, use, distribution,

25   and the sale of disc duplication systems embodying the

inventions of the technology covered by Patent 298 and Patent 198 and Patent 932 in this judicial district and throughout the United States.

30.  Upon information and belief, defendant SCHOOL DISTRICT has purchased and uses disc duplication systems embodying the inventions of the technology covered by Patent 298 and Patent 198 and Patent 932 in this judicial district and throughout the United States.

31.  Plaintiff has placed the required statutory notice on all of its products manufactured and sold by it.

32.  Upon information and belief, defendants, and each of them, have ongoing and systematic contacts with this judicial district and the United States. Defendants INSC and INSC PERSONNEL have placed and attempted to place disc duplication systems infringing technology covered by Patent 298 and Patent 198 and Patent 932 in the stream of commerce, knowing and expecting that such products would end up in this Judicial District.  Defendants INSC and INSC PERSONNEL have also provided services covered by the claims of Patent 298 and Patent 198 and Patent 932 to consumers in this Judicial District.

## PATENT INFRINGEMENT OF U.S. PATENT NO. 6,141,298

33.  Plaintiff hereby incorporates paragraphs 1-32 above, inclusive, by this reference.

34.  Defendants have manufactured, made, assembled, used, sold, resold, imported, offered to sell or otherwise transferred

to third parties and will continue to manufacture, make, assemble, use, sell, resell, import, offer to sell or otherwise transfer programmable self-operating compact disc duplication systems that include each element of and infringe upon one or more claims of the 298 patent, without a license from WordTech.

35.  By making, assembling, manufacturing, using, selling, reselling, importing or otherwise transferring and/or offering for sale programmable self-operating compact disc duplication systems, defendants have directly and contributorily infringed and will continue to directly and contributorily infringed on one more of the claims of Patent 298 under 35 U.S.C. § 271 (a), (b), (c) and/or (f) literally and/or under the doctrine of equivalents.

36.  On December 29, 2000, David Miller sent a letter to INSC informing of WordTech's patent, providing a copy of Patent 298 and offering a license.  A true and correct copy of the unsigned letter from David Miller to ISNC dated December 29, 2000, is attached hereto as **Exhibit E**.

37.  On February 26, 2002, David Miller sent an email to INSC confirming that he had spoken with INSC in 2000 about the patent and a license and again providing a copy of Patent 298 as well as a copy of a recent press release.  A true and correct copy of the email from David Miller to Hamid Assadian of INSC dated February 26, 2002, is attached hereto as **Exhibit F**.

38.  On July 29, 2002, David Miller sent an email to Hamid Assadian of INSC regarding their prior conversations and referencing Patent 298.  A true and correct copy of the email dated July 29, 2002 to Hamid Assadian of INSC is attached hereto as **Exhibit G.**

39.  On July 31, 2002, David Miller sent another email to Hamid Assadian of INSC concerning resolving the patent infringement issues.  A true and correct copy of the email dated July 29, 2002 to Hamid Assadian of INSC is attached hereto as **Exhibit H**.

40.  On August 5, 2002, David Miller sent another email to Hamid Assadian of INSC referencing the patent issue and attaching a non-disclosure agreement.  A true and correct copy of the email dated August 5, 2002 to Hamid Assadian of INSC is attached hereto as **Exhibit I.**

41.  November 15, 2002, counsel for WordTech informed INSC that a license was needed under Patent 298 and provided INSC with a copy of Patent 298.  A true and correct copy of the unsigned version of the letter from Janine Ogando to INSC is attached hereto as **Exhibit J.**

42.  On information and belief, the infringement by defendants on Patent 298 has been and continues to be willful and deliberate.

43.  Unless enjoined by the Court, defendants will continue to infringe Wordtech's patents.

44.   Plaintiff has placed the required statutory notice on all of its products manufactured and sold by it.

45.   As a direct and proximate consequence of the acts and practices of defendants, plaintiff WordTech has been, is being, and continues to suffer irreparable injury and be damaged for which it has no adequate remedy at law; unless such acts and practices of defendants are enjoined by the Court, plaintiff will continue to be injured in its business and property rights and has suffered and is suffering and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284.

**PATENT INFRINGEMENT OF U.S. PATENT NO. 6,532,198**

46.   Plaintiff hereby incorporates paragraphs 1-45 above, inclusive, by this reference.

47.   Defendants have manufactured, made, assembled, used, sold, resold, imported, offered to sell or otherwise transferred to third parties and will continue to manufacture, make, assemble, use, sell, resell, import, offer to sell or otherwise transfer programmable self-operating compact disc duplication systems that include each element of and infringe upon one or more claims of the 198 patent, without a license from WordTech.

48.   By making, assembling, manufacturing, using, selling, reselling, importing or otherwise transferring and/or offering for sale programmable self-operating compact disc duplication systems, defendants have directly and contributorily infringed

and will continue to directly and contributorily infringe on one more of the claims of Patent 198 under 35 U.S.C. § 271 (a), (b), (c) and/or (f) literally and/or under the doctrine of equivalents.

49.  On March 25, 2003, WordTech formally informed INSC of Patent 198, offered it a license, and provided a copy of Patent 198.  A true and correct copy of the letter from Janine C. Ogando to INSC is attached hereto as **Exhibit K.**

50.  On information and belief, the infringement by defendants upon Patent 198 has been and continues to be willful and deliberate.

51.  Unless enjoined by the Court, defendants will continue to infringe Wordtech's patents.

52.  Plaintiff has placed the required statutory notice on all of its products manufactured and sold by it.

53.  As a direct and proximate consequence of the acts and practices of defendants, plaintiff WordTech has been, is being, and continues to suffer irreparable injury and be damaged for which it has no adequate remedy at law; unless such acts and practices of defendants are enjoined by the Court, plaintiff will continue to be injured in its business and property rights and has suffered and is suffering and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284.

**PATENT INFRINGEMENT OF U.S. PATENT NO. 6,822,932**

54. Plaintiff hereby incorporates paragraphs 53 above, inclusive, by this reference.

55. Defendants have manufactured, made, assembled, used, sold, resold, imported, offered to sell or otherwise transferred to third parties and will continue to manufacture, make, assemble, use, sell, resell, import, offer to sell or otherwise transfer programmable self-operating compact disc duplication systems that include each element of and infringe upon one or more claims of the 932 patent, without a license from WordTech.

56. By making, assembling, manufacturing, using, selling, reselling, importing or otherwise transferring and/or offering for sale programmable self-operating compact disc duplication systems, defendants have directly and contributorily infringed and will continue to directly and contributorily infringe on one more of the claims of Patent 198 under 35 U.S.C. § 271 (a), (b), (c) and/or (f) literally and/or under the doctrine of equivalents.

57. On January 21, 2005, WordTech formally informed INSC of Patent 932, offered it a license, and provided a copy of Patent 932. A true and correct copy of the letter from David Miller to INSC is attached hereto as **Exhibit L.**

58. On information and belief, the infringement by defendants upon Patent 932 has been and continues to be willful and deliberate.

59.  Unless enjoined by the Court, defendants will continue to infringe Wordtech's patents.

60.  Plaintiff has placed the required statutory notice on all of its products manufactured and sold by it.

61.  As a direct and proximate consequence of the acts and practices of defendants, plaintiff WordTech has been, is being, and continues to suffer irreparable injury and be damaged for which it has no adequate remedy at law; unless such acts and practices of defendants are enjoined by the Court, plaintiff will continue to be injured in its business and property rights and has suffered and is suffering and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for the entry of a judgment from this Court:

a.  Declaring that United States Patent No. 6,141,298 was duly and legally issued, and is valid and enforceable;

b.  Declaring that United States Patent No. 6,532,198 was duly and legally issued, and is valid and enforceable;

c.  Declaring that United States Patent No. 6,822,932 was duly and legally issued, and is valid and enforceable;

d.  Declaring that defendant INSC has directly infringed, contributorily infringed, and or induced infringement of one or more claims of the Patent 298;

e. Declaring that defendant NASSER KHATEMI has directly
   infringed, contributorily infringed, and or induced
   infringement of one or more claims of the Patent 298;

f. Declaring that defendant HAMID ASSADIAN has directly
   infringed, contributorily infringed, and or induced
   infringement of one or more claims of the Patent 298;

g. Declaring that defendant EHTERAM GHODSIAN has directly
   infringed, contributorily infringed, and or induced
   infringement of one or more claims of the Patent 298;

h. Declaring that defendant MICHAEL F. ELLSWORTH has directly
   infringed, contributorily infringed, and or induced
   infringement of one or more claims of the Patent 298;

i. Declaring that defendant BRIAN J. DEAN has directly
   infringed, contributorily infringed, and or induced
   infringement of one or more claims of the Patent 298;

j. Declaring that defendant SHOHREH JAVADI has directly
   infringed, contributorily infringed, and or induced
   infringement of one or more claims of the Patent 298;

k. Declaring that defendant SCHOOL DISTRICT has directly
   infringed, contributorily infringed, and or induced
   infringement of one or more claims of the Patent 298;

l. Declaring that defendant INSC has directly infringed,
   contributorily infringed, and or induced infringement of
   one or more claims of Patent 198;

m.  Declaring that defendant NASSER KHATEMI has directly
    infringed, contributorily infringed, and or induced
    infringement of one or more claims of Patent 198;

n.  Declaring that defendant HAMID ASSADIAN has directly
    infringed, contributorily infringed, and or induced
    infringement of one or more claims of Patent 198;

o.  Declaring that defendant EHTERAM GHODSIAN has directly
    infringed, contributorily infringed, and or induced
    infringement of one or more claims of the Patent 198;

p.  Declaring that defendant MICHAEL F. ELLSWORTH has directly
    infringed, contributorily infringed, and or induced
    infringement of one or more claims of the Patent 198;

q.  Declaring that defendant BRIAN J. DEAN has directly
    infringed, contributorily infringed, and or induced
    infringement of one or more claims of the Patent 198;

r.  Declaring that defendant SHOHREH JAVADI has directly
    infringed, contributorily infringed, and or induced
    infringement of one or more claims of the Patent 198;

s.  Declaring that defendant SCHOOL DISTRICT has directly
    infringed, contributorily infringed, and or induced
    infringement of one or more claims of the Patent 198;

t.  Declaring that defendant INSC has directly infringed,
    contributorily infringed, and or induced infringement of
    one or more claims of the Patent 932;

u. Declaring that defendant NASSER KHATEMI has directly infringed, contributorily infringed, and or induced infringement of one or more claims of the Patent 932;

v. Declaring that defendant HAMID ASSADIAN has directly infringed, contributorily infringed, and or induced infringement of one or more claims of the Patent 932;

w. Declaring that defendant EHTERAM GHODSIAN has directly infringed, contributorily infringed, and or induced infringement of one or more claims of the Patent 932;

x. Declaring that defendant MICHAEL F. ELLSWORTH has directly infringed, contributorily infringed, and or induced infringement of one or more claims of the Patent 932;

y. Declaring that defendant BRIAN J. DEAN has directly infringed, contributorily infringed, and or induced infringement of one or more claims of the Patent 932;

z. Declaring that defendant SHOHREH JAVADI has directly infringed, contributorily infringed, and or induced infringement of one or more claims of the Patent 932;

aa. Declaring that defendant SCHOOL DISTRICT has directly infringed, contributorily infringed, and or induced infringement of one or more claims of the Patent 932;

bb. Declaring that defendant INSC has willfully infringed one or more claims of the Patent 298;

cc. Declaring that defendant NASSER KHATEMI has willfully infringed one or more claims of the Patent 298;

dd. Declaring that defendant HAMID ASSADIAN has willfully infringed one or more claims of the Patent 298;

ee. Declaring that defendant EHTERAM GHODSIAN has willfully infringed one or more claims of the Patent 298;

ff. Declaring that defendant MICHAEL F. ELLSWORTH has willfully infringed one or more claims of the Patent 298;

gg. Declaring that defendant BRIAN J. DEAN has willfully infringed one or more claims of the Patent 298;

hh. Declaring that defendant SHOHREH JAVADI has willfully infringed one or more claims of the Patent 298;

ii. Declaring that defendant SCHOOL DISTRICT has willfully infringed one or more claims of the Patent 298;

jj. Declaring that defendant INSC has willfully infringed one or more claims of Patent 198;

kk. Declaring that defendant NASSER KHATEMI has willfully infringed one or more claims of Patent 198;

ll. Declaring that defendant HAMID ASSADIAN has willfully infringed one or more claims of Patent 198;

mm. Declaring that defendant EHTERAM GHODSIAN has willfully infringed one or more claims of Patent 198;

nn. Declaring that defendant MICHAEL F. ELLSWORTH has willfully infringed one or more claims of Patent 198;

oo. Declaring that defendant BRIAN J. DEAN has willfully infringed one or more claims of Patent 198;

pp. Declaring that defendant SHOHREH JAVADI has willfully infringed one or more claims of Patent 198;

qq. Declaring that defendant SCHOOL DISTRICT has willfully infringed one or more claims of the Patent 198;

rr. Declaring that defendant INSC has willfully infringed one or more claims of the Patent 932;

ss. Declaring that defendant NASSER KHATEMI has willfully infringed one or more claims of the Patent 932;

tt. Declaring that defendant HAMID ASSADIAN has willfully infringed one or more claims of the Patent 932;

uu. Declaring that defendant EHTERAM GHODSIAN has willfully infringed one or more claims of the Patent 932;

vv. Declaring that defendant MICHAEL F. ELLSWORTH has willfully infringed one or more claims of the Patent 932;

ww. Declaring that defendant BRIAN J. DEAN has willfully infringed one or more claims of the Patent 932;

xx. Declaring that defendant SHOHREH JAVADI has willfully infringed one or more claims of the Patent 932;

yy. Declaring that defendant SCHOOL DISTRICT has willfully infringed one or more claims of the Patent 932;

zz. Deeming this to be an exceptional case within the meaning of 35 U.S.C. § 285, entitling plaintiff WordTech to an award of its reasonable attorneys' fees expense and costs in this action;

aaa.    Preliminarily and permanently enjoining defendant INSC
and its respective officers, agents, servants, employees,
attorneys, INSC PESONNEL, SCHOOL DISTRICT and those persons
in active concert or participation with them who receive
notice of the order by personal service or otherwise, from
committing further acts of infringement under 35 U.S.C. §
271 of one or more claims of Patent 298 pursuant to 35
U.S.C. § 283;

bbb.    Preliminarily and permanently enjoining defendant INSC
and its respective officers, agents, servants, employees,
attorneys, INSC PESONNEL, SCHOOL DISTRICT and those persons
in active concert or participation with them who receive
notice of the order by personal service or otherwise, from
committing further acts of infringement under 35 U.S.C. §
271 of one or more claims of Patent 198 pursuant to 35
U.S.C. § 283;

ccc.    Preliminarily and permanently enjoining defendant INSC
and its respective officers, agents, servants, employees,
attorneys, INSC PESONNEL, SCHOOL DISTRICT and those persons
in active concert or participation with them who receive
notice of the order by personal service or otherwise, from
committing further acts of infringement under 35 U.S.C. §
271 of one or more claims of Patent 932 pursuant to 35
U.S.C. § 283;

ddd.    Awarding plaintiff damages in accordance with 35 U.S.C. § 284;

eee.    Awarding plaintiff its costs in connection with this action;

fff.    Awarding plaintiff exemplary damages and attorneys' fees and costs as a result of willful and deliberate infringement on Patent 298.

ggg.    Awarding plaintiff exemplary damages and attorneys' fees and costs as a result of willful and deliberate infringement on Patent 198.

hhh.    Awarding plaintiff exemplary damages and attorneys' fees and costs as a result of willful and deliberate infringement on Patent 932.

iii.    Awarding plaintiff such other and further relief as this Court may deem to be just and proper.

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all issues in this lawsuit.

Dated:  January 28, 2005

                                    BY:/s/ Janine C. Ogando
                                    Janine C. Ogando
                                    Attorneys for Plaintiff
                                    WORDTECH SYSTEMS, INC.