UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WORDTECH SYSTEMS, INC.,

      Plaintiff,

  v.

INTEGRATED NETWORK SOLUTIONS, CORP., dba INTEGRATED SYSTEMS, aka INTERNET NETWORK STORAGE COMPANY, aka INSC; NASSER KATEMI; HAMID ASSADIAN; BRIAN J. DEAN; MICHAEL F. ELLSWORTH; EHTERAM GHODSIAN; INTEGRATED NETWORK SOLUTIONS, INC., a Nevada Corporation; SHOHREH JAVADI; and SAN JUAN UNIFIED SCHOOL DISTRICT, and DOES 1-50,

      Defendants.

No. 2:04-cv-1971-MCE-JFM

MEMORANDUM AND ORDER

----oo0oo----

On April 14, 2006, WordTech Systems, Inc. ("Plaintiff") moved for modification of the Pretrial Scheduling Order ("PTSO") based in part on complications arising from the retirement of presiding magistrate judge Peter A. Nowinski.

///

///

1

As explained below, the Court finds sufficient cause to issue an amended PTSO forthwith.[1]

**BACKGROUND**

On September 22, 2004, Plaintiff, a California corporation and patent owner, filed an infringement action against multiple defendants including Integrated Network Solutions, Corp. ("INS"), Nasser Khatemi and Hamid Assadian ("Defendants").

On June 13, 2005, this Court issued a PTSO setting forth all relevant dates for the course of these proceedings. In that Order, the Court set a trial date for July 7, 2005, with all discovery to be completed by September 23, 2005. Defendant INS together with Defendant San Juan Unified School District filed timely objections to the PTSO seeking an extension of the discovery completion date. The Court was persuaded by the objections and extended the discovery completion date to January 20, 2006.

Both sides filed Motions to Compel Discovery during November and December 2005. Those Motions were to be heard by now retired magistrate judge Peter A. Nowinski. In an effort to resolve the case, Judge Nowinski sought an agreement from both sides to pursue settlement rather than address the pending discovery motions.

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1  Both sides agreed to pursue settlement and the following relevant
2  motions were withdrawn: Plaintiff's Motion to Compel Discovery
3  Responses; Plaintiff's Motion for Protective Order; and
4  Defendants Motion to Compel.  Prior to the conclusion of the
5  settlement negotiations, Judge Nowinski retired.  Unfortunately,
6  the Parties' efforts to settle were fruitless leaving those
7  withdrawn discovery motions unresolved.  The case was then
8  transferred to magistrate judge John F. Moulds.  The Parties
9  reasserted their discovery motions before Judge Moulds, however,
10 those Motions were denied due to the expiration of the discovery
11 completion date set by this Court.  Plaintiff now seeks
12 modification of the PTSO to extend the discovery completion date
13 and permit them to reassert all withdrawn discovery motions.

**STANDARD**

Generally, the Court is required to enter a PTSO within 120 days of the filing of the complaint. Fed. R. Civ. P. 16(b).  The scheduling order "controls the subsequent course of the action" unless modified by the Court. Fed. R. Civ. P. 16(e).  Orders entered before the final pretrial conference may be modified upon a showing of "good cause," Fed. R. Civ. P. 16(b), but orders "following a final pretrial conference shall be modified only to prevent manifest injustice." Fed. R. Civ. P. 16(e); *see also Johnson v. Mammoth Recreations*, 975 F.2d 604, 608 (9th Cir. 1992).

///
///

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. *Id*. at 609. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment). *Id.*

## ANALYSIS

Defendants advance a two-fold argument in opposition to Plaintiff's Motion. First, they aver that Plaintiff violated Local Rule 6-142(b) when it filed the current Motion and, second, that this Court has declared no further discovery extensions would be permitted. In reply, Plaintiff argues it is not seeking a discovery extension but a modification to the PTSO and that good cause exists for its request. In essence, Plaintiff contends that good cause exists because it served all original discovery and relative motions in a timely manner and it only withdrew its Motions based on the Parties' agreement to pursue settlement.

The Parties were clearly diligent in seeking discovery. Plaintiff is quite correct that the Motions to Compel were timely filed and only withdrawn in anticipation of settlement which failed to materialize. The Court is persuaded that good cause exists sufficient that an amended PTSO is warranted.

///
///
///

**CONCLUSION**

Good cause appearing therefore, the Court shall issue an Amended PTSO. The Discovery Completion Date shall be set sixty days (60) days from the date of this Order.

IT IS SO ORDERED.

DATED: September 8, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE