IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WORDTECH SYSTEMS, INC.

     Plaintiff,                    No. CIV S-04-1971 MCE EFB

    vs.

INTEGRATED NETWORK
SOLUTIONS, et al.,

     Defendants.               <u>ORDER</u>

_____/

        This case was before the court on October 25, 2006, for hearing on both parties' motions to compel discovery and for a protective order. Defendants' motions were brought by Integrated Network Solutions Corp., Hamid Assadian and Nasser Khatemi (the "INSC defendants"). No other defendants joined in those motions. Ki Yun Hwang and Richard Esty Peterson appeared on behalf of plaintiff Wordtech Systems Inc. Daniel Ralph Richardson appeared on behalf of the INSC defendants. Having reviewed the supporting papers and heard the parties on these matters, the court issues the following order.

<u>BACKGROUND</u>

        This action is proceeding on the first amended complaint filed on January 28, 2005. The underlying action concerns plaintiff's allegations that defendants infringed its patents.

1

The discovery disputes presently before the court began in the summer of 2005, and have not been resolved despite the district judge's generous accommodations extending the discovery deadline three times. The district judge's most recent order sets November 7, 2006, as the close of discovery.

Prior to the hearing on October 25, 2006, the parties filed what purports to be a joint stipulation, but which is in fact two separately filed statements outlining each party's grievances with the other. Despite the parties' failure to file a true joint stipulation as required by E. D. Cal. L. R. 37-251, the court kept the matter on calendar in an effort to assist the parties in meeting the looming discovery deadline.

PROTECTIVE ORDER

The parties failed to submit a copy of the proposed protective order in accordance with E. D. Cal. L. R. 5-137 and 83-143. The proposed order submitted by the parties contains various defects, and was not submitted in word processing format as required by the local rules. At the hearing, the court ordered the parties to submit a proposed protective order in accordance with those rules by the close of business on October 26, 2006. The court reiterates here that the parties are to comply with that order.

MOTIONS TO COMPEL

A.  Plaintiff's Motion

Plaintiff seeks to compel the INSC defendants' responses to interrogatories and requests for admissions. Plaintiff also seeks to compel those defendants' production of documents. According to plaintiff, the INSC defendants have provided inadequate and untimely responses to all of these requests for discovery. Upon review of defendants' responses, the court finds that defendants' objections are unfounded and unsupported by adequate explanation or argument. On this basis, and due to the untimeliness of the objections, the court finds that the INSC defendants have waived all objections to these discovery requests. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) (boilerplate, generalized objections are inadequate and

tantamount to not making any objection at all, and just like untimely service of responses to interrogatories, result in a waiver of the objections).

Furthermore, the INSC defendants have failed to provide a privilege log in connection to their objections to discovery based on attorney-client privilege and/or other privileges and protections. Such failure results in a waiver of those objections. *Eureka Financial Corp. v. Hartford Accident & Indem. Co.*, 136 F.R.D. 179, 182-83 (E.D. Cal. 1991). Accordingly, the court finds that all objections have been waived and orders the INSC defendants to produce complete responses to plaintiff's discovery requests by the close of business on November 1, 2006.

Based on the parties' representations at the hearing, if they are able to timely and properly submit a proposed protective order for the court's signature, such order should resolve most disputes concerning the production of documents. Notwithstanding the issuance of that protective order, the INSC defendants are ordered to produce responsive documents by the close of business on November 1, 2006.

### B.  INSC Defendants' Motion

The INSC defendants seek to compel plaintiff's responses to interrogatories and to compel the production of documents. Plaintiff's responses to the interrogatories consist of boilerplate, form objections that obscure any substantive responses. Plaintiff's responses, like defendants', were also untimely made without showing good cause for such delay. *Davis v. Fendler*, 650 F.2d at 1160.

Furthermore, plaintiff, like the INSC defendants, has also failed to provide a privilege log in connection to its objections based on attorney-client privilege and/or other privileges and protections. Such failure results in a waiver of those objections. *Eureka Financial Corp.*, 136 F.R.D. at 182-83. Accordingly, the court finds that all objections have been waived and orders plaintiff to produce complete responses to plaintiff's discovery requests by the close of business on November 1, 2006. Notwithstanding the issuance of the afore-

3

mentioned protective order, plaintiff is also ordered to produce responsive documents by the close of business on November 1, 2006.

<u>MOTIONS FOR SANCTIONS</u>

In its motion to compel discovery, plaintiff also requests sanctions against defendant, apparently in connection with the INSC defendants' alleged spoilation of evidence. Despite this serious allegation, plaintiff fails to brief or address the issue in either the "joint stipulation" or by separate briefing. In fact, the court notes that plaintiff simply refers to a previously filed motion to compel that sought sanctions for the same alleged conduct. That motion was dropped from the calendar as untimely filed. Based on the lack of adequate briefing on this issue, the request for sanctions is denied.

<u>CONCLUSION</u>

In accordance with the forgoing, IT IS ORDERED that:

1. The parties shall submit a proposed protective order for the court's signature, pursuant to E. D. Cal. L. R. 5-137 and 83-143, by the close of business on October 26, 2006.

2. By the close of business on November 1, 2006, the INSC defendants shall rewrite and submit to plaintiff their responses to plaintiff's requests for admissions. All objections and privileges are waived. The INSC defendants shall expressly admit or deny, without objection, every single request for admission identified in the "joint stipulation." If the INSC defendants deny any request for admission, they shall state the basis for that denial. Any request for admission not expressly denied will be deemed an admission of that fact.

3. By the close of business on November 1, 2006, the INSC defendants shall rewrite and submit to plaintiff their responses to plaintiff's interrogatories. All objections and privileges are waived. The INSC defendants shall expressly answer each interrogatory identified in the "joint stipulation" to the best of their abilities and without objection. If any of the INSC defendants fails to so respond to any interrogatory, each and every one of them shall be precluded from introducing evidence on that issue at trial, or in support of or in opposition to any

dispositive motion including a motion for summary judgment or an injunction.

4. Notwithstanding the issuance of any protective order, by the close of business on November 1, 2006, the INSC defendants shall produce all requested documents. Failure to produce documents responsive to a request will preclude each and every INSC defendant from introducing evidence on that issue at trial, or in support of or in opposition to any dispositive motion including a motion for summary judgment or an injunction. If the INSC defendants deny that certain requested documents exists, each and every one of them shall be precluded from offering any such category of documents at trial or in opposition to any dispositive motion including a motion for summary judgment or an injunction.

5. By the close of business on November 1, 2006, plaintiff shall rewrite and submit to plaintiff its responses to the INSC defendants' interrogatories identified in the "joint stipulation." All objections and privileges are waived. Plaintiff shall expressly answer the interrogatories to the best of its ability and without objection. If plaintiff fails to so respond to any interrogatory, plaintiff shall be precluded from introducing evidence on that issue at trial, or in support of or in opposition to any dispositive motion including a motion for summary judgment or an injunction.

6. Notwithstanding the issuance of any protective order, by the close of business on November 1, 2006, plaintiff shall produce all requested documents. If plaintiff fails to produce documents responsive to a request, plaintiff shall be precluded from introducing evidence on that issue at trial, or in support of or in opposition to any dispositive motion including a motion for summary judgment or an injunction. If plaintiff denies that certain requested documents exists, plaintiff will be precluded from offering any such category of documents at trial or in opposition to any dispositive motion including a motion for summary judgment or an injunction.

////

////

7. Plaintiff's request for sanctions is denied.

DATED: October 25, 2006.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE