HEIDI A. TIMKEN (State Bar No. 159731)
KI YUN HWANG (State Bar No. 197732)
TIMKEN JOHNSON HWANG LLP
500 Ygnacio Valley Road, Suite 360
Walnut Creek, CA 94596
Telephone:  (925) 945-6211
Facsimile:  (925) 945-7811

RICHARD ESTY PETERSON (State Bar No. 41013)
1905-D Palmetto Avenue
Pacifica, CA 94044
Telephone:  (650) 557-5708
Facsimile:  (650) 557-5716

Attorneys for Plaintiff WORDTECH SYSTEMS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORDTECH SYSTEMS, INC., a California corporation,<br><br>   Plaintiff,<br><br>v.<br><br>INTEGRATED NETWORK SOLUTIONS, INC., a Nevada corporation, dba INTEGRATED NETWORK SOLUTIONS, CORP. aka INTEGRATED NETWORK SOLUTIONS aka INTEGRATED SYSTEMS aka INTERNET NETWORK STORAGE COMPANY aka INSC; NASSER KHATEMI, an individual; HAMID ASSADIAN, an individual; EHTERAM GHODSIAN, an individual; SHOHREH JAVADI, an individual; MICHAEL F. ELLSWORTH, an individual; BRIAN J. DEAN, an individual; SAN JUAN UNIFIED SCHOOL DISTRICT; and DOES 1-50,<br><br>   Defendants. | Case No. CIV-S-04-1971 MCE EFB<br><br>**PROTECTIVE ORDER** |

**PROTECTIVE ORDER**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and it appearing that the discovery, pretrial and trial phases in the above-entitled action are likely to involve the disclosure of confidential information, IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, plaintiff WordTech Systems, Inc. ("WordTech") and defendants Integrated Network Systems, Inc., Nasser Khatemi and Hamid Assadian ("INSC defendants"), by and though their counsel of record, as follows:

1. In order that confidential technical, developmental, commercial and proprietary information and trade secrets are protected pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, this Protective Order will govern any document, material item, testimony, or thing filed with or presented to the Court or produced, served, or generated during the discovery process which contains or comprises any confidential technical, developmental, commercial or proprietary information or trade secrets.

2. "Highly-Confidential Information" shall consists of interrogatory answers, responses to request for admissions, trial or deposition testimony, or other material that contains material or information which is produced in this litigation by one party to the other including, and without limitation, confidential technical information, research data, confidential business information, trade secrets, know-how, proprietary data, developmental, commercial, or proprietary information, which is not publicly known and which the designating party reasonably believes is of such a nature and character that the unlimited disclosure thereof to others, including the designated representative of the receiving party or non-parties, would be harmful to the designating party or its business or would provide the other party or non-parties with a competitive advantage over the designating party.  Any information derived from Highly-Confidential Information also constitutes Highly-Confidential Information to the extent the derived information embodies, contains or discloses any Highly-Confidential Information, including excerpts, summaries, indices, abstracts or copies of such material.

3. "Confidential Information" shall consist of interrogatory answers, responses to request for admissions, trial or deposition testimony, or other material that contains

1  material or information which is produced in this litigation by one party or the other including
2  and without limitation, confidential technical information, research data, confidential business
3  information, trade secrets, know-how, proprietary data, developmental, commercial, or
4  proprietary information, which is not publicly known and which the designating party reasonably
5  believes is of such a nature and character that the unlimited disclosure thereof to others, excluding
6  the designated representatives of the receiving party, would be harmful to the designating party or
7  its business or would provide the other party or non-parties with a competitive advantage over the
8  designating party.  Any information derived from Confidential Information also constitutes
9  Confidential Information to the extent the derived information embodies, contains or discloses
10 any Confidential Information, including excerpts, summaries, indices, abstracts or copies of such
11 material.

12        4.       Nothing shall be regarded as Highly-Confidential Information or
13 Confidential Information that:  (a) is or has been in the public domain at the time of disclosure;
14 (b) becomes part of the public domain, through no act, fault or failure of the receiving party; (c) is
15 lawfully in the receiving party's possession at the time of disclosure; (d) is received at a later date
16 by the receiving party from a third party who has the right to make such a disclosure; or (e) is
17 independently developed by the receiving party.

18        5.       Any party may declare that any paper, document, record, pleading,
19 response to discovery, deposition testimony or other material or thing contains information
20 belonging to it or a third party which contains information, as Highly-Confidential Information or
21 Confidential Information.  No designation of material as Highly-Confidential Information or
22 Confidential Information shall be made unless the designating party or non-party believes in good
23 faith that the designated material is Highly-Confidential Information or Confidential Information
24 and entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil procedure.  Non-
25 parties who have been subpoenaed to testify or produce documents may likewise declare that any
26 deposition testimony or document or thing produced contains information which is Highly-
27 Confidential Information or Confidential Information, and such non-parties shall have the same
28 rights and obligations with respect to such information as the parties hereto.

6. All Highly-Confidential Information or Confidential Information produced or revealed by the parties or non-parties in the course of this litigation shall be used solely for the purpose of this litigation and for no other purpose, and shall not be disclosed to any person except in accordance with the terms of this Protective Order.

7. Access to Highly Confidential Information or Confidential Information shall be limited to "Qualified Persons." Qualified persons shall include those individuals identified in Paragraphs 7 and 8 and the Court, the jury and alternate jurors empanelled by the Court in this action, employees of the Court, individuals identified by the Court, court reporters who transcribe depositions in this case, and videographers who videotape depositions in this case.

8. The Qualified Persons of each party who may have access to the Highly-Confidential Information of the other party or non-parties, including compilations, extracts, or summaries of such Highly-Confidential Information, are limited to:

  a. The attorneys of record in this case which shall mean the attorneys Richard Peterson, Heidi Timken, Ki Yun Hwang and Daniel Richardson;

  b. Persons employed in secretarial, clerical or paralegal capacities in the offices of litigation counsel;

  c. "Qualified Experts" retained to assist in this litigation (subject to Paragraph 10 below);

  d. Assistants, secretarial or clerical employees of Qualified Experts who are assisting Qualified Experts in this action;

  e. Mock jurors and jury consultants, not employed or associated with any of the parties and employed solely for the purpose of trial preparation;

  f. Authors, creators and previous recipients of the Highly-Confidential Information, but only to the extent such authors, creators and previous recipients have independent recollection of said Highly-Confidential Information; and

       g.     Translators of foreign language documents or foreign language testimony who are not employed by one of the parties, but only for purposed of translating Confidential Information or related testimony.  Notwithstanding the exceptions set forth above, under no circumstances shall Highly-Confidential Information of WordTech be provided to any employee, officer or director of INSC or to Nasser Khatemi or to Hamid Assadian, and under no circumstances shall Highly-Confidential Information of the INSC defendants be provided to any employee, officer or director of WordTech, except as otherwise provided.

9. The Qualified Persons of each party who may have access to the Confidential Information of the other party or non-parties, including compilations, extracts, or summaries of such Confidential Information, are limited to:

       a.     The attorneys of record in this case which shall mean in Richard Peterson, Heidi Timken, Ki Yun Hwang and Daniel Richardson;

       b.     Persons employed in secretarial, clerical or paralegal capacities in the offices litigation counsel;

       c.     "Qualified Experts" retained to assist in this litigation (subject to Paragraph 10 below);

       d.     Assistant, secretarial or clerical employees of Qualified Experts who are assisting Qualified Experts in this action;

       e.     Mock jurors and jury consultants, not employed or associated with any of the parties and employed solely for the purpose of trial preparation;

       f.     Authors, creators and previous recipients of the Confidential Information, but only to the extent such authors, creators and previous recipients have independent recollection of said Highly-Confidential Information;

      g. Translators of foreign language documents or foreign language testimony who are not employed by one of the parties, but only for purposes of translating Confidential Information or related testimony; and

      h. Notwithstanding the exceptions set forth above, under no circumstances shall Confidential Information of Wordtech be provided to any employee, officer or director of INSC or to Nasser Khatemi or Hamid Assadian, and under no circumstances shall Confidential Information of the INSC defendants be provided to any employee, officer or director of WordTech, except as otherwise provided.

  10. An outside (i.e., non-employee) expert witness or consultant of a party may become a Qualified Expert if:

      a. The expert witness or consultant is first designated by written notice to the other parties, which written notice shall include a copy of the expert witness or consultant's current curriculum vitae and/or resume and a brief description of the expert witness or consultant's business occupation(s) and affiliation(s) for the ten (10) year period preceding the date of the notice, said written notice is to be served on opposing litigation counsel of record at least seven (7) business days before the Confidential Information is shown to the expert witness or consultant;

      b. The expert witness or consultant is given a copy of this Protective Order, and the provisions of this Protective Order are explained to the person by an attorney of record;

      c. Said expert witness or consultant executes the "Qualified Expert's Agreement" in the form attached hereto as Exhibit A and a copy

                thereof is provided to the non-designating parties, and retains the original of each Qualified Expert's Agreement; and

        d.      The non-designating parties do not object pursuant to Paragraph 10 below.

11.    A non-designating party may object to disclosure of Highly-Confidential or Confidential Information to a person designated pursuant to Paragraph 10.  The procedure for making and resolving any such objection shall be as follows:

        a.      Any objections must be made within five (5) business days of receiving all of the information required by Paragraph 8, above.

        b.      Any objection made pursuant to this paragraph must be in writing and state the reasons for such objection;

        c.      After a written objection is made, no disclosure of Confidential Information shall be made to the designated person until the matter is resolved by the Court or upon agreement of the parties;

        d.      The parties shall meet and confer in a good faith effort to resolve the objection.  Said meet and confer shall occur within three (3) business days after the date the designating party receives written notice of the objection to its designation, unless the parties stipulate in writing to extend the meet and confer period;

        e.      If the meet and confer (Paragraph 11(d)) does not resolve the pending objections to the designation, then the party objecting to the designation must move the Court for a protective order within five (5) business days of the conclusion of the meet and confer period set forth in paragraph 11 (d), unless the parties stipulate in writing to extend the time within which such a motion might be filed.  A failure to timely file such a motion shall operate as a waiver of the objection made under this paragraph.  Until the parties or the Court resolves any such objection, the designated

person shall be prohibited from having access to the Confidential Information of the objecting party.

12. This Protective Order shall not preclude any party from using an employee as an expert witness or consultant even if such employee is not a "Qualified Expert," but use of any such employee as an expert witness or consultant does not entitle such employee to have access to another party's or non-party's Highly-Confidential or Confidential information.

13. Counsel shall be responsible for their employees' compliance with this Protective Order, and shall use their best efforts to ensure the compliance with this Protective Order by their outside vendors identified in Paragraphs 8 and 9 of this Protective Order.

14. Qualified Experts shall be responsible for their employees' compliance with this Protective Order.

15. Documents, things, and deposition transcripts, and copies, extracts, or summaries thereof, and all things listed in Paragraph 3 containing Confidential Information shall be clearly marked as "Confidential," or "Confidential Information," or with a similar legend that has the same meaning and effect as the designation "Confidential Information." Documents, things, and deposition transcripts, and copies, extracts, or summaries thereof, and all things listed in Paragraph 2 containing Highly-Confidential Information shall be clearly marked as "Highly-Confidential," "Confidential Litigation Counsel Eyes Only," or "Attorneys Eyes Only" or with a similar legend that has the same meaning and effect as the designation "Highly-Confidential Information."

16. During any deposition, a party may designate testimony as Highly-Confidential Information or Confidential Information by stating on the record at the deposition that the testimony is Highly-Confidential Information or Confidential Information and is subject to the provisions of this Protective Order.

17. A party whose Highly-Confidential Information or Confidential Information will be discussed during a deposition has the right to exclude from the deposition room any persons who are not Qualified Persons, Qualified Experts, or Litigation Counsel, but

1  only during such time as Highly-Confidential Information or Confidential Information is being
2  discussed.

3        18.    Notwithstanding the other provisions of this Protective Order, Highly-
4  Confidential Information or Confidential Information may be used in the course of any deposition
5  of current employees of the party designating such Highly-Confidential Information or
6  Confidential Information.

7        19.    A party may also designate information disclosed at a deposition taken in
8  this case as Highly-Confidential Information or Confidential Information by notifying the other
9  parties, in writing, within twenty-one (21) days of receipt of the transcript, of the specific pages
10 and lines of the transcript which should be treated as Highly-Confidential Information or
11 Confidential Information.  Each party shall attach a copy of such written notice or notices to the
12 face of each and every copy of the transcript, and any extracts or summaries thereof, in its
13 possession, custody or control.  All deposition transcripts shall be treated as Highly-Confidential
14 Information or Confidential Information for a period of twenty-one (21) days after receipt of the
15 transcript in order to allow the confidentiality thereof to be assessed, unless a shorter term is
16 agreed to in writing by the disclosing party.  Once the twenty-one (21) day period from receipt of
17 the transcript has elapsed, any information not designated according to Paragraph 15 or 16 or this
18 Paragraph may be treated as public information.

19       20.    Depositions or portions thereof which contain Highly-Confidential
20 Information or Confidential Information shall be marked according to Paragraph 15 and shall be
21 treated accordingly.

22       21.    Documents that are to be filed under seal must be accompanied by an order
23 sealing them.  If the order is also to be filed under seal, it shall so state.

24       22.    Nothing shall be filed under seal with the Court, and the Court shall not be
25 required to take any action, without separate prior order by the magistrate judge, after application
26 by the affected party with appropriate notice to opposing counsel.  In the event that Highly-
27 Confidential Information or Confidential Information is included with, or the contents thereof are
28 disclosed in, any pleading, motion, deposition, transcript or other paper a party files with the

1  Clerk of this Court, the party may make an advance or simultaneous application to the magistrate
2  judge to have such paper filed under seal.  The application shall state that the party has conferred
3  with counsel of all other parties and indicate whether each other party objects to, consents to or
4  joins the application.

5  　　　　23.　　To the extent the Highly-Confidential Information or Confidential
6  Information in the pleading, motion, deposition, transcript, or other paper was produced subject to
7  this Protective Order by a disclosing party other than the party filing such paper, and the party
8  desires to file the paper under seal solely to comply with its obligations under this Protective
9  Order and has determined that the disclosing party desires the filing of such paper under seal, the
10 application shall state that the information was produced subject to this Protective Order, and that
11 the party is filing the application to maintain the information in confidence pursuant to this
12 Protective Order.  The party filing the paper containing the Highly-Confidential Information or
13 Confidential Information and the application shall promptly serve the application on the
14 disclosing party.  The disclosing party shall have five (5) calendar days to file with the Court a
15 supplemental application to maintain the paper containing its Highly Confidential Information or
16 Confidential Information under seal.

17 　　　　24.　　Pending the magistrate judge's ruling on the application to file a paper
18 under seal, the paper containing the Highly-Confidential Information or Confidential Information
19 shall be lodged with the Court in a sealed envelope or container marked with the caption of the
20 case, a general description of the contents of the envelope or container and a legend substantially
21 in the following form:

22 　　　　　　"CONTAINS HIGHLY-CONFIDENTIAL INFORMATION OR
23 　　　　　　CONFIDENTIAL INFORMATION SUBJECT TO A COURT ORDER –
24 　　　　　　TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT"

25 　　　　25.　　Upon an order of the magistrate judge permitting the paper to be filed
26 under seal, the document shall be filed and kept under seal by the Clerk of the Court until further
27 order of this Court.  If the application to seal is denied, the lodge information will be returned to
28 the party submitting the applications to seal.

26.     Should the application to seal be denied, the party filing the paper containing the Highly-Confidential Information or Confidential Information may file a public version of the paper with the Highly-Confidential Information or Confidential Information redacted, and the complete unredacted documents as well as the redacted documents shall be furnished to the attorneys for the parties.

27.     Subject to applicable local rules, Litigation Counsel for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved.

28.     The designation by a party of an item as containing Highly-Confidential Information or Confidential Information may be challenged at any time by either of the other parties.  The challenging party shall identify each item challenged by written statement to the designating party and shall state the basis or bases for asserting the confidentiality designation is improper.  The designating party shall respond in writing within ten (10) business days of its receipt of such challenge, unless the parties stipulate in writing to extend this period.  If a dispute regarding a confidentiality designation cannot be resolved by the parties within ten (10) business days after the challenging party's receipt of the designating party's response to its challenge, the challenging party must file a motion with the Court to challenge the confidentiality designation, unless the parties stipulate in writing to extend the period for filing such a motion.  The designating party shall bear the burden of proving the confidentiality classification is proper.

29.     All documents produced by a party or a non-party prior to the entry of this Protective Order and bearing the designation "CONFIDENTIAL," or an equivalent statement, shall be treated as Confidential Information pursuant to this Protective Order.  All documents produced by a party or non-party prior to the entry of this Protective Order and bearing the designation "Highly-Confidential," "CONFIDENTIAL INFORMATION – LITIGATION COUNSEL EYES ONLY," or "ATTORNEYS' EYES ONLY," or equivalent statement shall be treated as Highly-Confidential Information pursuant to this Protective Order.

30. All deposition transcripts received prior to the entry of this Protective Order shall be deemed designated as Highly-Confidential Information for either: (i) ten (10) days after entry of the Protective Order; or (ii) thirty (30) days after receipt of the transcript, whichever period is longer. Thereafter, the deposition transcript shall become public information unless the designating party notifies the other parties, in writing, of the specific pages and lines of the transcript which should be treated as Highly-Confidential Information or Confidential Information. Each party shall, thereafter, attach a copy of such written notice or notices to the face of each and every copy of the transcript, and any extracts or summaries thereof, in its possession, custody or control.

31. All documents, materials, items, things, transcripts, or information designated under this Protective Order shall be kept in such a manner as to ensure that access thereto is limited to the persons properly having access thereto under the terms of this Protective Order.

32. Any item, document, or information inadvertently furnished by a party or a non-party person during the course of this litigation without a designation of confidentiality may nevertheless subsequently be designated as Highly-Confidential Information or Confidential Information under the terms of this Protective Order but only if counsel for the non-designating parties: (a) receives written notice from the designating party or non-party of the inadvertent failure to designate and the request to thereafter treat such item, document, or information as Highly-Confidential Information or Confidential Information; and (b) have a reasonable opportunity to advise others to whom such item, documents, or information already has been disclosed that such item, document, or information should be treated as Highly-Confidential Information or Confidential Information.

33. If information subject to a claim of attorney-client privilege, attorney work product, or any other legal privilege protecting information from discovery is inadvertently produced to a party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other grounds for withholding production to which the producing party or other producing person would otherwise

1  be entitled.  If claim of inadvertent production is made pursuant to this paragraph with respect to
2  information then in the custody of another party or parties, such party or parties promptly shall
3  return to the claiming party or person that material and all copies or reproductions thereof as to
4  which the claim of inadvertent production has been made, shall destroy all notes or other work
5  product reflecting the contents of such material, and shall delete such material from any litigation
6  support or other database.  The party returning such material may then move the Court for an
7  order compelling production of the material, but such motion shall not rely upon in any manner or
8  assert as a ground for entering such an order the fact or circumstances of the inadvertent
9  production.

10              34.     If, during the course of any Court hearing or trial, a party refers to or seeks
11  to introduce a document, material, item, thing, transcript, or information which has been
12  designated as Highly-Confidential Information or Confidential Information, the party shall inform
13  the Court and shall request attendance at such hearing or trial during the time such document,
14  material, item, thing, transcript, or information is being discussed or utilized be limited to those
15  persons entitled to have access to the designated material under the terms of this Protective Order.

16              35.     Nothing in this Protective Order shall limit any party or any other person in
17  the use of its, his or her own documents, things and/or information for any purpose or from
18  disclosing its, his or her own Highly-Confidential Information or Confidential Information to any
19  other person.

20              36.     Unless the parties otherwise stipulate, evidence of the existence or
21  nonexistence of a designation under this Protective Order, is not be admissible for any purpose.

22              37.     The terms of this Protective Order shall survive the termination of this
23  litigation.

24              38.     Within thirty (30) days of termination of this litigation in its entirety,
25  including appeals (if any), all copies of Highly-Confidential Information or Confidential
26  Information, and abstracts, summaries, excerpts or compilations thereof, including litigation
27  databases or portions of databases containing either the full text of Highly-Confidential
28  Information or Confidential Information or abstracts, summaries, excerpts or compilations

1  thereof, shall, at the election of the designating party or third person, either be:  (i) destroyed with
2  certification of such destruction provided to counsel for the designating party; or (ii) returned to
3  counsel for the party or non-party which produced such Highly-Confidential Information or
4  Confidential Information, except that Litigation Counsel may keep (a) one copy of a complete set
5  of pleadings, depositions transcripts, deposition exhibits, and trial exhibits entered into evidence
6  and (b) copies of work product.  Original documents and deposition transcripts shall not be
7  destroyed for a period of two (2) years from the final conclusion of this action unless otherwise
8  agreed to by the parties or ordered by the Court.  The Court shall retain jurisdiction over this
9  Protective Order, adjudicating claims of breach, and administering damages and other remedies.

10          39.     Nothing in this Protective Order shall bar Litigation Counsel with access to
11  Highly-Confidential Information or Confidential Information from rendering advice to his, her or
12  their client with respect to this litigation and, in the course thereof, relying upon any Highly-
13  Confidential Information or Confidential Information, provided counsel does not disclose Highly-
14  Confidential Information or Confidential Information in a manner not specifically authorized
15  under this Protective Order.

16          40.     This Protective Order shall be without prejudice to the right of any party to
17  oppose production of any information for any reason permitted under the Federal Rules of Civil
18  Procedure.

19          41.     In the event a producing party or a third party elects to produce documents
20  or order material for inspection, no markings need be made by the producing party or third party
21  in advance of the inspection.  All such documents or other material may be temporarily
22  designated as Highly-Confidential and shall be treated by the receiving party as if they contained
23  Highly-Confidential Information.  After selection by the receiving party of specified documents
24  or material for copying, the producing party shall within five (5) business days make its
25  designation under this Protective Order, if any, and the party making copies shall ensure that any
26  copies include any designation made by the producing party.

27          42.     This Protective Order may be amended by the agreement of counsel for the
28  parties in the form of a stipulation, subject to order of the Court.  Any party for good cause may

-14-
PROTECTIVE ORDER

apply to the Court for a modification of this Protective Order.  This Protective Order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by order of this Court.

      43.  Nothing in this Protective Order shall be construed as modifying this court's order dated October 25, 2006.  Nor shall any provision of this Protective Order be construed as extending the November 7, 2006, discovery deadline.

**<u>IT IS SO ORDERED.</u>**

Dated:  October 26,  2006

                                  Edmund F. Brennan
                                  U.S. Magistrate

APPROVED AS TO FORM:

Dated:  October ___, 2006         TIMKEN JOHNSON HWANG LLP

                                  By: /signature on original
                                     Ki Yun Hwang
                                     Attorneys for Plaintiff
                                  WORDTECH SYSTEMS, INC.

Dated:  October ___, 2006         RICHARDSON INTELLECTUAL PROPERTY LAW

                                  By: /signature on original
                                   Daniel Richardson
                                   Attorney for Defendants
                                  INTEGRATED NETWORK SYSTEMS, INC.,
                                  NASSER KHATEMI AND HAMID ASSADIAN