UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| WORDTECH SYSTEMS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTEGRATED NETWORK SOLUTIONS, Inc., a Nevada Corporation, DBA INTEGRATED NETWORK SOLUTIONS CORP., NASSER KHATEMI, individually, HAMID ASSADIAN, individually, EHTERAM GHODSIAN, individually, SHOHREH JAVADI, individually, MICHAEL F. ELLSWORTH, individually, BRIAN J. DEAN, individually, SAN JUAN UNIFIED SCHOOL DISTRICT, and DOES 1 - 50,<br><br>Defendants. | 2:04-cv-1971-MCE-EFB<br><br><br><br>MEMORANDUM AND ORDER |

Through the present action, Plaintiff Wordtech Systems Inc. ("Wordtech") has alleged Defendants Integrated Network Solutions, Inc., *et al.* ("Defendants") have infringed certain of its patents.

///

1

Presently before the Court is Defendants' Motion for Leave to Amend their Answer.  Defendants seek this leave in order to add an affirmative defense which they have, to date, failed to assert.  Plaintiff argues that Federal Rule of Civil Procedure 15 governs whether the Court should grant their Motion while Defendants contend that Federal Rule of Civil Procedure 16 controls.  For the reasons set forth below, this Court holds that Rule 16 controls and that Defendants' Motion is DENIED.

**BACKGROUND**

On January 28, 2005, Plaintiff filed its First Amended Complaint alleging that Defendants infringed on certain of its patents.  In the Complaint, Plaintiff alleged that each of its patents were duly and legally issued, valid and enforceable.  On February 17, 2005, Defendants submitted their Answer and expressly elected not to challenge the underlying validity of the Plaintiff's patents.  On June 17, 2005, this Court filed its first Pretrial Scheduling Order ("PTSO").  The Court amended that PTSO once on July 15, 2005, again on September 13, 2006.  The September Order provided as follows: 1) no joinder of parties or amendments to pleadings would be permitted without a showing of good cause; 2) all discovery, with the exception of expert discovery, was to be completed by November 7, 2006 and; 3) the Pretrial Order would not be modified without a showing of good cause.  On February 13, 2007, Defendants filed the present Motion in order to add an affirmative defense challenging the validity of Plaintiff's patents.

2

**STANDARD**

The Court is normally required to enter a pretrial scheduling order within 120 days of the filing of the complaint. Fed. R. Civ. P. 16(b). The scheduling order "controls the subsequent course of the action" unless modified by the Court. Fed. R. Civ. P. 16(e). Orders entered before the final pretrial conference may be modified upon a showing of "good cause," but orders "following a final pretrial conference shall be modified only to prevent manifest injustice." Fed. R. Civ. P. 16(e).

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Committee Notes (1983 Amendment); *Id.* Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. *Id.* Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end. *Id.*

///
///
///
///
///

**ANALYSIS**

**1.  Good Cause**

The Ninth Circuit has addressed Rule 16(b)'s "good cause" standard and held that this standard primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (9th Cir. 1992) (citing Forstmann, 114 F.R.D. 83, 85 (1987); 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence)). In *Johnson*, the Ninth Circuit did not permit the plaintiff to amend the Pretrial Scheduling Order to include an additional defendant because the plaintiff had not met the pretrial deadline for adding such a party.  *See Johnson*, 975 F.2d 604. Furthermore, the *Johnson* court found that the plaintiff could not meet the "good cause" standard of Rule 16 because it was aware of the identity of the proper defendant prior to the deadline but nonetheless failed to timely add that party.  *Id.*

Defendants are requesting to add an affirmative defense to their Answer five months after this Court issued its third amended PTSO.  Accordingly, Defendants must show good cause for failing to timely raise this defense.

Defendants first claim they did not believe they were required to raise the affirmative defense that the underlying patents were invalid.

4

They base their position on the fact that this particular defense had been raised in the Answer filed by Co-Defendant San Juan Unified School District. Defendants explain that they should not have been required to amend their Answer as this specific defense was already set forth in co-defendant San Juan Unified School District's Answer. Defendants further contend that their failure to amend has not prejudiced Plaintiff because this defense was clearly known to them by way of San Juan's Answer. Finally, Defendants aver that their lack of financial resources to investigate this possible defense should constitute "good cause." The Court is not persuaded by Defendants' arguments.

First, the existence in a Co-defendant's brief of an affirmative defense does not absolve these Defendants of the obligation to raise all defenses which they intend to advance. The omission of a defense based on its existence in another Answer plainly does not satisfy the requisite diligence to satisfy the "good cause" standard of Rule 16.

With respect to Defendants' contention that they lacked the resources to investigate the invalidity defense, that position is rebutted by Defendants' own conduct. Specifically, Defendants had retained an expert and received a report regarding this particular defense as early as November 10, 2004. Despite their retention of an expert, which belies their argument that they lacked sufficient resources to uncover the defense, Defendants chose not to include the defense of invalidity in their Answer. The record shows that Defendants failed to seek leave to plead this defense until the present Motion was made, twenty-six months after Defendants were on notice of this potential defense.

The Court finds that Defendants have not shown they were diligent in pursuing this affirmative defense.  Given that lack of diligence, the Court finds that "good cause," as that standard has been defined by the Ninth Circuit, is not satisfied. Therefore, Defendants' Motion for Leave to Amend their Answer is DENIED.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion for Leave to Amend their Answer is DENIED.

IT IS SO ORDERED.

Dated: March 21, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE