UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| WORDTECH SYSTEMS, INC., A California Corporation<br><br>          Plaintiff,<br><br>     v.<br><br>INTEGRATED NETWORK SOLUTIONS, CORP., dba INTEGRATED SYSTEMS, aka INTERNET NETWORK STORAGE COMPANY, aka INSC; NASSER KHATEMI; HAMID ASSADIAN; BRIAN J. DEAN; MICHAEL F. ELLSWORTH; EHTERAM GHODSIAN; INTEGRATED NETWORK SOLUTIONS, INC., a Nevada Corporation; SHOHREH JAVADI; SAN JUAN UNIFIED SCHOOL DISTRICT; and DOES 1-50,<br><br>          Defendants. | No. 2:04-CV-1971-MCE-EFB<br><br><br><br>MEMORANDUM AND ORDER |

Through the present action, Plaintiff Wordtech Systems, Inc. ("Wordtech") has alleged that Defendants Integrated Network Solutions, Inc., Nasser Khatemi and Hamid Assadian ("Defendants") infringed several of its patents ("Patents-in-Suit").

1

Presently before the Court is Wordtech's Motion for Partial Summary Judgment. Wordtech argues that invalidity of the Patents-in-Suit has never been raised as a triable issue of fact by Defendants. Wordtech further contends that even to the extent the issue may have been raised, Defendants failed to establish the existence of a genuine issue of material fact on validity as required by Fed. R. Civ. P. 56(c). For the reasons set forth below, Plaintiff's Motion is GRANTED.[1]

## BACKGROUND

On September 22, 2004, Plaintiff, a California corporation and the owner of the Patents-in-Suit at issue in this matter, filed an infringement action against the Defendants. Plaintiff filed a First Amended Complaint ("FAC") on January 28, 2005, alleging, among other things, infringement of the Patents-in-Suit. In their prayer for relief, Plaintiff sought a declaration that the Patents-in-Suit were valid. Defendants answered the FAC three weeks later.

In their Answer, Defendants declared Plaintiff's allegations regarding the issuance and ownership of the Patents-in-Suit to be "correct." Defendants raised several affirmative defenses, but did not include patent invalidity.[2]

On February 13, 2007, Defendants moved to amend their Answer

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

[2] This affirmative defense was raised by a Co-Defendant who has since been dismissed from the proceedings.

2

to include the affirmative defense of patent invalidiy.  This Court denied Defendant's Motion, holding that Defendants failed to show diligence in pursuing the affirmative defense of invalidity and could not satisfy the good cause standard required to grant such a Motion.

On March 16, 2007, Wordtech filed the present Motion for Partial Summary Adjudication.  Defendants did not oppose Plaintiff's Motion, as reflected by Plaintiff's Reply in Support of Motion for Partial Summary Judgment filed on April 11, 2007. In light of Defendant's lack of opposition, Plaintiff now seeks a declaration of validity of the Patents-in-Suit.

**STANDARD**

Summary judgment is appropriate for patent cases.  *Avia Group Int'l, Inc., v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1560 (Fed. Cir. 1988).  The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Rule 56 also allows a court to grant summary adjudication on part of a claim or defense.  *See* Fed. R. Civ. P. 56(a) ("A party seeking to recover upon a claim ... may ... move ... for a

3

1 summary judgment in the party's favor upon all or any part
2 thereof."); *see also Allstate Ins. Co. v. Madan*, 889 F. Supp.
3 374, 378-79 (C.D. Cal. 1995); *France Stone Co., Inc. v. Charter*
4 *Township of Monroe*, 790 F. Supp. 707, 710 (E.D. Mich. 1992).

5     The standard that applies to a motion for summary
6 adjudication is the same as that which applies to a motion for
7 summary judgment. See Fed. R. Civ. P. 56(a), 56(c); *Mora v.*
8 *ChemTronics*, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

14 *Celotex Corp. v. Catrett*, 477 U.S. at 323(quoting Rule 56(c)).

15     If the moving party meets its initial responsibility, the
16 burden then shifts to the opposing party to establish that a
17 genuine issue as to any material fact actually does exist.
18 *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,
19 585-87 (1986); *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S.
20 253, 288-89 (1968).

21     In attempting to establish the existence of this factual
22 dispute, the opposing party must tender evidence of specific
23 facts in the form of affidavits, and/or admissible discovery
24 material, in support of its contention that the dispute exists.
25 Fed. R. Civ. P. 56(e).

26     The opposing party must demonstrate that the fact in
27 contention is material, i.e., a fact that might affect the
28 outcome of the suit under the governing law, and that the dispute

is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 251-52 (1986); *Owens v. Local No. 169, Assoc. of Western Pulp and Paper Workers*, 971 F.2d 347, 355 (9th Cir. 1987). Stated another way, "before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." *Anderson*, 477 U.S. at 251 (quoting *Improvement Co. v. Munson*, 14 Wall. 442, 448, 20 L.Ed. 867 (1872)). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more that simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586-87.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985).

///

///

**ANALYSIS**

As an initial matter, the Court must begin its analysis with the presumption that these Patents-in-Suit are valid. 35 U.S.C. § 282. This presumption of patent validity is based upon the assumed expertise of the Patent Office. *Speed Shore Corp. v. Denda*, 605 F.2d 469, 471 (9th Cir. 1979). In an infringement action, the burden is upon the challenger to produce evidence that raises the issue of invalidity. *Avia Group Int'l, Inc.*, 853 F.2d at 1562. The challenger must establish facts by clear and convincing evidence that forcefully manifest invalidity. *Id.*

In the present case, Wordtech does not labor under the burden of proving the validity of its Patents-in-Suit. Wordtech is entitled to the presumption of validity until such evidence is proffered by the Defendants suggesting otherwise. Defendants did not contest validity in their Answer. Defendants admitted that Wordtech's Patents-in-Suit are properly issued and presently owned by Plaintiff. Additionally, Defendants did not raise the affirmative defense of invalidity. Invalidity is an affirmative defense in any infringement action, to be raised in the pleadings. 35 U.S.C. § 282.

By failing to deny Wordtech's allegations of validity, as well as failing to raise the affirmative defense of invalidity, Defendants did not successfully raise the issue in the pleadings. Despite the extremely limited record, Wordtech is entitled to the presumption of validity.

Wordtech identifies the lack of denials or affirmative defenses made by Defendants in regard to invalidity as grounds

for partial summary judgment.  Having alleged a lack of genuine issue of material fact, the burden shifts to Defendants to demonstrate invalidity.  As noted above, Defendants elected not to oppose Wordtech's Motion for Partial Summary Judgment.  Given Defendants' failure to deny Wordtech's allegations or raise the affirmative defense of invalidity, together with their failure to oppose the present Motion, the Court finds Defendants have failed to meet their burden.  Accordingly, for purposes of this litigation, Wordtech's Motion for Partial Summary Judgment on the Validity of the Patents-in-Suit is appropriate.

**CONCLUSION**

For the reasons set forth above, Wordtech's Motion for Partial Summary Judgment of Validity is GRANTED.

IT IS SO ORDERED.

Dated: June 21, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE