UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| WORDTECH SYSTEMS, INC., A California Corporation | |
| Plaintiff, | 2:04-CV-1971-MCE-EFB |
| v. | <u>MEMORANDUM AND ORDER</u> |
| INTEGRATED NETWORK SOLUTIONS, CORP., dba INTEGRATED SYSTEMS, aka INTERNET NETWORK STORAGE COMPANY, aka INSC; NASSER KHATEMI; HAMID ASSADIAN; BRIAN J. DEAN; MICHAEL F. ELLSWORTH; EHTERAM GHODSIAN; INTEGRATED NETWORK SOLUTIONS, INC., a Nevada Corporation; SHOHREH JAVADI; SAN JUAN UNIFIED SCHOOL DISTRICT; and DOES 1-50, | |
| Defendants. | |

Through the present action, Plaintiff Wordtech Systems, Inc. ("Wordtech") has alleged that, among others, Defendants Nasser Khatemi and Hamid Assadian ("Defendants") infringed several of its patents ("Patents-in-Suit").

1

Presently before the Court are Defendants Khatemi and Assadian's Motions for Summary Judgment or in the Alternative for Summary Judgment of Defenses. Defendants argue that Plaintiff has insufficient evidence to prove its case at trial against them as individuals. Plaintiff contends that Defendants' Motions are unsupported by admissible evidence, that Defendants have not demonstrated a lack of genuine issue of material fact and that Defendants are not protected by the corporate shield from personal liability. For the reasons set forth below, Defendants' Motions are DENIED.[1]

**BACKGROUND**

On September 22, 2004, Plaintiff, a California corporation and the owner of the Patents-in-Suit at issue in this matter, filed an infringement action against the Defendants as individuals, as well as against the corporate entity of Defendant's employer, Integrated Network Solutions Corp. ("INSC").

Plaintiff alleges that Defendants were executives of INSC. Plaintiff claims that "Assadian held himself out as being in charge and an owner of INSC," and that "Khatemi...and Assadian are the only two people working at INSC." Hwang Decl., ¶3, 7, 8, 15, Ex. G.

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

2

Defendants offer a different picture of their employment at INSC, stating in their interrogatories and declarations that they are not now, nor have ever been officers of INSC.  Defendants further declare that they have never acted outside the scope of their employment with INSC.  Defendants affirmatively state that they "have never offered for sale, manufactured, resold, used, assembled or sold any of INSC's products."  Decl. of Assadian 2; Decl. of Khatemi 2.

Defendants filed the present Motions seeking a declaration that Plaintiff's Complaint is unsupported against them as individuals.

**STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Rule 56 also allows a court to grant summary adjudication on part of a claim or defense.  *See* Fed. R. Civ. P. 56(a) ("A party seeking to recover upon a claim ... may ... move ... for a summary judgment in the party's favor upon all or any part thereof.");

1 *see also Allstate Ins. Co. v. Madan*, 889 F. Supp. 374, 378-79
2 (C.D. Cal. 1995); *France Stone Co., Inc. v. Charter Township of*
3 *Monroe*, 790 F. Supp. 707, 710 (E.D. Mich. 1992).
4     The standard that applies to a motion for summary
5 adjudication is the same as that which applies to a motion for
6 summary judgment. *See* Fed. R. Civ. P. 56(a), 56(c); *Mora v.*
7 *ChemTronics*, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).

8     Under summary judgment practice, the moving party
always bears the initial responsibility of informing
9     the district court of the basis for its motion, and
identifying those portions of 'the pleadings,
10     depositions, answers to interrogatories, and admissions
on file together with the affidavits, if any,' which it
11     believes demonstrate the absence of a genuine issue of
material fact.
12
13 *Celotex Corp. v. Catrett*, 477 U.S. at 323(quoting Rule 56(c)).
14     If the moving party meets its initial responsibility, the
15 burden then shifts to the opposing party to establish that a
16 genuine issue as to any material fact actually does exist.
17 *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,
18 585-87 (1986); *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S.
19 253, 288-89 (1968).
20     In attempting to establish the existence of this factual
21 dispute, the opposing party must tender evidence of specific
22 facts in the form of affidavits, and/or admissible discovery
23 material, in support of its contention that the dispute exists.
24 Fed. R. Civ. P. 56(e).  The opposing party must demonstrate that
25 the fact in contention is material, i.e., a fact that might
26 affect the outcome of the suit under the governing law, and that
27 the dispute is genuine, i.e., the evidence is such that a
28 reasonable jury could return a verdict for the nonmoving party.

1  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 251-52
2  (1986); *Owens v. Local No. 169, Assoc. of Western Pulp and Paper*
3  *Workers*, 971 F.2d 347, 355 (9th Cir. 1987).  Stated another way,
4  "before the evidence is left to the jury, there is a preliminary
5  question for the judge, not whether there is literally no
6  evidence, but whether there is any upon which a jury could
7  properly proceed to find a verdict for the party producing it,
8  upon whom the onus of proof is imposed."  *Anderson*, 477 U.S. at
9  251 (quoting *Improvement Co. v. Munson*, 14 Wall. 442, 448, 20
10 L.Ed. 867 (1872)).  As the Supreme Court explained, "[w]hen the
11 moving party has carried its burden under Rule 56(c), its
12 opponent must do more that simply show that there is some
13 metaphysical doubt as to the material facts .... Where the record
14 taken as a whole could not lead a rational trier of fact to find
15 for the nonmoving party, there is no 'genuine issue for trial.'"
16 *Matsushita*, 475 U.S. at 586-87.
17     In resolving a summary judgment motion, the evidence of the
18 opposing party is to be believed, and all reasonable inferences
19 that may be drawn from the facts placed before the court must be
20 drawn in favor of the opposing party.  *Anderson*, 477 U.S. at 255.
21 Nevertheless, inferences are not drawn out of the air, and it is
22 the opposing party's obligation to produce a factual predicate
23 from which the inference may be drawn.  *Richards v. Nielsen*
24 *Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985),
25 *aff'd*, 810 F.2d 898 (9th Cir. 1987).
26 ///
27 ///
28 ///

**ANALYSIS**

As stated above, to prevail on the present Motions, Defendants must show there is a lack of genuine issue as to any material fact. Here, Defendants attempt to demonstrate a lack of dispute regarding the scope of their official capacities with INSC by directing the Court to Defendants' own statements and interrogatory responses. While that evidence certainly bears on the validity of Plaintiff's assertions for purposes of resolving the ultimate issues in this matter, it is clearly not sufficient to defeat summary judgment.

In fact, Plaintiff's evidence suggests both Assadian and Khatemi acted in official capacities at INSC. Specifically, Plaintiff alleges it negotiated directly with Defendants regarding a license for INSC's allegedly infringing devices. Plaintiff also references depositions in which Defendants state they are the only two employees at INSC's Irvine office, and that "important decisions" are delegated to "mostly Mr. Khatemi and [Mr. Assadian]." Hwang Decl. Ex. F.

Plaintiff's evidence, if true, provides grounds for suit against Defendants as individuals. Officers of an infringing corporation can be held liable for corporate torts in which the officer participates. *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823 (9th Cir. 1996). In addition, corporate officers are liable for the tort of patent infringement under 35 U.S.C. § 271 where the officer has an "active directing hand in full charge of its operations". *Int'l Mfg. Co. v. Landon, Inc.*, 336 F.2d 723, 728 (9th Cir. 1964).

6

Resolution of Defendants' employment status at INSC presents an issue of fact inappropriate for summary judgment. Therefore, Defendants' Motions for Summary Judgment or in the Alternative for Summary Adjudication of Defenses are DENIED.

**CONCLUSION**

For the reasons stated above, Defendants' Motions for Summary Judgment or in the Alternative for Summary Adjudication of Defenses are DENIED.

Dated: June 22, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

7