IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WORDTECH SYSTEMS, INC.,

      Plaintiff,                                    No. CIV S-04-1971 MCE EFB

    vs.

INTEGRATED NETWORK
SOLUTIONS, CORP., dba
INTEGRATED SYSTEMS, et al.,

      Defendants.
_____/

        On April 4, 2008, plaintiff filed a motion for entry of default judgment against defendant Ehteram Ghodsian, and noticed the matter for hearing before the undersigned on May 7, 2008.[1] For the reasons stated below, that hearing is vacated and the motion is denied without prejudice.

        On April 18, 2008, plaintiff filed an application for an order shortening time, and a motion to strike the answers of the remaining defendants and have default judgment entered against them as a sanction for discovery abuses. *See* Memorandum of Points and Authorities in Support of Motion for Entry of Default Judgment (Docket Entry no. 203), 4:2-7. Based on that application to shorten time, it is unclear whether plaintiff sought to have both the April 4, 2008,

---

[1] Default was entered against Ghodsian on June 3, 2005. *See* Docket Entry no. 44.

1

and April 18, 2008, motions heard on an expedited basis, or just the April 18, motion. In any event, as discussed below, both motions must be denied so the issue of when or whether a hearing should be set is moot.

Pursuant to Local Rule 6-144(e):

> Applications to shorten time shall set forth by affidavit of counsel the circumstances claimed to justify the issuance of an order shortening time. Ex parte applications to shorten time will not be granted except upon affidavit of counsel showing a satisfactory explanation for the need for the issuance of such an order and for the failure of counsel to obtain a stipulation for the issuance of such an order from other counsel or parties in the action.

Although plaintiff submitted an affidavit indicating that it was unable to obtain a stipulation from opposing counsel for issuance of such order, the affidavit does not sufficiently explain why an order shortening time is necessary, at least with respect to the pending motion for default judgment against Ghodsian. With respect to the remaining defendants, the court acknowledges that trial is currently scheduled to begin on May 12, 2008. For this reason alone, the court considers plaintiff's application for an order shortening time.

The gist of plaintiff's motion against the remaining defendants is that their answers should be stricken and default judgment entered against them because of alleged discovery abuses involving false representations and certifications about the corporate status and relationships of the parties. Specifically, plaintiff asserts that it "has recently received certified copies of corporate documents from the Secretary of State of the State of Nevada suggesting altered lists of officers were created by defendants to bolster their defense that none of them were officers of Defendant INSC and, accordingly are not personally liable for the infringement of the patents." *See* Decl. of Christian J. Martinez in Support of Application For Order Shortening Time (Docket Entry no. 200), ¶ 4. Plaintiff also argues that default should be entered against INSC because it is merely Ghodsian's alter ego.

Despite these troubling allegations, both pending motions must be denied as untimely because the deadline for filing discovery and dispositive motions has passed. Pursuant to the

1  pretrial scheduling order, discovery closed on November 7, 2006, and all dispositive motions
2  were to be heard "no later than April 23, 2007." Third Amended Pretrial (Status) Scheduling
3  Order (Docket Entry no. 107), 2:8-16; 4:18-25 (emphasis in original). That order further
4  provides that the order "shall not be modified except by leave of court upon a showing of good
5  cause." *Id.*, 11:4-5.

6  In its reply, plaintiff does not dispute that both its April 4 and 18, 2008, motions are
7  dispositive, but argues that "defendants' chicanery" was revealed after the third amended pretrial
8  scheduling order issued, and that it would be unjust to adhere to the terms of the scheduling
9  order under these circumstances. Even if plaintiff's allegations established good cause, this
10 court is without authority to modify the district judge's scheduling order. Any applications to
11 modify the that order must be made before the district judge. Accordingly, both of plaintiff's
12 motions for entry of default judgment are denied as untimely. That denial is without prejudice to
13 renewal should the district judge find good cause to modify the scheduling order to allow the
14 motions to be heard.

15 In accordance with the foregoing, IT IS ORDERED that:

16 1. Plaintiff's April 4, 2008, motion for default judgment, and its April 18, 2008, motion
17 for discovery sanctions and default judgment are denied without prejudice to renewal upon the
18 district judge's modification, if any, of the pretrial scheduling order; and,

19 2. The May 7, 2008, hearing on the motion for default judgment as to Ghodsian is
20 vacated.

21 DATED: April 29, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3