UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORDTECH SYSTEMS, INC., a California corporation,<br><br>             Plaintiff,<br><br>      v.<br><br>INTEGRATED NETWORK SOLUTIONS, INC., a Nevada corporation, dba INTEGRATED NETWORK SOLUTIONS, CORP. aka INTEGRATED NETWORK SOLUTIONS aka INTEGRATED SYSTEMS aka INTEGRATED NETWORK STORAGE COMPANY aka INSC; NASSER KHATEMI, an individual; HAMID ASSADIAN, an individual; EHTERAM GHODSIAN, an individual; SHOHREH JAVADI, an individual; MICHAEL F. ELLSWORTH, an individual; BRIAN J. DEAN, an individual; SAN JUAN UNIFIED SCHOOL DISTRICT; and DOES 1-50,<br><br>             Defendants. | NO. 2:04-cv-01971-MCE PAN<br><br><br><br>ORDER |

----oo0oo----

///

///

///

1

Plaintiff Wordtech Systems, Inc. ("Wordtech") has filed a Motion to Modify the Pretrial Scheduling Order. Plaintiff seeks leave to file dispositive motions, including a motion to strike the answers of certain defendants and to enter default against those defendants, over a year after the deadline set by the Pretrial Scheduling Order.

**STANDARD**

Generally, the Court is required to enter a pretrial scheduling order within 120 days of the filing of the complaint. Fed. R. Civ. P. 16(b). The scheduling order "controls the subsequent course of the action" unless modified by the Court. Fed. R. Civ. P. 16(e). Orders entered before the final pretrial conference may be modified upon a showing of "good cause," Fed. R. Civ. P. 16(b), but orders "following a final pretrial conference shall be modified only to prevent manifest injustice." Fed. R. Civ. P. 16(e); see also Johnson v. Mammoth Recreations, 975 F.2d 604, 608 (9th Cir. 1992).

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, 975 F.2d 604, 609 (9th Cir. 1992). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment); Id. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Id.

///

1 Although the existence or degree of prejudice to the party
2 opposing the modification might supply additional reasons to deny
3 a motion, the focus of the inquiry is upon the moving party's
4 reasons for seeking modification.  If that party was not
5 diligent, the inquiry should end.  Id.
6      "In evaluating a motion to amend the pretrial order, a
7 district court should consider four factors: (1) the degree of
8 prejudice or surprise to the [non-moving party] if the order is
9 modified; (2) the ability of the [non-moving party] to cure the
10 prejudice; (3) any impact of modification on the orderly and
11 efficient conduct of the trial; and (4) any willfulness or bad
12 faith by the party seeking modification." Galdamez v. Potter,
13 415 F.3d 1015, 1020 (9th Cir. 2005) (citing Byrd v. Guess, 137
14 F.3d 1126, 1132 (9th Cir. 1998)).
15
16                           **ANALYSIS**
17
18      The Ninth Circuit has addressed Rule 16(b)'s "good cause"
19 standard and held that this standard primarily considers the
20 diligence of the party seeking the amendment.  The district court
21 may modify the pretrial schedule "if it cannot reasonably be met
22 despite the diligence of the party seeking the extension."
23 Johnson, 975 F.2d at 609 (9th Cir. 1992) (citing Forstmann, 114
24 F.R.D. 83, 85 (1987); 6A Wright, Miller & Kane, Federal Practice
25 and Procedure § 1522.1 at 231 (2d ed. 1990) ("good cause" means
26 scheduling deadlines cannot be met despite party's diligence)).
27 ///
28 ///

In <u>Johnson</u>, the Ninth Circuit did not permit the plaintiff to amend the Pretrial Scheduling Order to include an additional defendant because the plaintiff had not met the pretrial deadline for adding such a party. 975 F.2d 604.  Furthermore, the <u>Johnson</u> court found that the plaintiff could not meet the "good cause" standard of Rule 16 because it was aware of the identity of the proper defendant prior to the deadline but nonetheless failed to timely add that party. <u>Id</u>.

This Court entered its Third Amended Pretrial Scheduling Order on September 12, 2006.  That Order provided that all dispositive motions were to be heard no later than April 23, 2007.  Plaintiff brought this motion for leave to file a motion to strike the answers of certain defendants and for leave to enter default judgment against those same defendants on May 23, 2008 - more than a year after the date set by the Pretrial Scheduling Order.  The crux of Plaintiff's argument is that Defendants provided corporate records of Integrated Networks Solutions, Inc., instead of Integrated Network Solutions, Corp., in order to distance the individual defendants from the corporate defendants and thereby avoid alter ego liability.  Although this is a serious accusation, Plaintiff simply waited far too long to bring this matter to the Court's attention.  The documents were produced in advance of both the discovery cut-off and the dispositive motion deadline.  The parties have known, from nearly the inception of this case, that there was some confusion as to the exact name of the corporate defendant.  Indeed, Plaintiff's original complaint named both of the above corporations in the caption.

1  Aware of this confusion, Plaintiff was in a position to realize
2  this discrepancy prior to the deadlines in the Pretrial
3  Scheduling Order and failed to do so.
4        Further, the records that Plaintiff argues indicate that the
5  individual defendants were concealing their corporate status date
6  to 1994 and 1995, more than 10 years prior to any misconduct
7  alleged in Plaintiff's Complaint.  Accordingly, the documents are
8  largely irrelevant to the issues Plaintiff is arguing.  To the
9  extent they evidence that a witness was lying, that matter is
10 better dealt with on cross-examination, not on a motion for
11 ultimate sanctions.
12       The Court has reviewed the remainder of Plaintiff's
13 arguments and finds they do not meet the good cause requirement
14 under Rule 16(b).  These arguments could have been resolved via
15 further discovery or may be dealt with at the time of trial, but
16 do not warrant allowing Plaintiff to file dispositive motions to
17 strike Defendants' Answers nor to seek entry of default
18 judgments.  Allowing the filing of such motions would severely
19 prejudice Defendants who have litigated this case for over four
20 years now.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

Because this Court finds that good cause does not exist to allow Plaintiff to file dispositive motions more than a year after the deadline set by the Pretrial Scheduling Order, Plaintiff's Motion to Modify the Pretrial Scheduling Order is DENIED.

IT IS SO ORDERED.

Dated: September 2, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE