Daniel R. Richardson, Esq., SBN 165601
Richardson Intellectual Property Law, Prof. Corp.
870 Market Street, Suite 615
San Francisco, CA 94102
(415) 291-8900
Fax: (415) 291-8391
email: danr@richardsonlaw.com

Attorney for Defendants
HAMID ASSADIAN
NASSER KHATEMI
INTEGRATED NETWORK SOLUTIONS CORP.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| WORDTECH SYSTEMS, INC., a California Corporation,<br><br>      Plaintiff,<br><br>  vs.<br><br>INTEGRATED NETWORK SOLUTIONS, Inc. a Nevada corporation Corp. DBA INTEGRATED NETWORK SOLUTIONS CORP. AKA INTEGRATED NETWORK SOLUTIONS AKA INTEGRATED SYSTEMS AKA INTERNET NETWORK STORAGE COMPANY, AKA INSC; NASSER KHATEMI, an individual, HAMID ASSADIAN, an Individual, EHTERAM GHODSIAN, an individual, SHOHREH JAVADI, an individual, MICHAEL F. ELLSWORTH, an individual; BRIAN J. DEAN, an individual; SAN JUAN UNIFIED SCHOOL DISTRICT; and DOES 1 – 50,<br><br>      Defendants<br>_____<br>AND RELATED CROSS-ACTION<br>_____ | Case No.: **CIV S 04-1971 MCE EFB**<br><br>**DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW PRE-VERDICT**<br>**(FRCP RULE 50(a))**<br><br>Trial Date: **November 3, 2008**<br>Time:     **09:00 AM**<br>Courtroom:  7, 14th Floor<br>Judge: Hon. Morrison C. England |

DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW PRE-VERDICT (FRCP RULE 50(a))

1

Defendants HAMID ASSADIAN, NASSER KHATEMI and INTEGRATED NETWORK SOLUTIONS CORPORATION ("INSC") move this honorable Court for a Judgment as a Matter of Law (JMOL) pursuant to FRCP Rule 50(a).

### THE AFFIRMATIVE DUTY OF DUE CARE AS ARGUED BY PLAINTIFF HAS BEEN SPECIFICALLY OVERRULED BY THE FEDERAL CIRCUIT IN *IN RE SEAGATE*

On August 20, 2007, the Federal Circuit rendered a decision in the case of *In Re Seagate Technology, LLC,* 830 (Fed. Cir. 8-20-2007).

Plaintiff's original trial brief argued that Defendants had a duty of due care to seek the opinion of an expert when they were noticed of the issuance of Plaintiff's patents (Plaintiff Trial Brief, P. 9, Section B). The leading case with regards the duty of due care imposed upon the defendant of a patent infringement lawsuit was *Underwater Devices, Inc. v. Morrison-Knudsen Co.* 717 F.2d 1380, 1389-1390 (Fed. Cir. 1983).

The Federal Circuit held, in *In Re Seagate Technology, LLC, id., at Par. 3 in Section "I. Willful Infringement", Page 11:*

> "In contrast, the duty of care announced in Underwater Devices sets a lower threshold for willful infringement that is more akin to negligence. This standard fails to comport with the general understanding of willfulness in the civil context, Richland Shoe Co., 486 U.S. at 133 ("The word `willful'. . . is generally understood to refer to conduct that is not merely negligent."), and it allows for punitive damages in a manner inconsistent with Supreme Court precedent, see, e.g., Safeco, slip op. at 6-7,18-19, 21  n. 20; Smith v Wade, 461 U.S. 30, 39-49 (1983). Accordingly, we overrule the standard set out in Underwater Devices and hold that proof of willful infringement permitting enhanced damages requires at least a showing of objective recklessness. Because we abandon the affirmative duty of due care, we also reemphasize that there is no affirmative obligation to obtain opinion of counsel."

Thus, under the newest holding of the Federal Circuit, Plaintiff must show "objective recklessness" on the part of Defendants herein in order to be awarded enhanced damages.

DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW PRE-VERDICT (FRCP RULE 50(a))

2

## THE ARGUMENT OF WILLFUL INFRINGEMENT BY PLAINTIFF HAS BEEN SPECIFICALLY OVERRULED BY THE FEDERAL CIRCUIT IN *IN RE SEAGATE*

Plaintiff argues that "Treble damages may be awarded where the infringement is found to be willful" (Plaintiff's trial brief P. 9, Line 26).  As shown, *supra,* the Federal Circuit has overruled the previous case law in this regard, and as per the holding in *In Re Seagate Technology, LLC, id., at Par. 3 in Section "I. Willful Infringement", Page 11,* Plaintiff must now show "objective recklessness" on the part of Defendants herein in order to be awarded enhanced damages.

As shown, *supra*, under authority of *In Re Seagate Technology, LLC*, 830 (Fed. Cir. 8-20-2007). The evidence admitted at trial demonstrated that once Defendants received notice of the subject patents, they did not behave with "objective recklessness".  Instead, Defendants acted prudently by investigating the claims of the subject patents to compare with the prior art.

## ABSENT A PRELIMINARY INJUNCTION, ENHANCED DAMAGES ARE NOT AVAILABLE FOR POST-FILING CONDUCT OF DEFENDANTS

Plaintiff's original trial brief argued that it is entitled to damages accruing from the date of its alleged notice to Defendants in December, 2000 and continuing to the present date (Plaintiff's trial brief P. 10, Line 10).  The Federal Circuit in *In Re Seagate Technology, LLC, id., at Page 16,* held:

> "It is certainly true that patent infringement is an ongoing offense that can continue after litigation has commenced. However, when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement. Fed.R.Civ.Pro. 8, 11(b). So a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct.  By contrast, when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement. See 35 U.S.C. § 283; Amazon.com, Inc. v. Barnesandnoble.com, Inc., 239 F.3d 1343, 1350 (Fed. Cir. 2001). A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct."

DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW PRE-VERDICT (FRCP RULE 50(a))

Here, Plaintiff never sought, nor was it awarded a preliminary injunction, and thus, under authority of *In Re Seagate Technology, LLC, id.,* Plaintiff may only seek enhanced damages for pre-filing conduct.

WHEREFORE Defendants pray the Court to deny Plaintiff's request for enhanced damages due to alleged willful infringement and in the alternative, that they are not entitled to any post filing damages.

### FOLLOWING NOTICE OF THE SUBJECT PATENTS DEFENDANTS RELIED ON THE DOCTRINE OF PATENT EXHAUSTION, AND IMPLIED LICENSE AND THUS, DID NOT INFRINGE THE SUBJECT PATENTS

In addition, Defendants relied on the rule of "patent exhaustion" established by the United States Supreme Court in *U.S. v. Univis Lens Co.,* 316 U.S. 241 (1942), and other cases. In particular, the *Univis, id.,* court held at P. 251 - 252:

> "...the particular form or method by which the monopoly is sought to be extended is immaterial. The first vending of any article manufactured under a patent puts the article beyond the reach of the monopoly which that patent confers. Whether the licensee sells the patented article in its completed form or sells it before completion for the purpose of enabling the buyer to finish and sell it, he has equally parted with the article, and made it the vehicle for transferring to the buyer ownership of the invention with respect to that article."

Thus, where Defendants purchased for resale a device licensed for sale by Plaintiff, the patent monopoly, if any, ended with the sale by the licensee and any subsequent modification or sale by Defendants was not subject to a charge of infringement nor can it be used for enhanced damages.

In addition, Plaintiffs witness, Tibi Szilagyi, stated that he had sold 30 – 40 units to INSC over the pertinent period, and Defendant Nasser Khatemi confirmed those same numbers in his testimony. Mr. Szilagyi confirmed that he had received a notice of the patents from Plaintiff at about the same time that Plaintiff allegedly mailed its letters in the year 2000 to Defendants. However, Mr. Szilagyi then testified that due to his prior relationship with Mr. Miller, and with the full knowledge of

Mr. miller, he was allowed to continue his sale of the CD autoloaders without any license fee or royalty payment to Wordtech.

Thus, under authority of *U.S. v. Univis Lens Co.,* 316 U.S. 241 (1942), and *Met-Coil Systems Corp. v. Korners Unlimited, Inc.,* 803 F. 2d 684, 686, 231 USPQ 474, 476 (Fed. Circuit 1986), and including *Universal Electronics Inc. v. Zenith Electronics Corp.,* 846 F.Supp. 641, 647-648, 30 USPQ 2d 1853, 1858 (N.D. IL 1994), the *Met-Coil Systems Corp.* Court, *id.* held that there are two conditions that must be met for an "implied license" to sell a device that practices the invention: 1) The CD autoloaders sold by Defendants did not have a non-infringing use; and 2) The circumstances of the sale "plainly indicate that the grant of a license should be inferred".

Here, the devices were specifically manufactured to practice the patent and Mr. Miller/Wordtech knew the devices were being sold into the stream of commerce and he made no effort either to collect a royalty or to bring suit for infringement against Mr. Szilagyi. Thus, Mr. Szilagyi had an implied license to sell his devices to Defendants. Under the principle of patent exhaustion, the patent rights of Wordtech ended with any such implied license sale by Mr. Szilagyi.

WHEREFORE Defendants pray the Court to rule that Tibi Szilagyi had an implied license for the manufacturing and sale of the CD autoloaders and that Defendant's therefore did not infringe Plaintiff's patents due to patent exhaustion.

## HAMID ASSADIAN SHOULD BE DISMISSED DUE TO A LACK OF EVIDENCE OF ANY INDIVIDUAL SALE OF DEVICES AND OF ANY CORPORATE OFFICER SOURCE OF LIABILITY

Plaintiff has asserted liability for patent infringement of individual defendant Hamid Assadian ("ASSADIAN") based on an unproved allegation that he held an officer position with the corporate defendant, INSC. The evidence admitted at trial demonstrated that all allegedly infringing sales were made by the corporation, INSC. In order to carry its burden of proof of patent infringement liability

DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW PRE-VERDICT (FRCP RULE 50(a))

with regards this individual Defendant, Plaintiff had to show either that 1) Defendant ASSADIAN personally engaged in the sale of allegedly infringing devices, or that 2) there is some officer liability for the sale of allegedly infringing devices by INSC.

As to the first alternative, Plaintiff did not introduce any evidence to demonstrate that ASSADIAN ever made a single sale of an infringing device either on behalf of INSC or as an individual. This fact was also stated explicitly by ASSADIAN in his testimony.

As to the second alternative, Plaintiff did not introduce any evidence to demonstrate that ASSADIAN held any officer position with INSC at any time.

Wherefore, Defendant ASSADIAN prays the Court to dismiss Defendant Hamid Assadian.

**NASSER KHATEMI SHOULD BE DISMISSED DUE TO
A LACK OF EVIDENCE OF ANY INDIVIDUAL SALE
OF DEVICES AND OF ANY CORPORATE OFFICER SOURCE OF LIABILITY**

Plaintiff has asserted liability for patent infringement of individual defendant Nasser Khatemi ("KHATEMI") based on an unproved allegation that he held an officer position with the corporate defendant, INSC. The evidence admitted at trial demonstrated that all allegedly infringing sales were made by the corporation, INSC. In order to carry its burden of proof of patent infringement liability with regards this individual Defendant, Plaintiff had to show either that 1) Defendant KHATEMI personally engaged in the sale of allegedly infringing devices, or that 2) there is some officer liability for the sale of allegedly infringing devices by INSC.

As to the first alternative, Plaintiff did not introduce any evidence to demonstrate that KHATEMI ever made a single sale of an infringing device as an individual. This fact was also stated explicitly by KHATEMI in his testimony. All sales made by KHATEMI were made as a salesman with INSC. He was specifically identified as the salesman for INSC on most of the invoices introduced by Plaintiff.

6

As to the second alternative, Plaintiff did not introduce any evidence to demonstrate that KHATEMI held any officer position with INSC post the alleged Plaintiff notice of the patents beginning in the year 2000. The only evidence admitted were undated website pages in which KHATEMI was listed as "President". However, KHATEMI testified at trial that he and others at INSC would sometimes adopt a title for marketing purposes, but that he never held such a position with any executive responsibility with INSC during the relevant period.

Wherefore, Defendant KHATEMI prays the Court to dismiss Defendant Nasser Khatemi.

Date:  November 11, 2008

Respectfully Submitted,
RICHARDSON INTELLECTUAL PROPERTY LAW, Prof. Corp.

/s/Daniel R. Richardson

Daniel R. Richardson, Esq.
Attorney for Defendants

DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW PRE-VERDICT (FRCP RULE 50(a))