UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WORDTECH SYSTEMS, INC., a California corporation

Plaintiff,

v.

INTEGRATED NETWORK SOLUTIONS, INC., a Nevada corporation, dba INTEGRATED NETWORK SOLUTIONS, CORP. aka INTEGRATED NETWORK SOLUTIONS aka INTEGRATED SYSTEMS aka INTEGRATED NETWORK STORAGE COMPANY aka INSC; NASSER KHATEMI, an individual; HAMID ASSADIAN, an individual; EHTERAM GHODSIAN, an individual; SHOHREH JAVADI, an individual; MICHAEL F. ELLSWORTH, an individual; BRIAN J. DEAN, an individual; SAN JUAN UNIFIED SCHOOL DISTRICT; and DOES 1-50,

Defendants.

No. 2:04-cv-01971-MCE-EFB

MEMORANDUM AND ORDER

----oo0oo----

///

///

Plaintiff filed the instant action on September 22, 2004, alleging that Defendants infringed on various of Plaintiff's patent rights. On November 17, 2008, a jury unanimously found for Plaintiff and determined that such infringement was willful. The jury awarded Plaintiff $250,000.

The Court directed the parties to submit simultaneous briefing on the issues of enhanced damages and attorneys' fees. Pursuant to the Court's Order, the parties filed their papers on December 4, 2008. Plaintiff requests enhanced damages pursuant to 35 U.S.C. § 284, a determination that this case is "exceptional" such that attorneys' fees are warranted under 35 U.S.C. § 285, pre-judgment and post-judgment interest, and costs. After considering the record in this case, along with the parties' current briefs, the Court hereby grants Plaintiff's requests.[1]

## ANALYSIS

### I. PLAINTIFF IS ENTITLED TO TREBLE DAMAGES

Pursuant to 35 U.S.C. § 284, "the [C]ourt may increase the damages up to three times the amount found or assessed." "An award of enhanced damages for infringement, as well as the extent of the enhancement, is committed to the discretion of the trial court."

///

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

Informatica Corp. v. Business Objects Data Integration, Inc., 489 F. Supp. 2d 1075, 1084 (N.D. Cal. 2007), quoting Read Corp. v. Portec, Inc., 970 F.2d 816, 826 (Fed. Cir. 1992), abrogated on other grounds by Markman v. Westview Instruments, Inc., 52 F.3d 967, 975 (Fed. Cir. 1995) (en banc).

"The purpose of so empowering district judges is to provide them with a tool they can use, in their discretion, to punish and to deter conduct that was more threatening to the patent system than naked acts of infringement. A judgment of infringement, without more, is imposed under a standard of strict liability. The purpose of empowering judges to enhance damages is to equip them to respond appropriately when the defendant's conduct moved beyond mere liability and into the zone of culpability." Sharper Image Corp. V. Honeywell Intern., Inc., 222 F.R.D. 621, 628 (N.D. Cal. 2004).

"If the Court decides to enhance damages, the Court looks to the totality of circumstances and considers the egregiousness of the defendant's conduct as well as factors that are mitigating or ameliorating to set the amount of enhancement." Informatica, 489 F. Supp. 2d at 1084. "Although willful infringement may authorize the award of enhanced damages, 'a finding of willful infringement does not mandate that damages be enhanced, much less mandate treble damages.'" Id., quoting Read Corp., 970 F.2d at 826. "Upon a jury finding of willfulness, however, the Court must provide reasons for not increasing a damages award." Id.

///

///

///

The following factors are relevant to the Court's evaluation:

> (1) whether the infringer deliberately copied the ideas or design of another;
> (2) whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed;
> (3) the infringer's behavior as a party to the litigation;
> (4) Defendant's size and financial condition;
> (5) Closeness of the case;
> (6) Duration of defendant's misconduct;
> (7) Remedial action by the defendant;
> (8) Defendant's motivation for harm;
> (9) Whether defendant attempted to conceal its misconduct.

Id., citing Read at 827. "Inasmuch as a finding of willful infringement does not mandate enhancement of damages, the above factors taken together assist the trial court in evaluating the degree of the infringer's culpability and in determining whether to exercise its discretion to award enhanced damages and how much the damages should be increased." Id., quoting Read at 828.

The jury's finding that Defendants willfully infringed Plaintiff's patents is sufficient to support enhanced damages. Moreover, after analysis of the above factors, the Court is satisfied that treble damages are warranted.

First, Defendants' products were shown to be essentially carbon copies of Plaintiff's designs, and Defendants were repeatedly notified that their products infringed on Plaintiff's patents. Despite such notice, Defendants made no effort to determine whether the patents were invalid or not infringed, and they continued to engage in their tortious conduct over the course of a number of years.

///

Additionally, the evidence presented at trial overwhelmingly favored a finding for Plaintiff, as is evidenced by the relatively short deliberations required for the jury to reach a unanimous verdict on all causes of action. Finally, Defendants were less than forthcoming regarding, *inter alia*, their knowledge of any infringement, their familiarity with their own corporate structure, and even their technical knowledge of their own products. Thus, based on the totality of the circumstances, the Court finds Defendants' level of culpability supports an increase in damages to the maximum amount permitted by law.

Consistent with their approach to litigation, in opposition to the current Motion, Defendants rely only on a convoluted argument based on dicta in In re Seagate, 497 F.3d 1360 (Fed. Cir. 2007), and their own conclusory assertions that, prior to the filing of this action, Defendants never received the legally requisite notice of their infringement as required by 35 U.S.C. § 287(a). The jury disagreed, found that Defendants willfully infringed on Plaintiff's patents, and awarded Plaintiff $250,000. Accordingly, based on its above analysis, the Court rejects Defendants' arguments and awards Plaintiff treble damages.

**II. PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES**

35 U.S.C. § 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." "First, the Court must determine that a case is 'exceptional.' Then it may exercise its discretion to award fees to the prevailing party." Informatica, 489 F. Supp. 2d at 1085.

"Among the types of conduct which can form a basis for finding a case exceptional are willful infringement, inequitable conduct before the [Patent and Trademark Office], misconduct during litigation, vexatious or unjustified litigation, and frivolous suit." Id. at 1086, quoting Beckman Instruments, Inc. v. LKB Produkter AB, 892 F.2d 1547, 1552 (Fed. Cir. 1989).

"Willful infringement, the award of enhanced damages, and the award of attorney fees in exceptional cases are all related but independent concepts. As with enhanced damages a finding of willful infringement is sufficient to declare a case exceptional but it does not mandate that conclusion. However, if a court is to declare a case not exceptional in such circumstances it must articulate its reasons for doing so." Id.

For the reasons discussed above, as well as the Court's evaluation of "the closeness of the case, the tactics of counsel, the conduct of the parties, and...other factors that...contribute to a fair allocation of the burdens of litigation as between winner and loser," this Court concludes that this case is exceptional within the meaning of 35 U.S.C. § 285. See S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc., 781 F.2d 198, 201 (Fed. Cir. 1986). Thus, Plaintiff is entitled to recover its attorneys' fees.

///

///

///

///

///

///

**III. PLAINTIFF IS ENTITLED TO INTEREST AND COSTS**

Finally, Plaintiff is entitled to interest and costs. First, Plaintiff is entitled to prejudgment interest from the time of first infringement until the date of judgment. 35 U.S.C. § 284; see also Informatica, 489 F. Supp. 2d at 1086-1087. Such interest is to be based only on the compensatory damages awarded and not on the above enhanced damages. Beatrice Foods Co. v. New England Printing and Lithographing Co., 923 F.2d 1576, 1580-1581 (Fed. Circ. 1991). Additionally, the Court awards Plaintiff both post-judgment interest and costs.

**CONCLUSION**

Plaintiff's Motion for Enhanced Damages and Determination of "Exceptional Case" is GRANTED. The jury verdict in favor of Plaintiff is hereby trebled from $250,000 to $750,000. Plaintiff is entitled to pre-judgment interest on the compensatory award of $250,000 and also to attorneys' fees, post-judgment interest, and costs, each for amounts not yet determined. Plaintiff is directed, within twenty (20) days of this Order, to submit further briefing as to the amount of attorneys' fees, costs, and both pre-judgment and post-judgment interest sought.

///

///

///

///

///

This matter will be scheduled for hearing on February 20, 2009, and the parties are ordered to file any Opposition or Reply pursuant to the schedule mandated by Local Rule 78-230. Plaintiff's initial filing and any Opposition shall be limited to ten (10) pages and any Reply shall be limited to five (5) pages.

IT IS SO ORDERED.

Dated: January 14, 2009

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE