UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| WORDTECH SYSTEMS, INC., a California corporation<br><br>    Plaintiff,<br><br>  v.<br><br>INTEGRATED NETWORK SOLUTIONS, INC., dba INTEGRATED NETWORK SOLUTIONS, CORP. aka INTEGRATED NETWORK SOLUTIONS aka INTEGRATED SYSTEMS aka INTEGRATED NETWORK STORAGE COMPANY aka INSC; et al.,<br><br>    Defendants. | No. 2:04-cv-01971-MCE-EFB<br><br><br><br>MEMORANDUM AND ORDER |

Wordtech Systems, Inc. ("Plaintiff"), filed the instant action on September 22, 2004, alleging that Defendants infringed on various of its patents. On November 17, 2008, a jury unanimously found for Plaintiff, determined the infringement was willful, and awarded Plaintiff $250,000. The Court subsequently awarded treble damages, attorneys' fees, interest and costs.

///

1

Presently before the Court are Defendants' Post-Verdict Motion for Judgment as a Matter of Law and Motion for New Trial, both filed March 26, 2009, as well as Defendants' First Amended Motions for New Trial and to Amend the Judgment, both filed April 20, 2009. For the following reasons, each of Defendants' Motions is denied.[1]

**ANALYSIS**

**1. Defendants' Post-Verdict Motion for Judgment as a Matter of Law**

The court entered Judgment in favor of Plaintiff on March 16, 2009, and Defendants filed a Motion for Post-Verdict Judgment as a Matter of Law ("JMOL") (Docket No. 270) on March 26, 2009. The Court then entered an Amended Judgment on April 13, 2009, and Defendants subsequently filed a First Amended Motion to Amend the Judgment (Docket No. 275) that appears intended to amend the original JMOL Motion to incorporate the Court's Amended Judgment. Accordingly, Defendants' initial Motion is hereby denied as moot.

///
///
///
///
///
///
///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

2

**2.  Defendants' Motion for New Trial**

As above, Defendants originally filed the instant Motion for New Trial (Docket No. 271) on March 26, 2009, and then, after the Court entered its Amended Judgment, filed a First Amended Motion for New Trial on April 20, 2009.  Accordingly, like the prior Motion, this Motion is also denied as moot.

**3.  Defendants' First Amended Motion to Amend the Judgment**

Defendants' First Amended Motion to Amend the Judgment (Docket No. 275) is actually a First Amended Motion for Post-Verdict JMOL.  Via this Motion, Defendants make multiple arguments, each of which is addressed in turn.

Rule 50(b), by its terms, allows a party, after trial, to "renew" a motion for judgment as a matter of law "made at the close of all the evidence."  A party cannot raise arguments in its post-trial Rule 50(b) motion that it did not raise beforehand in a Rule 50(a) motion offered during trial itself.  Freund v. Nycomed Amersham, 347 F.3d 752, 761 (9th Cir. 2003).

Like a pre-verdict motion for judgment as a matter of law under Rule 50(a), a post-verdict Rule 50(b) motion tests the sufficiency of the evidence offered in support of a party's claims.  Keenan v. Computer Assocs. Int'l, 13 F.3d 1266, 1268-69 (8th Cir. 1994).  Judgment as a matter of law is proper if "the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to that of the jury."

3

White v. Ford Motor Co., 312 F.3d 998, 1010 (9th Cir. 2002). A motion for judgment as a matter of law should be granted only if the facts and inferences point so strongly and overwhelmingly in favor of one party that a decision in that party's favor is mandated. See Seven-Up Co. v. Coca-Cola Co., 86 F.3d 1379, 1387 (5th Cir. 1996), quoting Boeing v. Shipman, 411 F.2d 365, 374 (5th Cir. 1969).

Defendants first argue that because there was no possible infringement of the '932 patent, the jury improperly returned a verdict in favor of Plaintiff as to that patent. According to Defendants, Plaintiff introduced no evidence that any sales relevant to the '932 patent occurred post-issuance. However, Defendants never raised this argument in a pre-verdict Motion, and, as such, have not preserved their instant contention for discussion here. See Freund, 347 F.3d at 761. Accordingly, Defendants' first argument is rejected.

For the same reason, several of Defendants' subsequent arguments also fail, including the following: 1) due to the lack of actual notice prior to the filing of the Complaint, Plaintiff is only entitled to post-filing infringement damages, if any; 2) Plaintiff's non-operational CD autoloader trial exhibit was a non-infringing device, but due to lack of expert testimony and lack of claims construction, a confused jury rendered a verdict contrary to the evidence; and 3) Plaintiff's evidence demonstrated that a reasonable royalty was approximately five percent, and thus, the jury verdict was excessive and punitive. See id. Thus, Defendants' Motion is denied as to each of the above claims.

4

Defendants' remaining arguments fare no better on the merits. First, Defendants challenge the jury determination that Defendants' actions were "willful." Defendants' argument is premised on the theory that the Federal Circuit specifically abandoned an affirmative duty of care, thus precluding a willfulness finding in the instant case. In re Seagate, 497 F.3d 1360, 1371 (Fed. Cir. 2007). Defendants essentially contend that Plaintiff was required to show "objective recklessness" rather than "willfulness" in order to be eligible to obtain enhanced damages and attorneys' fees. However, the jury was instructed regarding the appropriate standard, and Defendants' argument is rejected. See Jury Instructions, No. 21 (Nov. 18, 2008).

Next, Defendants contend that, after they received notice of the subject patents, they relied on the doctrines of patent exhaustion and implied license and, as such, did not infringe the relevant patents. Defendants specifically argue that they were protected under the aforementioned legal doctrines, because they obtained the infringing devices from Tibi Szilagyi, who they claim had a license or an implied license. See Intel Corp. v. ULSI System Technology, Inc., 995 F.2d 1566, 1568 (Fed. Cir. 1993); Met-Coil Systems Corp. v. Korners Unlimited, Inc., 803 F.2d 684, 686 (Fed. Cir. 1986). However, Defendants produced no evidence tending to show that Mr. Szilagyi had any such license. Rather, by way of Mr. Szilagyi's trial transcript, Defendants argue only that Plaintiff permitted Mr. Szilagyi to infringe the patent, thus creating an implied license. Nevertheless, that same transcript also provided evidence from which the Court reasonably inferred that no such license existed.

5

Accordingly, Defendants' reliance on patent exhaustion and implied license is misplaced, and their instant Motion is denied.

Defendants then argue that both Defendants Hamid Assadian and Nasser Khatemi must be dismissed because there was a lack of evidence of any individual sale of devices, of any corporate officer liability and because there was no proven contributory patent infringement. However, because Defendants failed to raise any contributory infringement theory in a pre-verdict Motion, their current argument, to the extent based on a contributory infringement theory, is rejected. Additionally, Plaintiff's evidence and Defendants' own trial testimony supported the jury's verdict against Defendants Assadian and Khatemi.

First, Plaintiff produced evidence tending to prove that INSC was not operating as a corporation during the time of infringement. Additionally, Mr. Assadian testified that he was an engineer, but he also indicated that he filled other roles within INSC, though he was less than clear regarding any titles he may have held. Likewise, Mr. Khatemi claimed he was listed as president of INSC on various documents only to facilitate a merger with another firm. He also rather unconvincingly claimed that the papers produced at trial said "Zhatemi" rather than "Khatemi," so, consequently, they did not tend to prove Defendant Khatemi was actually an officer. Finally, Defendant Khatemi went on to testify that he was unclear if he had been an officer of INSC at any other time. Thus, because Plaintiff produced substantial evidence of each individual Defendants' affiliation with INSC, and because Defendants' own testimony was both vague and less than credible, Defendants' instant argument is rejected.

6

1   Finally, Defendants dispute the Court's post-verdict
2 decision to award Plaintiff treble damages and attorneys' fees.
3 The Court is cognizant that Plaintiff objects to Defendants'
4 instant arguments because Defendants failed to raise these
5 challenges in a pre-verdict motion.  However, since it would have
6 been impossible to raise challenges to post-verdict decisions in
7 a pre-verdict motion, the Court will view Defendants' instant
8 argument as a Motion for Reconsideration rather than a JMOL
9 Motion, and will address the arguments despite the fact that they
10 were not raised prior to the jury rendering its verdict.
11   A court should be loathe to revisit its own decisions unless
12 extraordinary circumstances show that its prior decision was
13 clearly erroneous or would work a manifest injustice.
14 Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816,
15 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988).  This principle is
16 generally embodied in the law of the case doctrine.  That
17 doctrine counsels against reopening questions once resolved in
18 ongoing litigation.  Pyramid Lake Paiute Tribe of Indians v.
19 Hodel, 882 F.2d 364, 369 (9th Cir. 1989).  Nonetheless, in
20 certain limited circumstances, a court has discretion to
21 reconsider its prior decisions.
22   A timely filed motion for reconsideration under a local rule
23 is construed as a motion to alter or amend a judgment under Rule
24 59(e).  Schroeder v. McDonald, 55 F.3d 454, 459 (9th Cir. 1995).
25 A motion for reconsideration is treated as a Rule 59(e) motion if
26 filed within ten days of the judgment being entered, but as a
27 Rule 60(b) motion if filed more than ten days after judgment.
28 ///

7

1  See Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp., 248
2  F.3d 892, 898-99 (9th Cir. 2001).  Since the instant Motion is
3  seeking reconsideration of a final judgement and was timely
4  filed, the Court will treat it as a Rule 59(e) motion.
5       Absent "highly unusual circumstances," reconsideration
6  pursuant to Rule 59(e) is appropriate only where 1) the court is
7  presented with newly discovered evidence; 2) the court committed
8  clear error or the initial decision was manifestly unjust; or
9  3) there is an intervening change in controlling law.  School
10 Dist. No. 1J, Multnomah County v. Acands, Inc., 5 F.3d 1255, 1263
11 (9th Cir. 1993) (citations and quotations omitted).  Mere
12 dissatisfaction with the court's order, or belief that the court
13 is wrong in its decision, are not grounds for relief under
14 Rule 59(e).
15      In its January 15, 2009, Memorandum and Order, the Court
16 explained both the factual basis and its own rationale for its
17 award of fees and costs to Plaintiff.  Defendants have submitted
18 no newly discovered evidence, have failed to convince the Court
19 that it committed clear error or rendered a decision that was
20 manifestly unjust, and have not alleged that there has been an
21 intervening change in controlling law.  Accordingly, Defendants'
22 challenge to the award of enhanced damages and fees is hereby
23 denied.
24      Accordingly, for the reasons just stated, Defendants' First
25 Amended Motion to Amend the Judgment is denied.
26 ///
27 ///
28 ///

      **4.    Defendants' First Amended Motion for New Trial**

Defendants' also raise numerous challenges, some of which have already been addressed, in a separate Motion for New Trial. Plaintiff challenges this Motion as untimely because the originally filed Motion (Docket No. 271) contained no legal argument whatsoever that could have been amended pursuant to the instant First Amended Motion (Docket No. 276).  However, assuming, *arguendo*, that the instant Motion was timely filed, Defendants' instant arguments fail on the merits.

The grant or denial of a motion for new trial is left to the discretion of the trial court.  Murphy v. City of Long Beach, 914 F.2d 183, 186 (9th Cir. 1990).  Rule 59 provides for a new trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." In ruling on a motion for new trial, a court is bound by historically recognized grounds.  Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007) (citing Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1035 (9th Cir. 2003)).  The Ninth Circuit has recognized grounds for granting a new trial where "the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice."  Id.  (quoting Passantino v. Johnson & Johnson Consumer Prods., 212 F.3d 493, 510 n. 15 (9th Cir. 2000)).

///
///
///
///

Through the instant Motion, Defendants argue that: 1) the jury verdict was against the clear weight of the evidence for infringement of the '932 patent; 2) the jury rendered a verdict against the clear weight of the evidence by ruling that Hamid Assadian and Nasser Khatemi infringed Plaintiff's patents; 3) the jury rendered a verdict against the clear weight of the evidence and the law by ruling that Defendants had received statutory notice of possible infringement of plaintiff's patents; 4) Plaintiff's non-operational CD Autoloader trial exhibit was a non-infringing device, but due to lack of expert testimony and lack of claims construction, a confused jury rendered a verdict against the clear weight of the evidence; 5) the Court overruled Defendants' request for a jury instruction on "implied license" which was supported by the evidence and the law; and 6) the jury awarded damages for patent infringement against the clear weight of the evidence.  Several of Defendants' arguments fail because Defendants neglected to object at trial.  The remaining contentions are rejected because the weight of the evidence supports both the jury's verdict and this Court's decisions.

First, Defendants argue that they never engaged in any acts of infringement after the '932 patent was issued, so they cannot be liable for damages pertaining to that patent.  However, the evidence sufficiently supported the jury's decision to the contrary.  Indeed, Plaintiff produced circumstantial evidence from which the jury could have inferred that infringing devices were sold after the '932 patent was issued.  Furthermore, David Miller testified that even during trial advertising for the infringing products continued to appear on Defendants' website.

10

1 This evidence is fatal to Defendants' assertion that, as a matter
2 of law, the jury improperly determined the '932 patent was
3 infringed.
4    Defendants then argue, once again, that Defendants Assadian
5 and Khatemi should be dismissed.  The Court previously discussed
6 and rejected this argument, and its analysis has not changed from
7 the prior section.  Accordingly, Defendants' Motion as to
8 Defendants Assadian and Khatemi is denied.
9    Next, Defendants claim that the Court erred in rejecting
10 their jury instruction as to "implied license."  However, the
11 existence of an implied license is a matter of law, and the
12 evidence in this case supported the Court's decision that no such
13 license existed here.  Carborundum Co. v. Molten Metal Equipment
14 Innovations, Inc., 72 F.3d 872, 877 (Fed. Cir. 1995).  As such,
15 Defendants were not entitled to a jury instruction on that
16 theory, and their Motion is denied.
17    Defendants' next argument is similarly unavailing.
18 According to Defendants, the jury's determination regarding
19 notice was against the clear weight of the evidence.  Defendants
20 are incorrect.  There is a plethora of evidence in the record
21 supporting the jury's conclusion as to notice.  Accordingly,
22 Defendants are not entitled to the requested relief.
23    Defendants then argue, for the first time, that Plaintiff's
24 non-operational CD Autoloader trial exhibit was a non-infringing
25 device, but due to lack of expert testimony and lack of claims
26 construction, a confused jury rendered a verdict against the clear
27 weight of the evidence.  However, having never objected at trial,
28 Defendants' now-delinquent claim fails here. See Fed. R. Evid. 103.

1    Finally, Defendants argue that the damages award rendered by
2 the jury was against the clear weight of the evidence.  However,
3 this Court finds it to be supported by the evidence at trial, and
4 cannot say that the award is "grossly excessive or monstrous."
5 <u>Snyder v. Freight, Const., General Drivers, Warehousemen and
6 Helpers, Local No. 287</u>, 175 F.3d 680, 689 (9th Cir. 1999),
7 quoting <u>Los Angeles Memorial Coliseum Comm'n v. National Football
8 League</u>, 791 F.2d 1356, 1360 (9th Cir. 1986).  Accordingly,
9 Defendants are not entitled to relief.
10   In sum, the verdict in this case was not contrary to the
11 evidence, and Defendants' disagreement does not render it so.
12 Defendants' Amended Motion for New Trial is denied.

**CONCLUSION**

Defendants' Post-Verdict Motion for Judgment as a Matter of Law (Docket No. 270), Motion for New Trial (Docket No. 271), First Amended Motion to Amend the Judgment (Docket No. 275), and First Amended Motion for New Trial (Docket No. 276) are each DENIED.

    IT IS SO ORDERED.

Dated: May 22, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

12