CHRISTIAN J. MARTINEZ (State Bar No. 215360)
2500 Dean Lesher Drive, Suite A
Concord, CA 94520
Telephone: (925) 689-1200
Facsimile: (925) 689-1263
cmartinez@copypro.com

RICHARD ESTY PETERSON (State Bar No. 41013)
1905-D Palmetto Avenue
Pacifica, CA 94044
Telephone: (650) 557-5708
Facsimile: (650) 557-5716
Sfreptile@mac.com

Attorneys for Plaintiff,
WORDTECH SYSTEMS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| WORDTECH SYSTEMS, INC., a California Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>INTEGRATED NETWORK SOLUTIONS, INC., a Nevada corporation, dba INTEGRATED NETWORK SOLUTIONS, CORP. aka INTEGRATED NETWORK SOLUTIONS aka INTEGRATED SYSTEMS aka INTERNETNETWORK STORAGE COMPANY aka INSC; NASSER KHATEMI, an individual; HAMID ASSADIAN, an individual; EHTERAM GHODSIAN, an individual; SHOREH JAVADI, an individual; MICHAEL F. ELLSWORTH, an individual; BRIAN J. DEAN, an individual; SAN JUAN UNIFIED SCHOOL DISTRICT; and DOES 1-50,<br><br>    Defendants. | Case No.: 2:04-cv-01971-MCE-EFB<br><br>**MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES TO JUDGMENT INTERROGATORIES AND PRODUCTION DEMANDS AND REQUEST FOR SANCTIONS**<br><br>**Magistrate Judge:** Hon. Edmund F. Brennan<br>**Courtrm:** 25<br>**Date:** September 2, 2009<br>**Time:** 10:00 a.m. |

**WORDTECH SYSTEMS INC.** (side margin)

MPAs I SO Plaintiff's Motion To Compel Responses To Judgment Interrogatories And Production Demands And Request For Sanctions

Wordtech v. INSC et al. (Case No.: 2:04-cv-01971-MCE-EFB) - Page 1

Pursuant to Fed. R. Civ. P. 37(a) and Civil L.R. 37-251(e), Plaintiff submits the following points and authorities in support of its motion to compel INSC's responses to Plaintiff's Judgment Interrogatories and Production Demands, Sets One.

## I.   INTRODUCTION

This motion follows numerous attempts by Plaintiff to meet and confer with Defendants' several counsel due to INSC's latest failure to meet their discovery obligations, which is "consistent with their approach to litigation." (Order, Doc. # 249, 5:11).  In 2004, a Complaint was filed by Wordtech Systems, Inc. ("WORDTECH") in the United States District Court for the Eastern District of California (Case No. 2:04-CV-01971-MCE-EFB) for Patent Infringement ("PATENT ACTION") against numerous defendants, including Integrated Network Solutions, Corp. ("INSC").  On November 17, 2008 a Jury found that INSC willfully infringed Wordtech Systems, Inc.'s patents and awarded Plaintiff $250,000 in royalties.  On January 15, 2009 the District Court ordered the verdict trebled, and awarded Plaintiff attorneys' fees because of INSC's willful infringement, litigation misconduct, and dishonesty with the Court (Doc. #249), and judgment was entered on April 13, 2009 against INSC for a total over $1.3 million (Doc. #274).

On May 11, 2009, WORDTECH propounded on INSC Judgment Interrogatories and Request for Production of Documents, Sets One by mailing the same to Daniel R. Richardson, INSC's attorney of record and trial attorney up until June 26, 2009, long after the due date for response. (Martinez Decl., Par. 3, **Exh. 1**).  INSC has failed to provide any response to this discovery. (Martinez Decl. Par. 4).  In the Court's Order granting Plaintiff's Motion for Enhanced Damages and Determination that this is an "Exceptional Case," based on Defendants litigation misconduct, the Court recognized that Defendants have been "less than forthcoming" during this litigation. (Order, Doc #249, 5:5).  This is only their latest attempt to evade the legal process.[1]  Once again, Defendants' failure to respond to Plaintiff's judgment discovery requires Plaintiff to file this motion to compel, resulting in additional fees and costs for which Plaintiff should be compensated and Defendant sanctioned.

---

[1] No less than five motions to compel were filed by Plaintiff, four of which were never adjudicated on the merits.

MPAs I SO Plaintiff's Motion To Compel Responses To Judgment Interrogatories And Production Demands And Request For Sanctions

Wordtech v. INSC et al. (Case No.: 2:04-cv-01971-MCE-EFB) - Page 2

## II. ARGUMENT

In proceedings in aid of the judgment or execution, the judgment creditor may obtain discovery from any judgment debtor in accordance with state law unless the federal law provides otherwise. Fed. R. Civ. Pro. 69(a). California Code of Civil Procedure ("C.C.P.") provides that a judgment creditor may propound written interrogatories and inspection demands to the judgment debtor requesting information to aid in enforcement of the money judgment.[2] C.C.P. §§ 708.020; 708.030. When a responding party fails to answer, post judgement discovery may be enforced in the same manner as discovery in a civil action. C.C.P. §§ 708.020; 708.030.

Upon notice, a party may move for an order compelling disclosure or discovery after a good faith attempt to confer with a party failing to make disclosure or discovery. Fed. R. Civ. Pro. 37(a)(1); L.R. 37-251. Furthermore, the Court, upon motion, may order sanctions if a party, after being properly served with interrogatories or requests for inspection, fails to serve its answers, objections, or written responses.[3] Fed. R. Civ. Pro. 37(d). In addition, FRCP 37(d)(3) provides that, "[i]nstead of or in addition to these sanctions, the Court must require the party failing to act, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or circumstances make an award of expenses unjust." *Id.*

**A. The Discovery Was Properly Served On Defendants.**

Discovery was mailed to Mr. Richardson on May 11, 2009, who was the attorney of record for INSC. (Martinez Decl., Par. 3, **Exh. 1**). Mr. Richardson responded on May 19, 2009 that he was no longer representing INSC. (Martinez Decl., Par. 5, **Exh. 2**). Thereafter, on May 22, 2009, counsel met and conferred by phone, during which Mr. Richardson acknowledged that the service was likely proper, and would forward the discovery to INSC. (Martinez Decl., Pars. 6-7, **Exh. 3**).

C.C.P. § 285, states that when an attorney is changed, written notice of the change and of the substitution of a new attorney, or of the appearance of the party in person, must be given to the adverse

---

[2] Unless the parties stipulate otherwise, a responding party to interrogatories must serve its answer and any objections within 30 days of being served with the interrogatories. Fed. R. Civ. Pro. 33(b). Objections that are not raised in a timely manner are waived unless the court, for good cause, excuses the failure. *Id.*

[3] Failure to act is not excused on the ground that the discovery sought was objectionable unless the party failing to act has a pending motion for a protective order under Rule 26(c). Fed. R. Civ. Pro. 37(a)(1).

MPAs I SO Plaintiff's Motion To Compel Responses To Judgment Interrogatories And Production Demands And Request For Sanctions

Wordtech v. INSC et al. (Case No.: 2:04-cv-01971-MCE-EFB) - Page 3

party. Until then he must recognize the former attorney. Mr. Richardson was the attorney of record on May 11, 2009, the time discovery was served on him on behalf of his client, INSC, and therefore service of discovery was proper. See, In *Grant v. White,* 6 Cal. 55 (1856)(plaintiff's service of notice on the attorney of record was proper though the attorney of record informed plaintiff's attorney that defendant had employed other attorneys and that he was no longer in the case). The facts in *Grant* are identical to those of Mr. Richardson except that Mr. Richardson forwarded the discovery to his client and the attorney of record in *Grant* did not. In *Grant*, the California Supreme Court upheld the order denying the motion for new trial despite any claim of defective service. The law is clear, service on the attorney of record is valid service. *See also McMillan v. Shadow Ridge At Oak Park Homeowner's Ass'n*, 165 Cal.App.4th 960, 965 (2008)(Litigants are not required to investigate the relationship between opposing attorneys of record and their clients).

**B.      Plaintiff Made a Good Faith Attempt To Obtain A Response From INSC Before Filing This Motion To Compel.**

Pursuant to FRCP 37(a)(1) and L.R. 37-251, Plaintiff has attempted to meet and confer with Defendants to obtain any response to the judgment discovery.

Upon INSC's failure to respond in a timely manner to the judgment discovery, Plaintiff sent multiple letters to Mr. Richardson, to which there was no response. (Martinez Decl., Pars. 8-9, **Exhs. 4-5**). On June 24, 2009, upon receiving notice of the pending substitution of INSC's counsel from Mr. Richardson to Mr. Michael Chase, Plaintiff yet again sought to informally resolve the discovery dispute by informing Mr. Chase of INSC's failure to respond to the discovery, requesting to meet and confer and offering to extend the time for response before bringing this motion to compel. (Martinez Decl., Par. 10, **Exh. 6**). After conferring with his clients, on July 2, 2009, Mr. Chase claimed service of the discovery on the prior attorney Mr. Richardson was not proper. (Martinez Decl., Pars. 11-12, **Exhs. 7-8**). After numerous discourses between Mr. Chase and Plaintiff's counsel, Mr. Chase finally stated on July 14, 2009, more than two months after the service of the discovery requests, that:

> "At this point, we are not authorized to represent INSC or Messrs. Assadian or Khatemi's post-judgment discovery collection matters. They are currently working diligently to retain an attorney for those types of matters. We will let you know as soon as they retain one."

(Martinez Decl., Par. 13-17, **Exh. 9-13**).

Plaintiff has thus made many good faith attempts to resolve this issue outside of court, which Defendants have ignored and/or avoided by refusing to "authorize" an attorney to represent INSC.

### C. Defendants Must Be Compelled To Respond.

Upon notice, a party may move for an order compelling disclosure or discovery after a good faith attempt to confer with a party failing to make disclosure or discovery. Fed. R. Civ. Pro. 37(a)(1). Defendants were properly served on May 11, 2009 with Plaintiff's Discovery Requests. Defendants have employed Mr. Chase to represent them for an appeal but have not "authorized" Mr. Chase to represent them in post-judgment collections. Defendants have claimed they are "diligently" seeking an attorney to represent them in these issues, even though they could authorize their current attorney, Mr. Chase, who in fact has represented them in this issue to Plaintiff by challenging the validity of service of the discovery. It was not until July 14, 2009, over two months after service of the discovery on Defendants that Mr. Chase has declared he is not "authorized" to represent the Defendants in post-judgment collections. INSC is not free from its obligation to respond to discovery propounded on them just because it no longer has an "authorized" attorney to represent it. Plaintiff therefore requests the Court to compel INSC to respond to Plaintiff's discovery requests.

### D. Sanctions Must Be Imposed On INSC For Its Continued Failure to Respond To Plaintiff's Judgment Discovery Requests.

The Court, upon motion, may order sanctions if a party, after being properly served with interrogatories or requests for inspection, fails to serve its answers, objections, or written responses. Fed. R. Civ. Pro. 37(d). Furthermore, the Court must require the party failing to respond to discovery, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or circumstances make an award of expenses unjust. *Id*. Defendants cannot evade their obligations to respond to the judgment discovery by not "authorizing" counsel to represent them. INSC's failure to respond is not justified nor is awarding expenses unjust for INSC's latest failure to respond. Plaintiff has incurred significant legal costs by its counsel spending over four hours for the numerous attempts to meet and confer and to prepare this motion. (Martinez Decl., Par. 18). Furthermore, Plaintiff expects to incur additional costs to attend this hearing. Therefore, Plaintiff respectfully requests the Court to impose sanctions on

MPAs I SO Plaintiff's Motion To Compel Responses To Judgment Interrogatories And Production Demands And Request For Sanctions

Wordtech v. INSC et al. (Case No.: 2:04-cv-01971-MCE-EFB) - Page 5

1  Defendant and award Plaintiff attorney's fees and costs of $1,845.00 ($225 x 8.2 hours) for bringing
2  this motion. (Martinez Decl., Par. 18).

### III.   CONCLUSION

For the aforementioned reasons, Plaintiff respectfully requests the Court to GRANT its motion to compel Defendant to respond to Plaintiff's Judgment Interrogatories and Production Demands, Sets One, propounded on May 11, 2009, and further requests the Court to impose sanctions on Defendant in the amount of $1,845.00.

Dated:  July 22, 2009                                         Respectfully Submitted,

/s/ Christian J. Martinez
Christian J. Martinez, Attorney for
Plaintiff/Judgment Creditor

**WORDTECH SYSTEMS INC.**

MPAs I SO Plaintiff's Motion To Compel Responses To Judgment Interrogatories And Production Demands And Request For Sanctions

Wordtech v. INSC et al. (Case No.: 2:04-cv-01971-MCE-EFB) - Page 6