IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WORDTECH SYSTEMS, INC.,

       Plaintiff,

vs.

INTEGRATED NETWORK
SOLUTIONS, INC., et al.,

       Defendants.

_____/

No. CIV S-04-1971 MCE EFB

ORDER AND
ORDER TO SHOW CAUSE

     Pending for decision before this court are plaintiff's motion to compel Integrated Network Solutions, Corp. ("INSC") to respond to plaintiff's judgment interrogatories and production demands, and plaintiff's related request for sanctions against INSC. Dckt. No. 317. The matters were heard on this court's law and motion calendar on September 2, 2009. Attorney Christian Martinez appeared on behalf of plaintiff. No appearance was made on behalf of INSC.

I.     BACKGROUND

     In November 2008, a jury found that INSC willfully infringed plaintiff's patents and awarded plaintiff $250,000 in royalties. Dckt. No. 244. On January 15, 2009, the district judge trebled the verdict and awarded plaintiff attorneys' fees. Dckt. No. 249. On April 13, 2009,

1    judgment was entered against INSC for a total over $1.3 million.  Dckt. No. 274.

2         On May 11, 2009, plaintiff propounded on INSC sixteen judgment interrogatories[1] and

3    sixteen inspection demands[2] by mailing the discovery requests to Daniel R. Richardson, who was

4    INSC's attorney of record at the time.  Martinez Decl., Dckt. No. 317-3, ¶ 3, Ex. 1.  Mr.

5    Richardson responded via letter on May 19, 2009 that he did not represent INSC "for post-

6    judgment collections" and returned the discovery requests.  *Id*. ¶ 5, Ex. 2.  On May 22, 2009, Mr.

7    Martinez, plaintiff's counsel, met and conferred by telephone with Mr. Richardson.  *Id*. ¶ 6.

8    During the conversation, Mr. Richardson stated that he would forward the discovery requests to

9    INSC.  *Id*. ¶ 7, Ex. 3.  On June 11 and June 16, 2009, Mr. Martinez sent letters to Mr. Richardson

10   attempting to continue to meet and confer regarding the discovery, but never received a

11   response.  *Id*. ¶¶ 8-9, Exs. 4-5.

12        On June 24, 2009, INSC filed a proposed substitution of attorneys, substituting Michael

13   Chase for Mr. Richardson.  Dckt. No. 296.  The substitution was approved on June 25, 2009, and

14   was filed on June 26, 2009.  Dckt. No. 299.

15   ////

16   ////

17

18        [1]  The interrogatories ask INSC to identify certain:  bank accounts INSC maintains;
     obligations INSC has incurred; personal property INSC owns; brokerage accounts INSC
19   maintains; lawsuits in which INSC is a party; domains INSC owns; transfers INSC has made;
     obligations in which INSC is the obligee; real property INSC owns; patents, trademarks, etc.
20   which INSC owns; taxpayers ID numbers INSC has held; persons who helped prepare responses
     to the interrogatories; persons with knowledge or information to support the responses;
21   assignments INSC has executed; safe deposit boxes INSC holds; and communications between
     INSC and Plastic & Metal Center since November 1, 2000.  Martinez Decl., Ex. 1.

22

23        [2]  The inspection demands seek to inspect writings which refer to, reflect, or relate to
     certain:  bank accounts INSC maintains; obligations INSC has incurred; personal property INSC
24   owns; brokerage accounts INSC maintains; lawsuits in which INSC is a party; domains INSC
     owns; transfers INSC has made; obligations INSC has; real property INSC owns; patents or
25   trademarks INSC owns; INSC's taxpayer numbers; assignments INSC has executed; safe deposit
     boxes INSC has held; revenue received by INSC; and salary payments made to INSC; as well as
26   writings supporting INSC's responses to the interrogatories, and writings which refer, reflect, or
     relate to Plastic & Metal Center.  Martinez Decl., Ex. 1.

1    On June 24, 2009, upon receiving notice of the pending substitution of INSC's counsel,

2   Mr. Martinez sent a letter to Mr. Chase requesting to meet and confer about the discovery

3   requests, and offering to extend the time for response before bringing this motion to compel.

4   Martinez Decl., ¶ 10, Ex. 6.  On June 26, 2009, Mr. Chase emailed Mr. Martinez indicating he

5   would consult with INSC.  *Id.*, ¶ 11, Ex. 7.  On July 2, 2009, Mr. Chase sent Mr. Martinez a

6   letter stating that service of the discovery on Mr. Richardson was improper because Mr.

7   Richardson did not represent INSC for post-judgment collections.  *Id.*, ¶ 12, Ex. 8.  After

8   numerous discourses between Mr. Chase and Mr. Martinez, Mr. Chase stated on July 14, 2009,

9   that: "At this point[,] we are not authorized to represent INSC or Messrs. Assadian or Khatemi in

10  post-judgment discovery or collection matters. They are currently working diligently to retain an

11  attorney for those types of matters.  We will let you know as soon as they retain one."[3]  *Id.*, ¶ 17,

12  Ex. 13.

13   Having exhausted efforts to meet and confer, plaintiff filed the instant motion on July 22,

14  2009, seeking an order compelling INSC to respond to its judgment interrogatories and

15  inspection demands, and requesting that the court impose sanctions on INSC and award plaintiff

16  attorney's fees and costs of $1,845.00 ($225 x 8.2 hours) for bringing the motion.  *Id.*, ¶ 18.  On

17  September 3, 2009, Mr. Martinez filed a supplemental declaration indicating that he incurred an

18  additional $2182.50 in fees ($225 x 9.7 hours) in preparing for and attending the September 2,

19  2009 hearing.  Martinez Supp. Decl., Dckt. No. 326, ¶ 4.

20   Neither INSC nor its counsel filed an opposition to the motion or appeared at the

21  September 2, 2009 hearing.

22  ////

23  ////

24  ////

25  —————————————

26   [3]  The June 24, 2009 proposed substitution of counsel did not indicate that Mr. Chase's
representation of INSC was limited to specific matters.  *See* Dckt. No. 296.

1  II.    DISCUSSION

2       A.    Motion to Compel

3       In proceedings in aid of a judgment or execution, a judgment creditor may obtain

4  discovery from any person, including a judgment debtor, as provided in the Federal Rules of

5  Civil Procedure or "by the procedure of the state where the court is located." Fed. R. Civ. P.

6  69(b). Federal Rule of Civil Procedure 33 authorizes a party to propound interrogatories and

7  Rule 34 authorizes a party to request to inspect documents. Fed. R. Civ. P. 33, 34. Additionally,

8  California Code of Civil Procedure provides that a judgment creditor may propound written

9  interrogatories and inspection demands to a judgment debtor requesting information to aid in

10  enforcement of the money judgment. Cal. Civ. Proc. Code § 708.020(a) ("The judgment creditor

11  may propound written interrogatories to the judgment debtor . . . requesting information to aid in

12  enforcement of the money judgment."); § 708.030(a) ("The judgment creditor may demand that

13  any judgment debtor produce and permit the party making the demand, or someone acting on

14  that party's behalf, to inspect and to copy a document that is in the possession, custody, or

15  control of the party on whom the demand is made . . . if the demand requests information to aid in

16  in enforcement of the money judgment.").

17       Under the Federal Rules of Civil Procedure, upon notice, a party may move for an order

18  compelling disclosure or discovery after a good faith attempt to confer with a party failing to

19  make disclosure or discovery. Fed. R. Civ. P. 37(a)(1); *see also* E.D. Cal. L.R. 37-251.

20  Additionally, California Code of Civil Procedure sections 708.020 and 708.030 provide that

21  when a responding party fails to answer an interrogatory or request for inspection authorized by

22  those statutes, post judgment discovery may be enforced in the same manner as discovery in a

23  civil action. Cal. Civ. Proc. Code §§ 708.020, 708.030.

24       Here, after obtaining a judgment against INSC, plaintiff properly propounded several

25  interrogatories and requests for inspection of documents on INSC. On May 11, 2009, the

26  requests were served on Mr. Richardson, who was plaintiff's attorney of record at that time,

4

1   pursuant to Federal Rule of Civil Procedure 5(b)(1).  Fed. R. Civ. P. 5(b)(1) ("If a party is

2   represented by an attorney, service under this rule must be made on the attorney unless the court

3   orders service on the party.").  Even though Mr. Richardson later told Mr. Martinez that he did

4   not represent plaintiff in any post-judgment proceedings, he was the attorney of record for

5   plaintiff in this action until June 26, 2009, when the district judge approved the substitution of

6   attorneys.  *See* L.R. 83-182(g) ("An attorney who has appeared in an action may substitute

7   another attorney and thereby withdraw from the action by submitting a substitution of attorneys

8   . . . .  All substitutions of attorneys shall require the approval of the Court. . . ."); Cal. Civ. Proc.

9   Code § 285 ("When an attorney is changed, as provided in the last section, written notice of the

10  change and of the substitution of a new attorney, or of the appearance of the party in person,

11  must be given to the adverse party. Until then he must recognize the former attorney."); *see also*

12  E.D. Cal. L.R. 83-180(a) (stating that, in the Eastern District of California, a corporation may not

13  appear pro se and may only appear by an attorney).  Because Mr. Richardson was attorney of

14  record for INSC at the time the discovery was served on him, such service was proper and

15  effective as to the defendant.  *Berry v. Hawaiian Exp. Service, Inc*., 2007 WL 2332386, at *2-3

16  (D. Haw. Aug. 10, 2007) (finding that because an order compelling examination of a judgment

17  debtor is a type of discovery authorized by Rule 69(a), the magistrate judge correctly looked to

18  Rule 5 to determine how an order compelling such an examination must be served, and therefore

19  service on the judgment debtor's attorney constituted proper service); *Cerami v. Robinson*, 85

20  F.R.D. 371, 372 (S.D.N.Y. 1980) (rejecting an argument by a judgment debtor that a notice of

21  deposition was improperly served on his attorney rather than being personally served on him,

22  and finding that service of the attorney was sufficient under Rules 5 and 69 to require the

23  judgment debtor to appear for the deposition); *see also McMillan v. Shadow Ridge At Oak Park

24  Homeowner's Ass'n*, 81 Cal. Rptr. 3d 550, 554 (2008) ("The purpose of [the California statutes

25  requiring parties to provide notice of the substitution of an attorney] is to have the record of

26  representation clear so the parties may be certain with whom they are authorized to deal.

1    Litigants are not required to investigate the relationship between opposing attorneys of record

2    and their clients.  They and the courts have every right to rely on court records as binding on

3    both litigants and the attorneys appearing of record on their behalf. . . .  Schlaff's oral statement

4    that he was representing McMillan in a limited capacity was insufficient notice to Paulos.  A

5    party in a case being litigated is either represented by counsel or she is not. . . . '[A] party

6    represented by counsel' includes a party who has counsel of record whether or not that counsel

7    was in fact authorized to act for the party.") (internal citations and quotation marks omitted).

8           Plaintiff moved to compel INSC's responses to the discovery at issue only after meeting

9    and conferring in good faith with both Mr. Richardson and Mr. Chase (after Mr. Chase

10   substituted in as counsel in the action) and after receiving no discovery responses from either of

11   them or from INSC.  Although the motion to compel was electronically served on Mr. Chase via

12   the court's case management and electronic case filing system ("CM/ECF"), Mr. Chase and

13   INSC did not file a response to the motion to compel or appear at the hearing on the motion.

14   Therefore, the court finds that plaintiff's motion to compel INSC to respond to his discovery

15   requests must be granted.

16          B.      Sanctions

17          Federal Rule of Civil Procedure 37(d)(1)(A) provides that a court "may, on motion, order

18   sanctions if: . . . a party, after being properly served with interrogatories under Rule 33 or a

19   request for inspection under Rule 34, fails to serve its answers, objections, or written response."

20   Rule 37(d)(3) further provides that "the court *must* require the party failing to act, the attorney

21   advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by

22   the failure, unless the failure was substantially justified or other circumstances make an award of

23   expenses unjust."  *See also* Fed. R. Civ. P. 37(a)(5)(A) (providing that if a motion to compel is

24   granted, unless certain exceptions are present, "the court must, after giving an opportunity to be

25   heard, require the party or deponent whose conduct necessitated the motion, the party or attorney

26   advising that conduct, or both to pay the movant's reasonable expenses incurred in making the

1  motion, including attorney's fees.").

2      Because INSC has completely failed to respond to plaintiff's discovery requests, and the

3  court does not find that such failure was substantially justified or that other circumstances make

4  an award or expenses to plaintiff unjust, INSC and/or its current or former counsel will be

5  ordered to pay plaintiff the reasonable expenses incurred in making this motion, including

6  attorney's fees. INSC and its current counsel had an opportunity to be heard regarding plaintiff's

7  request for sanctions, but failed to appear at the September 2, 2009 hearing. The court finds that

8  plaintiff's total expense amount of $4,027.50, based on 17.9 hours at a rate of $225 per hour, is

9  reasonable. The hourly rate is well within the prevailing market rates in this district and the

10  number of hours billed were reasonably and necessarily incurred to pursue this matter.

11      The order to show cause directs INSC and its counsel to show cause why they should not

12  be required to pay these expenses. After all responses to the orders to show cause are due, the

13  court will apportion the expenses among INSC and/or its current or former attorney as

14  appropriate.

15      C.    Orders to Show Cause

16      Although Mr. Chase contends that he is not "authorized" to represent INSC in

17  post-judgment collections, and that INSC is "diligently" seeking an attorney to represent it in

18  these issues, pursuant to the substitution of attorneys filed on June 26, 2009, Mr. Chase is

19  INSC's current attorney of record in this action. The substitution of attorneys did not indicate

20  that Mr. Chase's representation of INSC was limited to specific matters and INSC is a

21  corporation which cannot appear pro se. Therefore, Mr. Chase shall show cause, in writing, on

22  or before September 21, 2009, why he should not be sanctioned for failing to respond to

23  plaintiff's discovery requests and attempts to meet and confer; failing to comply with the court's

24  local rule requiring the timely filing of either an opposition or statement of non-opposition to

25  plaintiff's motion to compel; failing to comply with the court's local rule regarding an attorney's

26  withdrawal from representation; failing to appear at the September 2, 2009 hearing; and if only

1  purporting to represent INSC for a limited purpose, failing to inform the court or plaintiff of that

2  fact and failing to provide the court or plaintiff with his authority to do so.

3        Additionally, although Mr. Richardson is no longer INSC's counsel, and even though Mr.

4  Richardson has stated that he did not represent INSC for post-judgment collections, at the time

5  that Mr. Richardson was served with plaintiff's discovery requests, he was INSC's attorney of

6  record in this action.  Mr. Richardson never informed the court or plaintiff that he only

7  represented INSC in a limited capacity.  Therefore, Mr. Richardson will be ordered to show

8  cause, in writing, on or before September 21, 2009, why he should not be sanctioned for failing

9  to respond to plaintiff's discovery requests and attempts to meet and confer; failing to comply

10  with the court's local rule regarding an attorney's withdrawal from representation; and if only

11  purporting to have represented INSC for a limited purpose, failing to inform the court or plaintiff

12  of that fact and failing to provide the court or plaintiff with his authority to do so.  Because Mr.

13  Richardson was not given notice of plaintiff's motion to compel and request for sanctions, and

14  was therefore not able to be heard on the matter at the September 2, 2009 hearing, if Mr.

15  Richardson requests to be heard on the matter, he shall so indicate in his response to the order to

16  show cause.

17  III.    <u>CONCLUSION</u>

18        For the foregoing reasons, IT IS HEREBY ORDERED that:

19        1.    Plaintiff's motion to compel INSC to respond to the judgment interrogatories and

20  production demands served on May 11, 2009, Dckt. No. 317, is granted and INSC shall respond

21  without objection with ten calendar days of this order;

22        2.    Plaintiff's related request for sanctions is granted;

23        3.    INSC is ordered to show cause, in writing, on or before September 21, 2009, why

24  it should not be sanctioned for failing to respond to plaintiff's discovery requests and attempts to

25  meet and confer; failing to oppose plaintiff's motion to compel; failing to appear at the

26  September 2, 2009 hearing;

1    4.    Mr. Chase is ordered to show cause, in writing, on or before October 9, 2009,

2    why he should not be sanctioned for failing to respond to plaintiff's discovery requests and

3    attempts to meet and confer; failing to oppose plaintiff's motion to compel; failing to appear at

4    the September 2, 2009 hearing; failing to comply with Local Rule 83-182; and if only purporting

5    to represent INSC for a limited purpose, failing to inform the court or plaintiff of that fact and

6    failing to provide the court or plaintiff with his authority to do so; and

7    5.    Mr. Richardson is ordered to show cause, in writing, on or before October 9,

8    2009, why he should not be sanctioned for failing to respond to plaintiff's discovery requests and

9    attempts to meet and confer; failing to comply with Local Rule 83-182; and if only purporting to

10   have represented INSC for a limited purpose, failing to inform the court or plaintiff of that fact

11   and failing to provide the court or plaintiff with his authority to do so; and,

12   6.    The Clerk of Court is directed to serve a copy of this order on both Michael Chase

13   (INSC's current attorney of record) and Daniel Richardson (INSC's former attorney of record).

14   SO ORDERED.

15   DATED:  September 24, 2009.

16   EDMUND F. BRENNAN
     UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26