UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----

WORDTECH SYSTEMS, INC.,            No. 2:04-cv-01971-MCE-EFB
A California Corporation

    Plaintiff,

  v.                          <u>MEMORANDUM AND ORDER</u>

INTEGRATED NETWORK SOLUTIONS,
CORP., dba INTEGRATED SYSTEMS,
aka INTERNET NETWORK STORAGE
COMPANY, aka INSC; NASSER
KHATEMI; HAMID ASSADIAN; BRIAN
J. DEAN; MICHAEL F. ELLSWORTH;
EHTERAM GHODSIAN; INTEGRATED
NETWORK SOLUTIONS, INC., a
Nevada Corporation; SHOHREH
JAVADI; SAN JUAN UNIFIED
SCHOOL DISTRICT; and
DOES 1-50,

    Defendants.

----oo0oo----

Plaintiff Wordtech Systems, Inc. ("Plaintiff") brought this action against Ehteram Ghodsian ("Defendant"), Integrated Network Solutions Corp. ("INSC"), Nasser Khatemi ("Khatemi"), and Hamid Assadian ("Assadian"), among others, alleging infringement of several of its patents ("Patents-in-Suit").

1

Wordtech succeeded at trial against non-defaulting Defendants INSC, Khatemi, and Assadian. Presently before the Court is Plaintiff's Motion for Default Judgment against defaulting Defendant. For the reasons set forth below Plaintiff's Motion is GRANTED.[1]

**BACKGROUND**

On September 22, 2004, Plaintiff, a California corporation and the owner of the Patents-in-Suit filed an infringement action against Defendant individually, INSC, Khatemi, Assadian, and others.

Defendant is alleged to be the sole owner of INSC and to have willfully infringed Plaintiff's patent rights. Defendant failed to answer Plaintiff's Complaint. Consequently, on June 3, 2005, Plaintiff took Defendant's default. The case proceeded to trial against the non-defaulting Defendants: INSC, Khatemi and Assadian.

On November 17, 2008, a jury found that the non-defaulting Defendants had infringed Plaintiff's patent rights and awarded Plaintiff $250,000. On January 15, 2009, the Court trebled the jury verdict and awarded Plaintiff over $1.3 million.

Subsequently, Plaintiffs filed the present Motion seeking an entry of default judgment against Defendant.

///

---

[1] Because oral argument was not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

## STANDARD

The starting point for considering whether to grant a motion for entry of default judgment is the general rule that default judgments are ordinarily disfavored. <u>Eitel v. McCool</u>, 782 F.2d 1470, 1472 (9th Cir. 1986). Cases should be decided upon their merits whenever reasonably possible. <u>Pena v. Seguros La Comercial, S.A.</u>, 770 F.2d 811, 814 (9th Cir. 1985).

Whether to grant a motion for default judgment, however, is within the Court's discretion. <u>Eitel</u>, 782 F.2d at 1472. The Ninth Circuit has set forth seven factors which may be considered in exercising this discretion: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. <u>Id</u>.

The complaint's factual allegations are taken as true against a defaulting defendant, except with respect to damages. <u>TeleVideo Systems, Inc. v. Heidenthal</u>, 826 F.2d 915, 917 (9th Cir. 1987).

///
///
///
///
///

**ANALYSIS**

**1.   Default Judgment**

Defendant argues that INSC was found to be a valid corporation and as such Plaintiff cannot pierce the corporate veil and recover from her on an individual basis. The officers of an infringing corporation, however, can be held individually liable for corporate torts in which the officer participates. Comm. for Idaho's High Desert, Inc. v. Yost, 92 F.3d 814, 823 (9th Cir. 1996). Corporate officers are also liable for the tort of patent infringement under 35 U.S.C. § 271 where the officer has an "active directing hand in full charge of its operations". Int'l Mfg. Co. v. Landon, Inc., 336 F.2d 723, 728 (9th Cir. 1964).

Applying these principles to the present case, the exhibits provided by Plaintiff in support of this Motion establish that Defendant was an officer and owner of INSC. Plaintiff also alleges in its complaint that Defendant was individually involved in infringing the Patents-in-Suit. As indicated above, given Defendant's default, those allegations must be taken as true. Contrary to Defendant's assertion, then, she can properly be held personally liable for infringing Plaintiff's patent rights.

Where defendants are jointly liable and one of them defaults, an entry of default judgment should not be entered until the matter has been adjudicated with regard to all defendants. Frow v. De la Vega, 82 U.S. 552, 554 (1872).

///

///

This rule has been extended in cases even if the defendants are not jointly liable, as long as they are similarly situated. In re First T.D. & Inv., Inc., 253 F.3d 520, 532 (9th Cir. 2001).

Plaintiff's claims in this matter have been fully adjudicated through trial. The same result should apply to Defendant, as a defaulted party, unless the result would be incongruous and unfair. Id. In this case, the nature of the claims, legal issues, and facts of this case are similar with respect to all defendants. Plaintiff prevailed on its patent infringement claims at trial. Given that result, it is consistent to apply that same result to Defendant.

Furthermore, a majority of the factors identified as relevant for default purposes by the Ninth Circuit in Eitel, supra, support entry of default judgment in this case. Plaintiff will be prejudiced if default judgment is denied because Plaintiff will not be able to recover against Defendant for patent infringement. Plaintiff established the merits of their claim at trial and provided evidence against Defendant in Plaintiff's Motion and its supporting exhibits. Plaintiff's complaint sufficiently stated a claim for patent infringement against Defendant. All material facts were resolved at trial, the case was decided on its merits, and Defendant's default was not due to excusable neglect.

Plaintiff's Motion for Entry of Default Judgment against Defendant will therefore be granted.

///
///
///

## 2. Damages

Plaintiff is required to prove the damage they are seeking in the claim. Philip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003). The burden on the plaintiff to prove damages is relatively lenient, and if injury is established plaintiff only needs to prove that the damages "naturally flow from the injuries." Id. The damages asked for must be supported by the specific allegations in the complaint. Id. at 499. Multiple defendants who have jointly infringed on a patent are jointly and severally liable for the damages that result. U.S. Philips Corp. v. International Norcent Tech., 2007 WL 4984156, *2  (C.D. Cal. 2007).

In the instant case, Plaintiff received a jury award for actual damages in the amount of $250,000 for infringement of the Patents-in-Suit. Plaintiff has established that Defendant is liable for patent infringement and is therefore liable for this amount jointly and severally with the non-defaulting Defendants. The Court declines to hold Defendant liable for the trebled damages granted to Plaintiff by this Court on January 15, 2009, or for the substantial attorney's fees incurred by Plaintiff in this matter. Both the trebled damages and attorney's fees were primarily the result of trial as to the remaining Defendants. Defendant defaulted and therefore did not individually participate in that trial.

///
///
///

**CONCLUSION**

For the following reason Plaintiff's Motion for Entry of Default Judgment (Docket No. 304) is GRANTED.[2]  The judgment previously entered shall accordingly be amended to reflect judgment in the amount of $250,000.00 jointly and severally against Defendant.

IT IS SO ORDERED.

Dated: October 6, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Inasmuch as the Court did not consider Defendant's letter to the Court dated June 18, 2009 (Docket No. 194) in adjudicating this Motion, Plaintiff's Motion to Strike that letter is DENIED as moot.

7