IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WORDTECH SYSTEMS, INC.,

    Plaintiff,                          No. CIV S-04-1971 MCE EFB

    vs.

INTEGRATED NETWORK
SOLUTIONS, INC., et al.,

    Defendants.                      <u>ORDER</u>

/

       On September 24, 2009, this court granted plaintiff's motion to compel Integrated Network Solutions, Corp. ("INSC") to respond to plaintiff's judgment interrogatories and production demands, and granted plaintiff's request for sanctions. Dckt. No. 328 at 8. The September 24, 2009 order noted that after judgment was entered against INSC for a total over $1.3 million in April 2009, on May 11, 2009, plaintiff propounded judgment interrogatories and inspection demands on INSC by mailing the discovery requests to Daniel R. Richardson, who was INSC's attorney of record at the time. *Id.* at 1-2. Mr. Richardson initially responded that he did not represent INSC "for postjudgment collections" and returned the discovery requests, but after meeting and conferring with plaintiff's counsel, Christian Martinez, on May 22, 2009, Mr. Richardson stated that he would forward the discovery requests to INSC. *Id.* at 2. According to

Mr. Martinez, on June 11 and June 16, 2009, Mr. Martinez sent letters to Mr. Richardson attempting to continue to meet and confer regarding the discovery, but never received a response. *Id.*

On June 24, 2009, INSC filed a proposed substitution of attorneys, substituting Michael Chase for Mr. Richardson. *Id.* The substitution was approved on June 25, 2009, and was filed on June 26, 2009. *Id.* On June 24, 2009, upon receiving notice of the pending substitution of counsel, Mr. Martinez sent a letter to Mr. Chase requesting to meet and confer about the discovery requests. *Id.* at 3. On June 26, 2009, Mr. Chase emailed Mr. Martinez indicating he would consult with INSC, but on July 2, 2009, Mr. Chase sent Mr. Martinez a letter stating that service of the discovery on Mr. Richardson was improper because Mr. Richardson did not represent INSC for post-judgment collections. *Id.* After numerous discourses between Mr. Chase and Mr. Martinez, Mr. Chase stated on July 14, 2009, that: "At this point[,] we are not authorized to represent INSC or Messrs. Assadian or Khatemi in post-judgment discovery or collection matters. They are currently working diligently to retain an attorney for those types of matters. We will let you know as soon as they retain one." *Id.* (citing Martinez Decl., ¶ 17, Ex. 13). After exhausting efforts to meet and confer, plaintiff filed the afore-mentioned motion to compel. Neither INSC nor its former or current counsel filed an opposition to the motion or appeared at the September 2, 2009 hearing on the motion.

Therefore, the September 24, 2009 order directed INSC to show cause why it should not be sanctioned for failing to respond to plaintiff's discovery requests and attempts to meet and confer; failing to oppose plaintiff's motion to compel; and failing to appear at the September 2, 2009 hearing. *Id.* The court also ordered INSC's current counsel of record, Mr. Chase, to show cause why he should not be sanctioned for failing to respond to plaintiff's discovery requests and attempts to meet and confer; failing to oppose plaintiff's motion to compel; failing to appear at the September 2, 2009 hearing; failing to comply with Local Rule 83-182; and if only purporting to represent INSC for a limited purpose, failing to inform the court or plaintiff of that fact and

1  failing to provide the court or plaintiff with his authority to do so. *Id.* at 9.  Finally, the court
2  ordered INSC's former counsel, Mr. Richardson, to show cause why he should not be sanctioned
3  for failing to respond to plaintiff's discovery requests and attempts to meet and confer; failing to
4  comply with Local Rule 83-182; and if only purporting to have represented INSC for a limited
5  purpose, failing to inform the court or plaintiff of that fact and failing to provide the court or
6  plaintiff with his authority to do so. *Id.*

7  The court further stated that "INSC and/or its current or former counsel will be ordered to
8  pay plaintiff the reasonable expenses incurred in making this motion, including attorney's fees"
9  and that "the court will apportion those expenses among INSC and/or its current or former
10 attorney as appropriate" once INSC and its current and former attorneys had an opportunity to
11 respond to the order to show cause. *Id.* at 7.

12 On October 8, 2009, INSC filed a response to the order to show cause, which was
13 supported by declarations from Mr. Chase and defendants Nasser Khatemi and Hamid Assadian.
14 Dckt. Nos. 337-340.  INSC's response states, *inter alia*, that (1) on May 11, 2009, INSC,
15 Assadian, and Khatemi retained Mr. Chase's law firm to work on their appeal; (2) in late May
16 2009, INSC received a copy of a letter from Mr. Richardson, addressed to plaintiff's counsel and
17 dated May 19, 2009, and enclosing copies of the post-judgment discovery requests from
18 plaintiff; (3) based on Mr. Richardson's letter, INSC believed that plaintiff's discovery requests
19 were not properly served and that INSC was not obligated to respond to them; (4) INSC did not
20 learn that Mr. Richardson had accepted service of the discovery requests on behalf of INSC until
21 June 19, 2009; (5) on June 22, 2009, Mr. Chase sent to Mr. Richardson a proposed substitution
22 of attorneys, which stated that INSC, Assadian, and Khatemi desired "to substitute attorneys for
23 the purposes of proceeding with an appeal in this action"; (6) on June 26, 2009, the court entered
24 an order approving the substitution and stating "[g]iven the above stipulation for Substitution of
25 Attorneys, Attorney Michael E. Chase is substituted in as counsel for Defendants in the stead of
26 Attorney Daniel L. Richardson, who formerly represented Defendants and is hereby discharged

of said representation."; (7) before and after the substitution was filed, INSC repeatedly informed Mr. Chase that he was not authorized to act for INSC with regard to post-judgment discovery and collection matters, that INSC was seeking counsel for post-judgment discovery and collection matters, that Mr. Chase's work was to be limited to the appeal, and that Mr. Chase should inform plaintiff's counsel that his work is limited to the appeal; and (8) after the substitution was filed, INSC believed that it did not have any attorney representing it for post-judgment discovery and collection matters, and since the substitution was filed, INSC has, unsuccessfully to date, sought new counsel to represent INSC in post-judgment discovery and collection matters. Dckt. No. 337.

INSC's response to the order to show cause further stated that "[n]one of INSC's attorneys adequately advised INSC of the following: (1) counsel of record in this Court for INSC would be considered counsel of record for INSC [for] all purposes, including post-judgment discovery and collection absent association of other counsel for those purposes inasmuch as a corporation cannot self-represent; (ii) there was an urgent need for INSC to retain counsel to represent INSC on post-judgment discovery and collection matters; (iii) failure to respond to plaintiff's post-judgment discovery requests, meet and confer efforts or motion to compel before INSC retained counsel for those purposes would likely result in the issuance of monetary sanctions; (iv) the need for INSC to file a notice of non-opposition if INSC did not intend to oppose the motion to compel; or (v) the need for INSC to appear at the September 2, 2009 hearing." *Id.* at 5-6. The response also stated that "Mr. Chase accepts ultimate responsibility for INSC's failing to respond to plaintiff's discovery requests and attempts to meet and confer, failing to oppose plaintiff's motion to compel, and failing to appear at the September 2, 2009 hearing."[1] *Id.* at 6. The response requests that the court not impose sanctions on INSC because

---

[1] The response also states that on October 2, 2009, INSC served verified responses to plaintiff's discovery requests, and that "Mr. Chase will continue to represent INSC in this Court until INSC retains new counsel to represent it for post-judgment discovery and collection matters and a substitution of attorneys is filed in this Court, or the Court otherwise allows him to

4

1 of "the failures on the part of INSC's counsel to properly advise it in connection with plaintiff's
2 post-judgment discovery requests and the motion to compel." *Id.*

3   On October 9, 2009, Mr. Chase also filed a response to the order to show cause. Dckt.
4 No. 341. Mr. Chase's response reiterates much of INSC's response, and requests that the court
5 not impose sanctions on INSC and instead impose any monetary sanctions on him. Dckt. No.
6 341. Mr. Chase states in his response that he "accepts responsibility both for INSC's failings
7 and his own because (a) he mistakenly believed there would be no ongoing proceedings in the
8 District Court that would require him to act as INSC's attorney in the District Court, and thus (b)
9 he did not properly inform INSC that upon substituting into the case for purposes of pursuing the
10 appeal he became INSC's sole attorney of record and therefore responsible for post-judgment
11 discovery and collection matters in the District Court proceeding." *Id.* at 3. He also states that
12 although he specifically attempted to substitute into the action for the limited purpose of appeal
13 and repeatedly informed his clients that his representation did not include post-judgment
14 discovery and collection matters, he "recognizes that his efforts fell short here because (1) he
15 was the sole counsel of record for INSC in this Court; (2) a corporation can appear only through
16 counsel of record; and (3) there was no other attorney of record designated to handle post-
17 judgment discovery and collection efforts." *Id.* at 3-4.

18   Also on October 9, 2009, Mr. Richardson filed a response to the order to show cause.
19 Dckt. No. 343. Mr. Richardson's response states that he represented INSC through trial and
20 post-judgment motions related to the trial, and that due to delays in obtaining a substitution of
21 attorneys, he also filed the notice of appeal on behalf of INSC. *Id.* at 2. He states that after
22 receiving the discovery requests from plaintiff, he forwarded the requests to his clients and
23 "advised them that they had to act on it." *Id.* at 3. He also informs the court that in April 2009,
24 he was diagnosed with a serious medical condition which "directly and negatively affected [his]

25 ───────────────
26 withdraw as INSC's counsel of record." Dckt. No. 337 at 6.

energy level and [his] ability to keep up with [his] practice" from April 2009 through the present, and that in addition to his slow and continuing recovery, his paralegal relocated to Southern California, he went through a period in which his voice mail was full and clients could not reach him, some of his mail was misplaced, and he focused on emails that appeared to be very important. *Id.* at 2-4. He states that he "has no record of having received the meet [and] confer letters referenced by the Court as having been sent on June 11 and June 16, 2009 by Mr. Martinez" and "certainly never reviewed them as [he] would have taken some action, if only to remind Mr. Martinez that [he] did not represent [his] clients in that regard." *Id.* He states that he was not aware of the motion to compel or the September 2, 2009 hearing; that he did "the best [he] could to meet the requirements of this case's clients"; and that he "wanted to substitute out of the case as soon as [he] was diagnosed in April, but due to the pending post-judgment motions, [his] clients and Mr. Chase did not want to substitute in until those were ruled upon." *Id.* at 5.

In light of INSC, Mr. Chase, and Mr. Richardson's responses to the order to show cause, and because Mr. Chase was INSC's counsel of record from June 26, 2009 to the present (during which time plaintiff attempted to meet and confer regarding the discovery requests and filed the motion to compel, and during which time the hearing on the motion was held), the court finds it appropriate, in accordance with Federal Rule of Civil Procedure 37(d)(1)(A), (d)(3), and (a)(5)(A), to require Mr. Chase to pay plaintiff $2,182.50 (based on 9.7 hours at $225.00 per hour), to cover the reasonable expenses incurred in making its motion to compel, including its attorney's fees, as ordered by the court on September 24, 2009. Dckt. Nos. 317, 326, 328, 329; Fed. R. Civ. P. 37(d)(1)(A) (" The court where the action is pending may, on motion, order sanctions if: . . . a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response."); Fed. R. Civ. P. 37(d)(3) ("[T]he court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees,

6

1  caused by the failure, unless the failure was substantially justified or other circumstances make
2  an award of expenses unjust."); Fed. R. Civ. P. 37(a)(5)(A) ("If [a motion to compel discovery]
3  is granted--or if the disclosure or requested discovery is provided after the motion was filed--the
4  court must, after giving an opportunity to be heard, require the party or deponent whose conduct
5  necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's
6  reasonable expenses incurred in making the motion, including attorney's fees.").

7  Accordingly, IT IS HEREBY ORDERED that Mr. Chase shall, no later than thirty days
8  from the filing date of this order, reimburse plaintiff for its expenses incurred in making its
9  motion to compel, in the total amount of $2,182.50.  Mr. Chase shall file with the Clerk within
10 ten days thereafter an affidavit which states that he has paid the sum out of his personal funds,
11 and will not bill his client or make it the responsibility of his client as attorney's fees or costs.

12  SO ORDERED.

13 DATED: November 13, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE