UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| WORDTECH SYSTEMS, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>INTEGRATED NETWORK SOLUTIONS, INC., a Nevada corporation, dba INTEGRATED NETWORK SOLUTIONS, CORP. aka INTEGRATED NETWORK SOLUTIONS aka INTEGRATED SYSTEMS aka INTEGRATED NETWORK STORAGE COMPANY aka INSC; NASSER KHATEMI, an individual; HAMID ASSADIAN, an individual; EHTERAM GHODSIAN, an individual; SHOHREH JAVADI, an individual; MICHAEL F. ELLSWORTH, an individual; BRIAN J. DEAN, an individual; SAN JUAN UNIFIED SCHOOL DISTRICT; and DOES 1-50,<br><br>　　　　Defendants. | No. 2:04-cv-01971-MCE-EFB<br><br>**ORDER** |

On November 17, 2008, following a jury trial, a verdict was rendered in favor of Plaintiff Wordtech Systems, Inc. and against Defendants Integrated Network Solutions, Inc. ("INSC"), Hamid Assadian, and Nasser Khatemi in the amount of $250,000.00.

1

Pursuant to Plaintiff's Motion, that verdict was thereafter trebled, from $250,000.00 to $750,000.00, by Memorandum and Order filed January 15, 2009.  Additional briefing was requested as to Plaintiff's entitlement to attorney's fees, pre-judgment interest, and costs.  On April 13, 2009, the previous $750,000.00 judgment was amended to include an additional $488,127.50 in attorney's fees, $110,705.47 in prejudgment interest, and $63.04 in costs for a total judgment against Defendants in the amount of $1,348,896.01.

Plaintiffs now move for permission to register this judgment for enforcement in other districts pursuant to 28 U.S.C. § 1963. Section 1963 provides, in relevant part, as follows:

> "A judgment in an action for the recovery of money or property entered in any...district court...may be registered by filing a certified copy of the judgment in any other district...when the judgment has become final by appeal or by expiration of the time for appeal **or when ordered by the court that entered the judgment for good cause shown**."

28 U.S.C. § 1963 (emphasis added).  Consequently, even though this matter is currently on appeal, the Court has discretion to permit registration during the pendency of that appeal on a showing of good cause.  <u>Funai Electric Co., Ltd. v. Daewoo Electronics Corp.</u>, 2009 WL 605840 at *2 (N.D. Cal. March 29, 2009), citing <u>Chicago Downs Ass'n, Inc. v. Chase</u>, 944 F.2d 366 (7th Cir. 1991).

Although no Ninth Circuit authority directly explains just what constitutes "good cause" within the meaning of § 1963, courts that have found the requisite good cause "have generally based their decisions on the absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum."

1  <u>Columbia Pictures Indus., Inc. v. Krypton Broadcasting of
2  Birmingham, Inc.</u>, 259 F.3d 1186, 1197 (9th Cir. 2001); <u>see also</u>
3  <u>Chicago Downs</u>, 944 F.2d at 372 (district court did not abuse
4  discretion in granting motion to register judgment where judgment
5  debtor owned substantial property in other districts).  Moreover,
6  as a prerequisite to registration, most courts require that the
7  judgment creditor, here Plaintiff, identify assets in the
8  specific district where registration is sought.  <u>See</u> <u>Funai</u>
9  <u>Electric</u>, 2009 WL 605840 at *2, and cases cited therein.
10      Here, the Declaration of Plaintiff's Counsel, Christian J.
11 Martinez, shows what appears to be substantial assets on
12 Defendants' part in the Central and Southern Districts of
13 California, the Eastern District of Pennsylvania and the Eastern
14 District of Virginia, Alexandria Division.  Specifically, as to
15 Defendant Assadian, the Martinez Declaration reveals real
16 property and a business located in Orange County (within the
17 Central District), real property located within the Southern
18 District, and intellectual property registered with the U.S.
19 Patent and Trademark Office, which is under the jurisdiction of
20 the Eastern District of Virginia.  With regard to Defendant
21 Khatemi, investigation revealed real property located in the
22 Central District, as well as some 100 internet domains registered
23 within the Eastern District of Pennsylvania.  Finally, the
24 principal place of business for Defendant INSC is located in
25 Orange County, within the Central District of California.  No
26 identifiable assets for either Assadian, Khatemi, or INSC have
27 been located within this district, where judgment was rendered
28 against them.  Martinez Decl., 2:21-22.

Given the lack of assets here in the Eastern District, the presence of substantial assets elsewhere, and evidence of asset transfers in a possible attempt to subvert Plaintiff's judgment,[1] this Court finds good cause for registration of the judgment, under 28 U.S.C. § 1963, in the Central and Southern Districts of California, the Eastern District of California, and the Eastern District of Virginia, Alexandria Division.  Plaintiff's Motion (Docket No. 346) is accordingly GRANTED,[2] with Plaintiff authorized to execute upon their judgment against Defendants' assets located in said districts, unless Defendants post the requisite supersedeas bond preventing such execution during the pendency of their appeal.

IT IS SO ORDERED.

Dated: December 9, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] According to the Martinez Declaration, Defendant Assadian took steps just after the verdict against him was trebled to transfer substantial property to another family member (Id. at 3:8-28).

[2] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument.  E.D. Local Rule 230(g).

4