IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WORDTECH SYSTEMS, INC.,

    Plaintiff,                                      No. CIV S-04-1971 MCE EFB

    vs.

INTEGRATED NETWORK
SOLUTIONS, INC., et al.,
                                              <u>ORDER AND</u>
    Defendants.                        <u>ORDER TO SHOW CAUSE</u>

_____/

        Pending for decision before the undersigned are (1) plaintiff's motion to compel defendant Ehteram Ghodsian to respond to plaintiff's judgment interrogatories and production demands, Dckt. No. 366, which was noticed for hearing on February 3, 2010, and (2) plaintiff's motion to vacate or modify the October 26, 2006 protective order issued in this action, Dckt. No. 367, which is noticed for hearing on February 17, 2010.

        <u>Motion to Compel</u>

        Plaintiff moves, pursuant to Local Rule 251(e), to compel defendant Ehteram Ghodsian to respond to plaintiff's discovery requests. Dckt. No. 366. The motion was filed pursuant to Rule 251(e) because "Ehteram Ghodsian has failed to provide any response to the discovery that was properly served on her." *Id.* at 2; *see* E.D. Cal. L.R. 251(e) (stating that "when there has

been a complete and total failure to respond to a discovery request or order, . . . the aggrieved party may bring a motion for relief for hearing on fourteen (14) days notice [and] [t]he responding party shall file a response thereto not later than seven (7) days before the hearing date.").

Pursuant to Rule 251(e), defendant Ghodsian's response to plaintiff's motion to compel was due on or before January 27, 2010. However, court records reflect that no such response has been filed. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." "Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Additionally, Federal Rule of Civil Procedure 37(a) authorizes an award of expenses to a party who prevails on a motion to compel, and Rule 37(d) authorizes sanctions, including dismissal of an action, when a party fails to serve answers to properly served interrogatories or requests for production of documents. In light of defendant Ghodsian's failure to file a response to plaintiff's motion, the hearing on the motion will be continued and defendant Ghodsian will be ordered to show cause why she should not be sanctioned for her failure.

<u>Motion to Vacate/Modify Protective Order</u>

Plaintiff also moves to vacate or modify a protective order issued in this action on October 26, 2006. Dckt. No. 367. The stipulated protective order that plaintiff seeks to vacate or modify was entered into between plaintiff and defendants Integrated Network Systems, Inc., Nasser Khatemi and Hamid Assadian. Dckt. No. 124.

Currently pending before the district judge is a motion to withdraw as counsel for defendant Nasser Khatemi. Dckt. No. 360. On January 20, 2010, that motion was submitted without oral argument. Dckt. No. 369. In light of the pending motion to withdraw, the hearing on plaintiff's motion to vacate or modify the protective order will be continued.

////

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The February 3, 2010 hearing on plaintiff's motion to compel defendant Ghodsian to respond to plaintiff's judgment interrogatories and production demands, Dckt. No. 366, is continued to March 24, 2010 at 10:00 a.m. in Courtroom No. 24.

2. Defendant Ghodsian shall show cause, in writing, no later than March 10, 2010, why sanctions should not be imposed for her failure to timely file a response to plaintiff's motion.

3. Defendant Ghodsian shall file an opposition to the motion to compel, or a statement of non-opposition thereto, no later than March 10, 2010.

4. Failure of defendant Ghodsian to file an opposition will be deemed a statement of non-opposition to the motion to compel, and may result in the granting of plaintiff's motion and/or the imposition of sanctions.

5. Plaintiff may file a reply in support of the motion to compel on or before March 17, 2010.

6. The hearing on plaintiff's motion to vacate or modify the protective order, Dckt. No. 367, is continued to March 24, 2010 at 10:00 a.m. in Courtroom No. 24.

7. Any opposition to the motion to vacate or modify the protective order, or a statement of non-opposition thereto, shall be filed on or before March 10, 2010, and any reply thereto shall be filed on or before March 17, 2010.

SO ORDERED.

DATED: January 29, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE