1

2

3

4

5

6

7

8                IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WORDTECH SYSTEMS, INC.,

11            Plaintiff,                    No. CIV S-04-1971 MCE EFB

12        vs.

13   INTEGRATED NETWORK
     SOLUTIONS, INC., et al.,
14
              Defendants.                   ORDER
15
     _____/
16

17        Pending for decision before this court are (1) plaintiff's motion to compel defendant

18   Ehteram Ghodsian to respond to judgment interrogatories and production demands, and

19   plaintiff's related request for sanctions, Dckt. No. 366; and (2) plaintiff's motion to vacate or

20   modify the October 26, 2006 protective order entered into between plaintiff and defendants

21   Integrated Network Solutions, Corp. ("INSC"), Nasser Khatemi, and Hamid Assadian, and

22   plaintiff's related request for an order to preserve documents, Dckt. No. 367.  The matters were

23   heard on this court's law and motion calendar on March 24, 2010.  Attorney Christian Martinez

24   appeared on behalf of plaintiff; attorney Kevin Davis appeared on behalf of INSC and Assadian;

25   no appearance was made on behalf of Ghodsian or Khatemi.

26   ////

                                           1

I.      MOTION TO COMPEL

A.  Background

In November 2008, a jury found that defendants INSC, Assadian, and Khatemi willfully infringed plaintiff's patents and awarded plaintiff $250,000 in royalties.  Dckt. No. 244.  On January 15, 2009, the district judge trebled the verdict and awarded plaintiff attorneys' fees.  Dckt. No. 249.  On April 13, 2009, judgment was entered against INSC, Assadian, and Khatemi for a total over $1.3 million.  Dckt. No. 274.

In July 2009, plaintiff noticed a motion for default judgment against defendant Ghodsian, and on October 6, 2009, the district judge granted the motion and entered default judgment against Ghodsian.  Dckt. Nos. 304, 336.  The district judge stated that the judgment previously entered against the other defendants should be amended to reflect judgment in the amount of $250,000.00 jointly and severally against Ghodsian.  Dckt. No. 336.

On October 29, 2009, plaintiff propounded on Ghodsian twenty judgment interrogatories[1] and twenty inspection demands[2] by mailing her the discovery requests by both certified and regular mail.  Martinez Decl., Dckt. No. 366-3, ¶ 4.  Ghodsian failed to provide any response to

_____

[1]  The interrogatories ask Ghodsian to identify certain:  bank accounts she maintains; obligations she has incurred; personal property she owns; brokerage accounts she maintains; lawsuits in which she is a party; domains she owns; transfers she has made; obligations in which she is the obligee; businesses she owns; patents, trademarks, etc. which she owns; taxpayers ID numbers she has held; persons who helped prepare responses to the interrogatories; persons with knowledge or information to support the responses; assignments she has executed; safe deposit boxes she holds; real property she owns; trips she has taken outside of the U.S.; transactions she has entered into with Nancy Ulrich; and her current net worth.  Dckt. No. 366-5.

[2]  The inspection demands seek to inspect writings which refer to, reflect, or relate to certain:  bank accounts Ghodsian maintains, obligations Ghodsian has incurred, personal property Ghodsian owns, brokerage accounts Ghodsian maintains, lawsuits in which Ghodsian is a party, domains Ghodsian owns, transfers Ghodsian has made, obligations Ghodsian has, real property Ghodsian owns, patents or trademarks Ghodsian owns, Ghodsian's taxpayer numbers, assignments Ghodsian has executed, safe deposit boxes Ghodsian has held, wages or other payments received by Ghodsian, and contracts to which Ghodsian is a signatory; as well as writings supporting Ghodsian's responses to the interrogatories, and writings which refer, reflect, or relate to Plastic & Metal Center or to communications Ghodsian had with Nancy Ulrich regarding Ghodsian's property or this case.  Dckt. No. 366-5.

the discovery.  *Id.* ¶ 5.

On December 3, 2009, plaintiff attempted to meet and confer with Ghodsian by letter regarding her failure to respond, and enclosed a courtesy copy of the discovery.  *Id.* ¶ 6. Ghodsian did not respond to the letter.  *Id.*  On December 21, 2009, plaintiff again attempted to meet and confer by letter, enclosing a second courtesy copy of the discovery.  *Id.* ¶ 7.  Ghodsian again did not respond.  *Id.*

Thereafter, plaintiff filed the instant motion to compel.  Dckt. No. 366.  After Ghodsian failed to file a response to the motion, the undersigned continued the hearing on the motion, directed Ghodsian to file a response, and ordered Ghodsian to show cause why she should not be imposed for her failure to file either an opposition or a statement of non-opposition to the motion.  Dckt. No. 370.  Ghodsian did not file a response to the motion or to the order to show cause and did not appear at the rescheduled hearing.

B.   <u>Analysis</u>

In proceedings in aid of a judgment or execution, a judgment creditor may obtain discovery from any person, including a judgment debtor, as provided in the Federal Rules of Civil Procedure or "by the procedure of the state where the court is located."  Fed. R. Civ. P. 69(b).  Federal Rule of Civil Procedure 33 authorizes a party to propound interrogatories and Rule 34 authorizes a party to request to inspect documents.  Fed. R. Civ. P. 33, 34.  Additionally, California Code of Civil Procedure provides that a judgment creditor may propound written interrogatories and inspection demands to a judgment debtor requesting information to aid in enforcement of the money judgment.  Cal. Civ. Proc. Code §§ 708.020(a) ("The judgment creditor may propound written interrogatories to the judgment debtor . . . requesting information to aid in enforcement of the money judgment."); 708.030(a) ("The judgment creditor may demand that any judgment debtor produce and permit the party making the demand, or someone acting on that party's behalf, to inspect and to copy a document that is in the possession, custody, or control of the party on whom the demand is made . . . if the demand requests information to

1   aid in enforcement of the money judgment.").

2       Under the Federal Rules of Civil Procedure, upon notice, a party may move for an order

3   compelling disclosure or discovery after a good faith attempt to confer with a party failing to

4   make disclosure or discovery.  Fed. R. Civ. P. 37(a)(1); *see also* E.D. Cal. L.R. 251.

5   Additionally, California Civil Procedure Code sections 708.020 and 708.030 provide that when a

6   responding party fails to answer an interrogatory or request for inspection authorized by those

7   statutes, post judgment discovery may be enforced in the same manner as discovery in a civil

8   action.  Cal. Civ. Proc. Code §§ 708.020, 708.030.

9       Here, after obtaining a judgment against Ghodsian, plaintiff properly propounded several

10  interrogatories and requests for inspection of documents on Ghodsian.  The requests were

11  properly served on Ghodsian by certified mail and regular mail, pursuant to Federal Rule of Civil

12  Procedure 5(b)(2)(C).  Plaintiff moved to compel Ghodsian's responses to the discovery at issue

13  only after several attempts to meet and confer in good faith and after receiving no discovery

14  responses from Ghodsian.  Ghodsian failed to file an opposition to the motion and did not appear

15  at the hearing on the motion.  Therefore, the court finds that plaintiff's motion to compel

16  Ghodsian to respond to his discovery requests should be granted.

17      C.   Sanctions

18      Plaintiff contends that Ghodsian's failure to respond to plaintiff's judgment discovery

19  required plaintiff to file the motion to compel, resulting in additional fees and costs for which

20  plaintiff should be compensated.  Accordingly, plaintiff requests sanctions against Ghodsian in

21  the amount of $562.50 (based on an hourly rate of $225 times 2.5 hours).  Dckt. No. 366-3, ¶ 8.

22      Federal Rule of Civil Procedure 37(d)(1)(A) provides that a court "may, on motion, order

23  sanctions if: . . . a party, after being properly served with interrogatories under Rule 33 or a

24  request for inspection under Rule 34, fails to serve its answers, objections, or written response."

25  Rule 37(d)(3) further provides that "the court *must* require the party failing to act, the attorney

26  advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by

4

1   the failure, unless the failure was substantially justified or other circumstances make an award of

2   expenses unjust." *See also* Fed. R. Civ. P. 37(a)(5)(A) (providing that if a motion to compel is

3   granted, unless certain exceptions are present, "the court must, after giving an opportunity to be

4   heard, require the party or deponent whose conduct necessitated the motion, the party or attorney

5   advising that conduct, or both to pay the movant's reasonable expenses incurred in making the

6   motion, including attorney's fees.").

7        Because Ghodsian completely failed to respond to plaintiff's discovery requests, and the

8   court does not find that such failure was substantially justified or that other circumstances make

9   an award or expenses to plaintiff unjust, Ghodsian will be ordered to pay plaintiff the reasonable

10  expenses incurred in making this motion, including attorney's fees.  Ghodsian had an

11  opportunity to be heard regarding plaintiff's request for sanctions, but failed to appear at the

12  March 24, 2010 hearing.  The court finds that plaintiff's total expense amount of $562.50, based

13  on an hourly rate of $225 times 2.5 hours, is reasonable.

14  II.    MOTION TO VACATE OR MODIFY PROTECTIVE ORDER

15       As stated on the record, and for the reasons stated on the record, plaintiff's motion to

16  vacate or modify the October 26, 2006 protective order entered into between plaintiff and

17  defendants INSC, Khatemi, and Assadian, Dckt. No. 367, is denied.

18  III.   MOTION FOR AN ORDER TO PRESERVE DOCUMENTS

19       As stated on the record, and for the reasons stated on the record, plaintiff's request for an

20  order to preserve documents, Dckt. No. 367, is granted.  Defendants shall preserve the

21  documents at issue until plaintiff has completed its inspection of the documents.  As long as

22  plaintiff provides at least three days' notice to defendants of its intent to inspect the documents at

23  a particular date and time, the documents shall be made available to plaintiff's attorneys (and/or

24  any other individuals who are authorized to access the documents in accordance with the

25  October 26, 2006 protective order) for inspection any time during regular business hours until

26  plaintiff's inspection of the documents is complete.  If the inspection is not completed within

5

thirty days, plaintiff shall reimburse defendants the costs of storing the documents in their
current location beyond the thirty day period.

IV.    <u>CONCLUSION</u>

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel Ghodsian to respond to plaintiff's judgment
interrogatories and production demands, Dckt. No. 366, is granted;

2. Defendant Ghodsian shall respond to plaintiff's judgment interrogatories and
production demands within fourteen days from the filing date of this order;

3. Plaintiff's request for sanctions against Ghodsian, Dckt. No. 366, is granted;

4. Defendant Ghodsian shall, no later than thirty days from the filing date of this order,
reimburse plaintiff for its expenses incurred in making its motion to compel, in the total amount
of $562.50;

5. Plaintiff's motion to vacate or modify the October 26, 2006 protective order, Dckt.
No. 367, is denied; and

6. Plaintiff's motion for an order to preserve documents, Dckt. No. 367, is granted.

SO ORDERED.

DATED:  March 25, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE