UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORDTECH SYSTEMS, INC., a California corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>INTEGRATED NETWORK SOLUTIONS, INC., a Nevada corporation, dba INTEGRATED NETWORK SOLUTIONS, CORP. aka INTEGRATED NETWORK SOLUTIONS aka INTEGRATED SYSTEMS aka INTEGRATED NETWORK STORAGE COMPANY aka INSC; NASSER KHATEMI, an individual; HAMID ASSADIAN, an individual; EHTERAM GHODSIAN, an individual; SHOHREH JAVADI, an individual; MICHAEL F. ELLSWORTH, an individual; BRIAN J. DEAN, an individual; SAN JUAN UNIFIED SCHOOL DISTRICT; and DOES 1-50,<br><br>    Defendants. | No. 2:04-cv-01971-MCE-EFB<br><br><br><br>**ORDER** |

----oo0oo----

On November 17, 2008, following a jury trial, a verdict was rendered in favor of Plaintiff Wordtech Systems, Inc. and against Defendants Integrated Network Solutions, Inc. ("INSC"), Hamid Assadian, and Nasser Khatemi in the amount of $250,000.00.

1

Pursuant to Plaintiff's Motion, that verdict was thereafter trebled, from $250,000.00 to $750,000.00, by Memorandum and Order filed January 15, 2009. Additional briefing was requested as to Plaintiff's entitlement to attorney's fees, pre-judgment interest, and costs. On April 13, 2009, the previous $750,000.00 judgment was amended to include an additional $488,127.50 in attorney's fees, $110,705.47 in prejudgment interest, and $63.04 in costs for a total judgment against Defendants in the amount of $1,348,896.01.

Plaintiff thereafter obtained writs of execution against properties owned by Defendants on or about July 9, 2009, and subsequently sought and obtained this Court's authorization to register the judgments in other districts pursuant to 28 U.S.C. § 1963. Plaintiff also filed an action against Defendants on April 27, 2009 in the Superior Court of the State of California, County of Orange, alleging post-judgment fraudulent transfer and civil conspiracy with respect to certain alleged ownership changes in parcels of real property owned by Defendants. Finally, it appears that lis pendens have been filed against all three of the properties at issue.

Now before the Court is Plaintiff's Motion for Assignment Order, for Order Restraining Judgment Debtor, for Order Charging Member's Interest in a Limited Liability Company, and for Appointment of a Receiver in this Matter. That Motion has been opposed by Defendants Integrated Network Solutions Corp. and Hamid Assadian as both unnecessary, given the collection efforts already undertaken by Plaintiff as enumerated above, and duplicative, given Plaintiff's 2009 lawsuit filed in Orange County.

1    The Motion asks the Court to make specific directives
2 concerning rents and payments due with respect to the various
3 parcels of real property at issue.  The Court declines to become
4 immersed in such accounting details attendant to Plaintiff's
5 effort to collect on the judgment, and believes it would be
6 inappropriate to act as a collection conduit in that regard.
7 While appointment of a receiver under Eastern District Local Rule
8 123(d) may be an option in that regard, the appointment of a
9 receiver is an extraordinary remedy that should be employed only
10 with the utmost caution and granted only in cases of clear
11 necessity to protect Plaintiff's interest in the disputed
12 property.  See Wright & Miller, Federal Practice and Procedure
13 (1997) Vol. 12, § 2983.
14    The Court believes that high standard is not met by the
15 present case.  Plaintiff has already taken steps to execute on
16 the judgment, has filed lis pendens on the properties, and
17 further has filed an independent lawsuit with respect to any
18 fraudulent transfer.  In addition, with respect to the rental
19 properties, Hamid Assadian has presented evidence that the rental
20 income from the properties does not exceed the monthly mortgage
21 amount in any event.  Finally, as both sides recognize, the
22 judgment in question has also been appealed to the Federal
23 Circuit, and since argument on the appeal took place on
24 February 1, 2010, a decision is expected shortly.
25 ///
26 ///
27 ///
28 ///

3

1  Plaintiff has gone so far as to stipulate to stay its Orange
2  County action, at least in part so that the Federal Circuit can
3  make its ruling in the meantime.  Upon consideration of all these
4  factors, the Court does not believe that extraordinary relief in
5  the form of the appointment of a receiver is indicated at this
6  time.

7  Defendants nonetheless agree that Plaintiff is entitled to a
8  charging order of Defendant Hamid Assadian's interest in MAA
9  Investments, LLC pursuant to California Code of Civil Procedure
10 § 708.310.  Accordingly, IT IS HEREBY ORDERED THAT:
11    1.   MAA Investments, LLC shall assign the right to any
12         future payments under the promissory notes executed by
13         Hamid Assadian under the Long Form Deeds of Trust and
14         Assignment of Rents ("Deeds of Trust") to Wordtech
15         Systems, Inc. in the amount of the judgment plus
16         interest owed;
17    2.   MAA Investments, LLC shall assign payments already
18         received from Hamid Assadian under the promissory notes
19         executed by Assadian with the Deeds of Trust and held
20         by MAA Investments, LLC to Wordtech Systems, Inc. in
21         the amount of the judgment plus interest owed; and
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

4

3.   MAA Investments, LLC shall assign Hamid Assadian's interest in rent or payments due, or that will become due, from properties located at 1) 15 Almeria, Irvine, CA 92614 and 2) 8328 Regents Road, Unit 2E, San Diego, CA to Wordtech Systems in the amount of the judgment plus interest owed.

Plaintiff's Motion (Docket No. 381) is otherwise DENIED.[1]

IT IS SO ORDERED.

Dated: June 14, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument was not deemed to be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Local Rule 230(g).

5