IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WORDTECH SYSTEMS, INC.,

    Plaintiff,                                  No. CIV S-04-1971 MCE EFB

    vs.

INTEGRATED NETWORK
SOLUTIONS, INC., et al.,

    Defendants.                      <u>ORDER</u>
_____/

        On March 25, 2010, the undersigned issued an order which, among other things, granted plaintiff's motion to compel defendant Ehteram Ghodsian to respond to judgment interrogatories and production demands; granted plaintiff's related request for sanctions; ordered Ghodsian to respond to plaintiff's judgment interrogatories and production demands within fourteen days; and ordered Ghodsian to reimburse plaintiff for its expenses incurred in making its motion to compel, in the total amount of $562.50, within thirty days. Dckt. No. 379. Then, on April 2, 2010, Ghodsian filed a letter with the court regarding her "serious medical issues" and financial hardship, which the court construed in part, as a request for reconsideration by the undersigned of the March 25, 2010 order, pursuant to Local Rule 303. Dckt. Nos. 380, 391.

        Ghodsian's motion is predicated in part on her *pro se* status. *Pro se* litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v.*

*Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). "[Motions] for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989); *see also* E.D. Cal. L.R. 303(f) ("The standard that the assigned Judge shall use in all such requests is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A).").

Here, although Ghodsian appears to argue that she was not served with the discovery requests at issue,[1] Dckt. No. 380 at 1, she also states that she does not "have the language skills to comprehend or respond back to the plaintiff's questionnaire," *id.* at 2, which suggests that she did, in fact, receive the requests. Moreover, Ghodsian does not explain why she is just now raising these issues with the court. The discovery requests at issue were mail served on Ghodsian in October 2009, but Ghodsian did not provide any response thereto. Martinez Decl., Dckt. No. 395-2, ¶ 12. On December 3, 2009 and December 21, 2009, plaintiff met and conferred with Ghodsian by letter regarding her failure to respond, and enclosed a courtesy copy of the discovery, but Ghodsian again did not respond. *Id.* ¶ 13. Therefore, on January 8, 2010, plaintiff filed the motion to compel at issue. Dckt. No. 366. After Ghodsian failed to file a response to the motion, the undersigned continued the hearing on the motion to compel, directed Ghodsian to file a response to the motion, and ordered Ghodsian to show cause why she should not be imposed for her failure to file a response to the motion. Dckt. No. 370. Ghodsian did not file a response to the motion or to the order to show cause and did not appear at the rescheduled hearing. Only then did the court grant plaintiff's motion to compel and issue an order requiring

---

[1] Ghodsian also seems to argue that default judgment should not have been entered against her. Dckt. Nos. 380, 397. However, if Ghodsian seeks to challenge the entry of default judgment, she needs to file a proper motion before the assigned district judge, who entered the default judgment.

1 Ghodsian to respond to the requests and to reimburse plaintiff for its expenses incurred in
2 making the motion.  Because Ghodsian has not shown that there is any newly discovered
3 evidence that could not have been provided to the court prior to that ruling, nor has she shown
4 that the undersigned committed clear error or that there has been an intervening change in the
5 controlling law, Ghodsian's motion for reconsideration of the March 25, 2010 order will be
6 denied.

7     Defendant Ghodsian also requests that the court appoint counsel and provide her with an
8 interpreter.  Dckt. No. 380.  However, Ghodsian has not provided any authority supporting those
9 requests; therefore, the requests will be denied.[2]

10     Accordingly, IT IS HEREBY ORDERED that defendant Ghodsian's motion for
11 reconsideration, request for counsel, and request for an interpreter are denied.

12     SO ORDERED.

13 DATED:  June 22, 2010.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Although Ghodsian contends she has no income, she has not sought to proceed in this action *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Regardless, § 1915 only authorizes the appointment of counsel in exceptional circumstances.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("[C]ounsel may be designated under [28 U.S.C. §] 1915(d) only in 'exceptional circumstances'. . . .  A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'")).  Further, § 1915 does not authorize the expenditure of public funds for court-appointed interpreters.  *See Loyola v. Potter*, 2009 WL 1033398, at *2 (N.D. Cal. Apr. 16, 2009) ("The court is not authorized to appoint interpreters for litigants in civil cases, and, moreover, has no funds to pay for such a program.").