UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WORDTECH SYSTEMS, INC.                No. 2:04-cv-01971-MCE-EFB

     Plaintiff,

  v.                                    <u>MEMORANDUM AND ORDER</u>

INTEGRATED NETWORK SOLUTIONS,
INC., et al.,

     Defendants.

----oo0oo----

Plaintiff Wordtech Systems, Inc. ("Wordtech"), filed this patent infringement action on September 22, 2004.  A jury in this Court found Defendants INSC, Nasser Khatemi and Hamid Assadian each liable to Wordtech for direct infringement, contributory infringement, and inducement of infringement involving technology for automated duplication of compact discs.  As is relevant here, individual Defendants Khatemi and Assadian (hereafter jointly "Defendants") filed a post-trial motion for new trial, which was denied.  Defendants appealed the liability verdicts against them, and, on June 16, 2010, the Federal Circuit reversed the denial of Defendants' new trial motion and remanded to this Court.

1

Presently before the Court is Wordtech's subsequently-filed Motion for Partial Summary Judgment as to Inducement ("Motion"). Defendants, both of whom are proceeding pro se, each filed oppositions.  In conjunction with his opposition, Defendant Assadian requests relief from this case pursuant to Federal Rule of Civil Procedure 60(d)(1) and judicial review of the Federal Circuit's audio, transcript, and related attachments.  For the following reasons, Wordtech's Motion and Defendant Assadian's requests are DENIED.[1]

**BACKGROUND[2]**

In its operative First Amended Complaint, Wordtech alleges that Defendants infringed three of its patents, which cover "Programmable Self-Operating Compact Disk Duplication Systems," by modifying and selling "Robocopiers."  Robocopiers are disc duplication devices that copy video files from computers to multiple discs.  According to Wordtech, INSC, Khatemi and Assadian, among others, directly and contributorily infringed Wordtech's patents and induced third parties to do the same.

INSC, a Nevada corporation, was established by Khatemi's mother in early 1994.  In 1994 and 1995, INSC listed Khatemi as both President and Director on annual forms required to be filed under state law.

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Cal. Local Rule 230(g).

[2] The following facts are taken primarily from Wordtech Systems, Inc. v. INSC, 609 F.3d 1308 (Fed. Cir. 2010).

1  From 1995 through November of 2006, INSC failed to file any

2  further required statements, though eventually, after initiation

3  of this action, the corporation resumed at least some filings.

4      Despite the references to Khatemi on corporate documents,

5  Defendants both claim they never served as INSC officers.

6  According to Defendants, Khatemi was a "salesman" and Assadian

7  was an engineer responsible for "product development."  In

8  addition, and though Assadian was identified as the corporate

9  representative, Khatemi testified that individuals generally were

10 not given titles at INSC.  Defendants also testified that INSC

11 had only a handful of employees between 2000 and 2005 and that

12 Defendants were INSC's only full-time employees at the time of

13 trial.  Finally, Assadian testified that he and Khatemi were

14 primarily responsible for the company.

15     At the close of the trial on Wordtech's claims, the jury

16 found INSC and the individual Defendants liable on all

17 infringement theories, including inducement.  The jury determined

18 infringement of each patent was willful and awarded Wordtech a

19 total of $250,000 in damages.  This Court subsequently found the

20 case "exceptional" under 35 U.S.C. § 285, trebled damages, and

21 awarded Wordtech attorneys' fees, interest and costs.  Defendants

22 subsequently filed motions for judgment as a matter of law under

23 Rule 50 of the Federal Rules of Civil Procedure[3] and a motion for

24 new trial under Rule 59(a), all of which were denied.

25 ///

26 ///

27

28     [3] All further references to "Rule" or "Rules" are to the
   Federal Rules of Civil Procedure unless otherwise noted.

1    On appeal, Defendants challenged only the liability verdicts

2 against them individually, the damages award and this Court's

3 denial of their motion to amend their answer.  Pertinent for

4 purposes of Wordtech's instant Motion is Defendants' appeal as to

5 Wordtech's inducement claim.  The appellate court vacated the

6 liability verdicts on this theory because of mistakes in the

7 verdict forms and because that court believed the legal test for

8 inducement was never presented to the jury.  That court remanded

9 for this Court to determine whether a new trial is warranted,

10 stating as follows:

11        [W]e reverse the denial of [Defendants'] Rule 59(a)
          motion..., and remand for consideration of whether a
12        new trial is warranted on their individual liability
          for direct infringement, inducement, and contributory
13        infringement.  On remand, the district court should
          address the issues of piercing INSC's corporate veil
14        and INSC's corporate status, whether Wordtech preserved
          these arguments for trial, the law governing these
15        issues and whatever jury instructions might be
          necessary.
16

17 Wordtech, 609 F.3d at 1317-18.  Wordtech since filed its instant

18 Motion arguing that Defendants are liable as a matter of law for

19 inducement of infringement under 35 U.S.C. § 271(b).  In

20 addition, Defendant Assadian requested that this Court:

21 1) relieve him from this case pursuant to Rule 60(d)(1); and

22 2) grant judicial review of the appellate court's audio,

23 transcript, and related attachments.  Each of these requests is

24 denied.

25 ///

26 ///

27 ///

28 ///

**ANALYSIS**

**A.    Wordtech's Motion for Partial Summary Judgment.**

**1.    Resolution of Wordtech's Motion exceeds the scope of the mandate.**

Proceedings in this Court are limited by the Federal Circuit's mandate.  See Herrington v. County of Sonoma, 12 F.3d 901, 904-905 (9th Cir. 1993) ("rule of mandate allows a lower court to decide anything not foreclosed by the mandate"). According to the mandate here, it was unclear to the appellate court whether Wordtech's inducement theory was included in the Final Pretrial Order, in the jury instructions or in closing arguments. Wordtech, 609 F.3d at 1316. It was likewise unclear to that court whether Wordtech's theories in support of piercing the corporate veil were preserved for trial.  Id. at 1315.  The Federal Circuit's reversal for this Court to determine whether a new trial is warranted was therefore based not on the theory that the evidence adduced at trial was capable of supporting a dispositive motion short-circuiting the need for a further trial, but rather on the theory that, if the relevant issues were not preserved in the Final Pretrial Order, etc., no further trial may be warranted at all. Accordingly, contrary to Wordtech's unsupported assertion that entertaining dispositive motions is proper, Motion 6:25-27, no such motions should now be heard.  Instead, the threshold issue before the Court at this point is whether all relevant issues were preserved justifying a further trial as to Defendants' liability or whether judgment should simply be entered in favor of the individual Defendants now.  Wordtech's Motion is thus denied as exceeding the scope of the mandate.

5

## 2.   **Wordtech's Motion is untimely.**

Even if the mandate in this case was broad enough to encompass Wordtech's current Motion, the time for filing such a dispositive motion without leave of the Court has long since passed.  Federal Rule of Civil Procedure 56(b) states, "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."  Non-expert discovery closed on November 7, 2006, and expert discovery closed on January 23, 2007.  See Third Amended Pretrial Scheduling Order ("PTSO"), 2:8-9, 18-21.  Under Rule 56, any summary judgment motion was required to be filed by the end of February 2007.

Likewise, this Court's PTSO required that all dispositive motions be filed not later than April 23, 2007.  Id., 4:18-20. On September 2, 2008, months after expiration of the filing deadline, this Court denied a prior Wordtech request to extend time in which to file such motions.  Order Denying Motion to Modify PTSO (ECF No. 226).  Despite denial of that request over three years ago, Wordtech nonetheless makes no real attempt now to show why its current Motion is timely and should be permitted. In fact, though Wordtech states initially in its papers that it "seeks leave to file the forgoing motion for partial summary judgment as to inducement in light of the overwhelming evidence elicited at trial and during discovery," Wordtech provides no justification for its request and simply moves forward with its substantive arguments.  Motion, 2:20-22.
///

Wordtech's Motion thus fails as untimely and because Wordtech has not shown good cause why the Court's original deadlines should be amended.

### 3. Triable issues of fact preclude summary uudgment on the issue of inducement.

Finally, Wordtech's Motion is denied on the merits as well. The Federal Rules of Civil Procedure provide for summary judgment when "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations..., admissions, interrogatory answers, or other materials" "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323-324 (1986).

Rule 56 also allows a court to grant summary adjudication on part of a claim or defense. See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense-on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995); France Stone Co., Inc. v. Charter Township of Monroe, 790 F. Supp. 707, 710 (E.D. Mich. 1992). The standard that applies to a motion for summary adjudication is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a), 56(c); Mora v. ChemTronics, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).

1    A party seeking summary judgment always bears the
2    initial responsibility of informing the district court
     of the basis for its motion, and identifying those
3    portions of "the pleadings, depositions, answers to
     interrogatories, and admissions on file together with
     the affidavits, if any," which it believes demonstrate
4    the absence of a genuine issue of material fact.

5  Celotex Corp. v. Catrett, 477 U.S. at 323 (quoting Rule 56(c)).

6      If the moving party meets its initial responsibility, the

7  burden then shifts to the opposing party to establish that a

8  genuine issue as to any material fact actually does exist.

9  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

10 585-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S.

11 253, 288-89 (1968).

12     In attempting to establish the existence of this factual

13 dispute, the opposing party must tender evidence of specific

14 facts in the form of affidavits, and/or admissible discovery

15 material, in support of its contention that the dispute exists.

16 Fed. R. Civ. P. 56(c).  The opposing party must demonstrate that

17 the fact in contention is material, i.e., a fact that might

18 affect the outcome of the suit under the governing law, and that

19 the dispute is genuine, i.e., the evidence is such that a

20 reasonable jury could return a verdict for the nonmoving party.

21 Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52

22 (1986); Owens v. Local No. 169, Assoc. of Western Pulp and Paper

23 Workers, 971 F.2d 347, 355 (9th Cir. 1987).  Stated another way,

24 "before the evidence is left to the jury, there is a preliminary

25 question for the judge, not whether there is literally no

26 evidence, but whether there is any upon which a jury could

27 properly proceed to find a verdict for the party producing it,

28 upon whom the onus of proof is imposed."

1  Anderson, 477 U.S. at 251 (quoting Schuylkill and Dauphin

2  Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)).  As the

3  Supreme Court explained, "[w]hen the moving party has carried its

4  burden under Rule 56(c), its opponent must do more than simply

5  show that there is some metaphysical doubt as to the material

6  facts .... Where the record taken as a whole could not lead a

7  rational trier of fact to find for the nonmoving party, there is

8  no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 586-87.

9      In resolving a summary judgment motion, the evidence of the

10  opposing party is to be believed, and all reasonable inferences

11  that may be drawn from the facts placed before the court must be

12  drawn in favor of the opposing party.  Anderson, 477 U.S. at 255.

13  Nevertheless, inferences are not drawn out of the air, and it is

14  the opposing party's obligation to produce a factual predicate

15  from which the inference may be drawn.  Richards v. Nielsen

16  Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985),

17  aff'd, 810 F.2d 898 (9th Cir. 1987).

18      Wordtech asks this Court to hold as a matter of law that

19  Defendants are liable for inducement of infringement.  "Whoever

20  actively induces infringement of a patent shall be liable as an

21  infringer."  35 U.S.C. § 271(b).  "[I]nducement requires that the

22  alleged infringer knowingly induced infringement and possessed

23  specific intent to encourage another's infringement."  DSU Med.

24  Corp. v. JMS Co., 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc)

25  (quotations and citations omitted).  While some of Wordtech's

26  other individual liability theories are premised on a threshold

27  determination that the corporate veil has been pierced, a person

28  liable for inducement does not enjoy the same protections.

See Manville Sales Corp. v. Paramount Sys., Inc., 917 F.2d 544, 553 (Fed. Cir. 1990) ("[C]orporate officers who actively assist with their corporation's infringement may be personally liable for inducing infringement regardless of whether the circumstances are such that a court should disregard the corporate entity and pierce the corporate veil.") (emphasis in original).  Indeed, "it is well settled that corporate officers who actively aid and abet their corporation's infringement may be personally liable for inducing infringement under 35 U.S.C. § 271(b) regardless of whether the corporation is the alter ego of the corporate officer."  Orthokinetics, Inc. v. Safety Travel Chairs, Inc., 806 F.2d 1565, 1578-79 (Fed. Cir. 1986).  Wordtech does not cite to any authority indicating employees rather than officers can be held liable under this theory.

The threshold issue as to inducement is thus whether Defendants were corporate officers or mere employees.  Despite the large quantity of evidence favoring the jury finding that Defendants were officers of the corporation, and despite Defendants' lack of credibility at trial, there remains a factual dispute for current purposes as to whether Defendants were actually officers or employees.

For example, in support of its Motion, Wordtech relies on conflicting statements in Defendants' Answer and their discovery responses.  More specifically, in Defendants' Answer, they stated that Khatemi served as the Vice President of Marketing, but in discovery responses and at their depositions, Defendants averred that only Ehteram Ghodsian and Shohreh Javadi had ever served as officers or directors of INSC.

10

1  Separate Statement of Undisputed Facts ("SSUF") No. 8, 10.
2  Wordtech also submitted evidence that: 1) Khatemi was listed on
3  corporate records in 1994 and 1995 as INSC's president, director
4  and/or treasurer (SSUF No. 14, 15); 2) the corporation
5  historically had only a few employees, at times only Khatemi and
6  Assadian (SSUF 17-19); 3) Khatemi never had a boss at INSC and
7  hired Assadian and other INSC employees (SSUF 21-22); 4) Assadian
8  and Khatemi kept accounting records for the INSC accountant
9  (SSUF 23); 5) Khatemi kept sales and purchasing documents for
10 INSC (SSUF 24); 6) Assadian was designated as the corporation's
11 person most knowledgeable (SSUF 25); 8) Khatemi prepared INSC's
12 discovery responses (SSUF 26); 9) Khatemi negotiated a corporate
13 merger (SSUF 29); and 10) Assadian and Khatemi represented INSC
14 in negotiations (SSUF 30).  In support of these facts, however,
15 Wordtech relies almost entirely on Khatemi's and Assadian's
16 discovery responses, deposition transcripts and trial testimony.
17 Accordingly, Wordtech's Motion presents issues regarding which
18 portions of which testimony should be accepted or disregarded.
19 These factual disputes and the related credibility determinations
20 are more appropriately left for the jury.

21     The current Motion is similar to motions for summary
22 judgment Defendants filed prior to the original trial essentially
23 arguing the converse of the position advocated by Wordtech here.
24 See Defendants' Motions for Summary Judgment (Mar. 19, 2007) (ECF
25 No. 139, 140).  In those motions, Defendants argued Wordtech's
26 claims against them individually should be dismissed because
27 Defendants had never been officers of INSC and because they had
28 never acted outside the scope of their employment.

11

In light of Wordtech's contradictory evidence that Assadian had held himself out as owning and being in charge of INSC and that Khatemi and Assadian were the only two people working at INSC, the Court determined a triable issue of fact existed sufficient to preclude summary judgment.  <u>See</u> Memorandum and Order (June 25, 2007) (ECF No. 153).  The facts before the Court on the current Motion support the same conclusion here, and Wordtech's Motion fails on the merits.

       **B.   Defendant Assadian's Requests.**

      In his opposition to Wordtech's Motion, Defendant Assadian asks this Court to relieve him from this case pursuant to Rule 60(d)(1).  Rule 60(d) provides, "This rule does not limit a court's power to...entertain an independent action to relieve a party from a judgment, order, or proceeding."  Defendant provides no support for request, especially after having litigated this suit through a full trial on the merits and an appeal.  Defendant Assadian's request is thus denied.

      Defendant Assadian also requests judicial review of the Federal Circuit's audio, transcripts and attachments.  In light of the Court's denial of Wordtech's Motion, this request is denied as moot.

///
///
///
///
///

**CONCLUSION**

For the reasons stated above, Wordtech's Motion for Partial Summary Judgment (ECF No. 417) is DENIED.  Defendant Assadian's Request to be Relieved From This Case Pursuant to Rule 60(d)(1) (ECF No. 432) and his Request for Judicial Review of USCA Audio, Transcript, and related Attachments (ECF No. 433) are also DENIED.  The parties are ordered to file, not later than thirty (30) days following the date this Order is electronically filed, a Joint Status Report detailing their positions on the issues remaining to be decided and including a proposed briefing schedule with regard to those issues.

IT IS SO ORDERED.

Dated: July 6, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE