UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| WORDTECH SYSTEMS, INC., | No. 2:04-cv-01971-MCE-EFB |
| Plaintiff, | |
| v. | ORDER |
| INTEGRATED NETWORK SOLUTIONS, INC., et al., | |
| Defendants. | |

Plaintiff Wordtech Systems, Inc. ("Wordtech"), filed this patent infringement action on September 22, 2004. A jury in this Court found Defendants INSC, Nasser Khatemi and Hamid Assadian each liable to Wordtech for direct infringement, contributory infringement, and inducement of infringement involving technology for automated duplication of compact discs. Defendants appealed to the Federal Circuit, which reversed this Court's denial of Defendants' Motion for New Trial and remanded "for a new trial on damages" and "for consideration of whether a new trial is warranted on [Defendants'] individual liability for direct infringement, inducement, and contributory infringement."

1

<u>Wordtech Systems, Inc. v. INSC</u>, 609 F.3d 1308, 1317, 1322 (Fed. Cir. 2010). This Court was instructed to address, among other things, "the issues of piercing INSC's corporate veil and INSC's corporate status" and "whether Wordtech preserved these arguments for trial." <u>Id.</u> at 1317-18.

The Court has reviewed the Joint Status Report subsequently filed by Wordtech and the Individual Defendants.[1] Having considered the decision of the Federal Circuit and the entire record in this case, the Court now bifurcates this action for further proceedings. In phase one, the Court will resolve the question of which issues warrant a new trial before proceeding to phase two, in which the Court will hold a trial on any of those remaining issues and damages. Accordingly, IT IS HEREBY ORDERED that:

1. Wordtech's Opening Brief as to individual liability, corporate validity and infringement, including whether those issues identified by the Federal Circuit were preserved for trial, shall be filed not later than thirty (30) days following the date this Order is electronically filed.[2]

2. The Individual Defendants' Opposition briefs on the above issues shall be filed not later than thirty (30)

---

[1] INSC did not join in that filing since the entity is currently unrepresented by counsel. <u>See</u> E.D. Cal. Local Rule 183(a) ("A corporation or other entity may appear only by an attorney.").

[2] Let it be clear that the Court wants to know which issues should be re-tried. As this Court stated in its prior Memorandum and Order, this is not an opportunity for the parties to file dispositive motions on the merits. <u>See</u> ECF No. 437.

days following the date Wordtech's Opening Brief is electronically filed.

3. Wordtech's Reply Brief on the above issues shall be filed not later than fifteen (15) days following the date the Individual Defendants' Opposition is electronically filed.

4. The Court will not entertain oral argument in the first phase of these proceedings unless a hearing is set by further order of this Court.

5. The Opening Brief and Oppositions shall not exceed twenty (20) pages each, and the Reply brief shall not exceed ten (10) pages.

6. Not later than forty-five (45) days following the date this Order is electronically filed, INSC is directed to file an association of counsel with the Court.  Failure to comply with this Order will result in sanctions, up to and including the striking of INSC's Answer to Wordtech's First Amended Complaint.  See E.D. Cal. Local Rule 110.

IT IS SO ORDERED.

Dated: March 27, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

3