UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORDTECH SYSTEMS, INC., | No. 2:04-cv-01971-MCE-EFB |
| Plaintiff, | |
| v. | ORDER |
| INTEGRATED NETWORK SOLUTIONS, INC., et al., | |
| Defendants. | |

Plaintiff Wordtech Systems, Inc. ("Wordtech"), filed this patent infringement action on September 22, 2004. A jury in this Court found Defendants Integrated Network Solutions, Inc. ("INSC"), Nasser Khatemi and Hamid Assadian (collectively, "Defendants") each liable to Wordtech for direct infringement, contributory infringement and inducement of infringement involving technology for automated duplication of compact discs. Defendants filed a post-trial motion for new trial, which was denied. As is relevant here, the individual Defendants appealed the liability verdicts against them, and all Defendants appealed the jury's verdict as to damages.

1

The Federal Circuit reversed the denial of Defendants' new trial motion and remanded to this Court.  Presently before the Court is supplemental briefing filed by both Wordtech and individual Defendants, who are now proceeding pro se, regarding those issues to be tried on remand.  For the following reasons, trial will be had on the issues of whether: 1) the individual Defendants are liable for contributory infringement; 2) the individual Defendants are liable for inducement of infringement; and 3) damages.

## BACKGROUND[1]

In its operative First Amended Complaint ("FAC"), Wordtech alleges that Defendants infringed three of its patents, which cover "Programmable Self-Operating Compact Disk Duplication Systems," by modifying and selling "Robocopiers."  Robocopiers are disc duplication devices that copy video files from computers to multiple discs.  According to Wordtech, INSC, Khatemi and Assadian, among others, directly and contributorily infringed Wordtech's patents and induced third parties to do the same.

At trial, Wordtech attempted to elicit testimony going to the validity of INSC as a corporation and to the issue of piercing the corporate veil.  Defendants objected to that evidence as irrelevant, and the evidence was eventually excluded on the basis that Wordtech's arguments were not encompassed within the Court's Final Pretrial Order ("FPTO").

---

[1] The following facts are taken primarily from Wordtech Systems, Inc. v. INSC, 609 F.3d 1308 (Fed. Cir. 2010).

2

In addition, prior to closing arguments, Plaintiff moved to amend its FAC to address "the identity of the corporation," and that motion was denied. Finally, Defendants addressed Wordtech's entity-related theories in their closing arguments, but the jury was not instructed on these issues.

At the close of the trial, the jury found Defendants liable on all infringement theories. The jury determined infringement of each patent was willful and awarded Wordtech a total of $250,000 in damages. This Court subsequently found the case "exceptional" under 35 U.S.C. § 285, trebled damages, and awarded Wordtech attorneys' fees, interest and costs. Defendants thereafter filed motions for judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure[2] and a motion for new trial under Rule 59(a), all of which were denied.

On appeal, the individual Defendants challenged the liability verdicts against them individually, and all Defendants challenged the jury's damages award. That court remanded for this Court to determine whether a new trial is warranted, stating as follows:

> [W]e reverse the denial of [Defendants'] Rule 59(a) motion..., and remand for consideration of whether a new trial is warranted on their individual liability for direct infringement, inducement, and contributory infringement. On remand, the district court should address the issues of piercing INSC's corporate veil and INSC's corporate status, whether Wordtech preserved these arguments for trial, the law governing these issues and whatever jury instructions might be necessary.

///

---

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

3

Wordtech, 609 F.3d at 1317-18.  The circuit court also raised concerns as to whether a new trial should properly encompass Wordtech's inducement theory given that, though the verdict form made clear the parties intended the litigate the claim, the word "inducement" does not appear in the FPTO and the theory was not specifically argued by either side at trial nor was it included among the jury instructions.

On remand, this Court ordered supplemental briefing as to which of the issues identified by the Federal Circuit should be re-litigated.  That supplemental briefing is complete.  Having reviewed the parties' arguments, the record in this case, and the applicable law, the Court now holds that a new trial is required on the individual Defendants' liability for contributory infringement and inducement and on damages.

**ANALYSIS**

**A. Direct Infringement.**

Pursuant to 35 U.S.C. § 271(a), "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent."  "Title 35 authorizes a finding that an officer of a corporation is personally liable for the corporation's acts of infringement."  Al-Site Corp. v. VSI Intern., Inc., 174 F.3d 1308, 1331 (Fed. Cir. 1999).

///

"Personal liability under § 271(a), however, requires sufficient evidence to justify piercing the corporate veil." Id. In order to maintain a claim for direct infringement against corporate officers for a corporation's infringement, Plaintiff must therefore plead and prove, for example, that the corporate entity is a sham or that the corporate veil should be pierced to impose liability on the individual Defendants. See, e.g., Timeline, Inc. v. Proclarity Corp., 2006 WL 2038255, *3-4, n.1 (W.D. Wash.) (dismissing direct infringement claims for failure to plead grounds to justify piercing the corporate veil) (citing P.N.A. Constr. Techs., Inc. v. McTech Group, Inc., 2006 WL 738721, *2 n.2 (N.D. Ga.); St. Paul Furniture Mfg. Co. v. Bergman, 935 F. Supp. 1180, 1186 n.6 (D. Kan. 1996)).

The issue of whether the individual Defendants can be held liable under § 271(a) was not preserved for trial in this case because not only did Plaintiff not plead that INSC is a sham entity or that its corporate veil should be pierced for any reason, but that issue was also not included in the Court's Final Pretrial Order ("FPTO") as a disputed question. See FAC (ECF No. 22); ECF No. 157 (FPTO), 3:5-4:7. The Ninth Circuit has stated that:

> Pretrial orders play a crucial role in implementing the purposes of the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Unless pretrial orders are honored and enforced, the objectives of the pretrial conference to simplify issues and avoid unnecessary proof by obtaining admissions of fact will be jeopardized if not entirely nullified. Accordingly, a party need offer no proof at trial as to matters agreed to in the order, nor may a party offer evidence or advance theories at the trial which are not included in the order or which contradict its terms.

1  <u>United States v. First Nat. Bank of Circle</u>, 652 F.2d 882,
2  886 (9th Cir. 1981).  Indeed, the Court in this case advised
3  the parties during the course of Plaintiff's case-in-chief
4  that issues not included within the FPTO would not be
5  litigated.  <u>See</u> Trial Transcript (ECF No. 260), 30:24-37:14
6  (November 10, 2008).  The Court further pointed out that the
7  FPTO can only be amended "to prevent manifest injustice."
8  <u>Id.</u> (referring to Fed. R. Civ. P. 16(e)).  No basis for
9  finding manifest injustice was presented during trial to
10 justify modifying the FPTO to include issues pertaining to
11 corporate validity, nor is any plausible argument presented
12 now.  Accordingly, the Court now finds that Plaintiff waived
13 its right to attempt to pierce the corporate veil or, as a
14 consequence, to hold the individual Defendants' liable for
15 direct infringement.

16  The Court is cognizant that Plaintiff in this case believes
17 the FPTO was amended by consent of the parties to conform to the
18 proof offered at trial.  Defendants, however, objected to the
19 presentation of evidence going to corporate invalidity, Trial
20 Transcript (ECF No. 258), 141:11-24 (November 4, 2008), and, as
21 stated above, the Court clarified that issues not included in the
22 FPTO would not be litigated, Trial Transcript (ECF No. 260),
23 30:24-37:14 (November 10, 2008).  In keeping with the Court's
24 ruling, the jury was not instructed on the corporate issues.
25 ///
26 ///
27 ///
28 ///

6

1  In sum, then, Defendants did not litigate by consent the issues
2  of whether INSC was a sham entity or whether the corporate veil
3  should be pierced.[3]  These issues will not be tried now, nor, as
4  a consequence, will the issue of the individual Defendants'
5  liability for direct infringement.

**B. Contributory Infringement.**

According to the Federal Circuit, this Court's "legal error in presenting the contributory infringement issue to the jury requires a new trial." Wordtech, 609 F.3d at 1317. Accordingly, the Court now finds that the issue of the individual Defendants' personal liability for contributory infringement must be re-tried.

///
///
///
///
///
///
///

---

[3] The Court is also aware that Plaintiff takes issue with the Court's statement that the individual Defendants were still "on the line" despite the failure to include corporate validity issues as triable questions within the FPTO. Trial Transcript (ECF No. 60), 35:23-36:2 (November 10, 2008). The Court's statement, however, is entirely consistent with its rejection of Plaintiff's attempt to bring in the corporate issues at trial because the individual Defendants were still individually "on the line" for contributory infringement and for inducement without regard to the validity of the corporate structure. See, e.g., Wordtech, 609 F.3d at 1316-17.

7

**C. Inducement of Infringement.**

Primarily based on the Federal Circuit's finding that "Wordtech's counsel confirmed [that] inducement was not raised in the Final Pretrial Order, in the jury instructions, or in the closing arguments," the appellate court remanded to this Court to determine whether a new trial should be had on the issue. Id. at 1316. The appellate court's assessment of the facts, however, is not entirely accurate.

First, Wordtech's counsel did confirm that the word "inducement" did not appear in the FPTO. Oral Arg. 27:42-28:16, available at http://oralarguments.cafc.uscourts.gov/mp3/2009-1454.mp3. The Court finds, however, that, despite omission of the word "inducement," this theory of liability was nonetheless included within that Order. "A pretrial order…should be liberally construed to permit any issues at trial that are embraced within its language." Miller v. Safeco Title Ins. Co., 758 F.2d 364 (9th Cir. 1985) (internal quotations and citations omitted). In this case, the disputed factual issues incorporated within the FPTO were taken verbatim from the parties' Joint Pretrial Statement (ECF No. 154), which refers to all Defendants collectively as "INSC," and states that the parties will litigate whether "INSC has directly and contributorily infringed on the Patents-In-Suit under 35 U.S.C. §271(a), (b), (c) and/or (f)." Section 271(b) is the statutory section addressing inducement. Accordingly, the individual Defendants' liability for inducement was included within the FPTO.

///

Moreover, it was only through an apparent oversight that the jury did not receive a specific instruction on inducement. See Wordtech Supplemental Brief (ECF No. 440), 8:2-3. Regardless, the Court did instruct the jury that "Wordtech…argues that INSC, Nasser Khatemi, and Hamid Assadian have contributed to and/or actively induced the infringement of [the Patents]," and that theory was included on the verdict form provided to the jury. Trial Transcript (ECF No. 261), 97:8-11 (November 12, 2008). Accordingly, the Court finds that the issue of inducement should be re-litigated and a new trial on that theory should thus be had.

**CONCLUSION**

For the reasons stated above, this case will be set for a new trial on the issues of the individual Defendants' liability for contributory infringement and for inducement of infringement, as well as on damages. Not later than thirty (30) days following the date this Memorandum and Order is electronically filed, the parties are directed to file a Joint Pretrial Statement. A new FPTO setting this matter for trial will issue thereafter.

IT IS SO ORDERED.

Dated: August 6, 2012

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE