UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----

WORDTECH SYSTEMS, INC., a California corporation,

    Plaintiff,

    v.

INTEGRATED NETWORK SOLUTIONS, INC., a Nevada corporation, dba INTEGRATED NETWORK SOLUTIONS, CORP. aka INTEGRATED NETWORK SOLUTIONS aka INTEGRATED SYSTEMS aka INTERNET NETWORK STORAGE COMPANY aka INSC, et al.,

    Defendants.

No. 2:04-cv-01971-MCE-EFB

**MEMORANDUM AND ORDER**

----

Through this action Plaintiff Wordtech Systems, Inc. ("Plaintiff") seeks redress from Defendants Integrated Network Solutions, Inc. ("INSC"), Hamid Assadian, and Nasser Khatemi, among others (collectively, "Defendants"), for direct and contributory patent infringement. Presently before the Court is Defendant Khatemi's Motion Seeking Injunctions and Sanctions for Plaintiff's attorneys' alleged violations of the automatic stay of the case against Khatemi ordered by the bankruptcy court.

///

(ECF Nos. 457, 459.) For the reasons set forth below, Defendant Khatemi's motion is dismissed.[1]

## BACKGROUND[2]

The following general factual background is relevant to the instant motion. On August 6, 2012, the Court ordered the parties to file a Joint Pretrial Statement within thirty days. On August 17, 2012, Plaintiff sent a draft of the Joint Pretrial Statement to Defendants Assadian, Khatemi, both proceeding pro se, and to Defendant INSC. Defendant INSC informed Plaintiff that Defendants had no money and would likely be filing for bankruptcy. However, Plaintiff received no further communication from Defendants INSC or Khatemi. On August 29, 2012, Defendants INSC and Khatemi filed Chapter 7 bankruptcy petitions, resulting in an automatic stay of Plaintiff's case against those two Defendants pursuant to 11 U.S.C. § 362(a)(1).[3] That same day, Defendant INSC filed a notice of commencement of bankruptcy proceedings with this Court.

The following day, August 30, 2012, Plaintiff sent Defendants Khatemi and Assadian an email that included a new draft of the Joint Pretrial Statement. On August 31, 2012, INSC's counsel informed Plaintiff that he believed Defendant Khatemi had filed a bankruptcy petition. On September 4, 2012, Plaintiff searched PACER and confirmed that Defendant Khatemi had, in fact, filed a bankruptcy petition. On September 5, 2012, Defendant Khatemi filed notice of the petition with the Court.

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

[2] The following facts are taken from Plaintiff's Statement of Facts. (ECF No. 463 at 2-4.)

[3] 11 U.S.C. § 362(a)(1) provides: "Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, . . . operates as a stay, applicable to all entities, of the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."

On September 5, 2012, Plaintiff filed a Joint Pretrial Statement.  On September 6, 2012, Plaintiff and Defendant Assadian filed a Corrected Joint Pretrial Statement.  On September 7, 2012, Plaintiff's counsel emailed the Corrected Joint Pretrial Statement to Defendant Khatemi, as his address for service listed in this case is different from that listed in his bankruptcy petition.

Defendant Khatemi brought the instant motion on September 26, 2012, alleging that Plaintiff's August 30 and September 7 emails violated the bankruptcy court's automatic stay of the case against him.  (ECF No. 457, 459.)  He requests that the Court issue an order requiring Plaintiff and Plaintiff's attorneys, Richard Peterson and Marilyn Riddervold, to abide by the terms of the automatic stay.  Moreover, Defendant Khatemi requests that the Court sanction Plaintiff and Plaintiff's attorneys for their conduct.  Plaintiff timely opposed the motion.  (ECF No. 463.)

## ANALYSIS

Plaintiff contends that the Court lacks subject matter jurisdiction over Defendant Khatemi's claim for violation of the automatic stay.  Pursuant to 28 U.S.C. § 157(a), "each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."  Furthermore, the Eastern District of California's Local General Order 182[4] states: "[t]his [C]ourt hereby refers to the bankruptcy judges of this district all cases under [t]itle 11, and all proceedings arising under [t]itle 11 or rising in or related to cases under [t]itle 11."  An action alleging a willful violation of the automatic stay is created by § 362(h) of title 11 of the United States Code, and therefore arises under title 11 for purposes of 28 U.S.C. § 157(a) and Local General Order 182.  See In re Davis, 177 B.R. 907, 912 (B.A.P. 9th Cir. 1995) (citing Price v. Rochford, 947 F.2d 829, 832 n.1 (7th Cir. 1991)).

---

[4] Reenacted by E.D. Cal. General Order 223.

Thus, "the bankruptcy court [has] subject matter jurisdiction over all claims alleging willful violation of the automatic stay . . . ." Id.

Because Defendant Khatemi's claim alleging that Plaintiff and Plaintiff's attorneys willfully violated the bankruptcy court's automatic stay arises under title 11, the bankruptcy court has subject matter jurisdiction over Defendant Khatemi's claim.

## CONCLUSION

For the reasons set for above, Defendant Khatemi's Motion Seeking Injunction and Sanctions is dismissed for lack of subject matter jurisdiction. (ECF Nos. 457, 459.)

IT IS SO ORDERED.

Dated:  November 6, 2012

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE