UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORDTECH SYSTEMS, INC. a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTEGRATED NETWORK SOLUTIONS, INC., a Nevada corporation DBA INTEGRATED NETWORK SOLUTIONS CORP., aka INTEGRATED NETWORK SOLUTIONS, aka INTEGRATED SYSTEMS, aka INTERNET NETWORK STORAGE COMPANY, AKA INSC., et al.,<br><br>Defendants. | No. 2:04-cv-01971-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

   Through this action Plaintiff Wordtech Systems, Inc. ("Wordtech") seeks redress from Defendants Integrated Network Solutions, Inc. ("INSC"), Hamid Assadian ("Assadian"), and Nasser Khatemi ("Khatemi"), among others (collectively, "Defendants"), for direct and contributory patent infringement.  Presently before the Court is Assadian's Motion to Request Stay of the Entire Action, requesting that the Court stay all proceedings pending the conclusion of Khatemi's bankruptcy proceedings. (ECF No. 456.)

///

Assadian argues that it would be a waste of judicial resources for the Court to stay the proceedings against INSC and Khatemi but to allow Wordtech's case against Assadian to proceed, as this course of action would potentially result in two separate trials on essentially the same issues. (ECF No. 456 at 4.) Assadian also contends that he is unable to prepare for trial due to his inability to contact his co-defendants, as a result of the automatic stay. (ECF No. 456 at 2.) Finally, Assadian argues that "the better portion of the new trial . . . will be on damages . . . [which] are mostly attributed to direct infringement against . . . INSC." (ECF No. 456 at 4.) Wordtech filed a timely opposition, arguing that an extension of the automatic stay is within the bankruptcy court's jurisdiction, that 11 U.S.C. § 362 does not apply to Assadian, and that Assadian's claims that he does not have access to documents, and that damages cannot be determined without the presence of INSC, are untrue. (ECF No. 460.)

For the reasons set forth below, the Motion to Request Stay of the Entire Action is GRANTED.[1]

## BACKGROUND[2]

Wordtech commenced this action in 2004, alleging that Defendants directly and contributorily infringed Wordtech's patents. In November 2008, a jury found Defendants liable for willful infringement. (ECF No. 249.) Due to errors in the jury instructions, the Federal Circuit remanded the case to this Court to determine whether a new trial was warranted. (ECF No. 403.) The Court found that a new trial was warranted to determine several issues, including whether the individual Defendants are liable for contributory infringement, whether the individual Defendants are liable for inducement of infringement, and damages for each of the three Defendants. (ECF No. 448.)

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

[2] The following recitation of facts is taken from Wordtech's Opposition to Defendant Assadian's Motion to Stay Entire Action. (ECF No. 460.)

On August 6, 2012, the Court ordered the parties to file a Joint Pretrial Statement within thirty days. (ECF No. 448.) On August 17, 2012, Wordtech sent a draft of the Joint Pretrial Statement to Assadian, Khatemi, both proceeding pro se, and to INSC. INSC informed Wordtech that Defendants had no money and would likely be filing for bankruptcy. However, Wordtech received no further communication from INSC or Khatemi. On August 29, 2012, INSC and Khatemi filed Chapter 7 bankruptcy petitions, resulting in an automatic stay of Wordtech's case against those two Defendants pursuant to 11 U.S.C. § 362(a)(1).[3] (ECF Nos. 449, 450, 451.) That same day, INSC filed a notice of commencement of bankruptcy proceedings with this Court. In recognition of the automatic stay, Wordtech sent Assadian and Khatemi a third draft of the agreement on August 30, 2012, removing allegations against INSC.

On August 31, 2012, INSC's counsel informed Wordtech that he believed that Khatemi had filed a bankruptcy petition. On September 4, 2012, having not heard from Khatemi, Wordtech searched PACER and discovered that Khatemi had indeed filed a bankruptcy petition. On September 5, 2012, Khatemi filed his notice of commencement of bankruptcy proceedings with this Court. (ECF No. 451.)

The parties experienced difficulties in drafting their Joint Pretrial Statement, which Wordtech attributes to Assadian's failure to cooperate in a timely manner (ECF No. 460) and which Assadian attributes to his co-defendants' notices of bankruptcy (ECF No. 456). Assadian contends the automatic stays bar him from contacting his co-defendants to gather documents and prepare for trial. (ECF No. 456).

///
///
///
///

---

[3] 11 U.S.C. § 362(a)(1) provides: "Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, . . . operates as a stay, applicable to all entities, of the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."

**DISCUSSION**

11 U.S.C. § 362(a)(1) automatically stays actions when one party files for bankruptcy. "The automatic stay provisions of the Bankruptcy Code prohibit the continuation of a judicial action against the debtor that was commenced before the bankruptcy; the Code also prohibits 'any act to obtain possession of property of the estate . . . or to exercise control over the property of the estate." In re White, 186 B.R. 700, 703 (B.A.P. 9th Cir. 1995) (internal citations omitted). "The automatic stay provision of the Bankruptcy Act is designed to shield the debtor from the burdens of litigation during the processes of bankruptcy." Seiko Epson Corp. v. Nu-Kote Int'l., Inc., 190 F.3d 1360, 1364 (Fed. Cir. 1999) (citing Fortier v. Dona Anna Plaza Partners, 747 F.2d 1324, 1330 (10th Cir. 1984)). "As a general rule, "[t]he automatic stay of [§] 362(a) protects only the debtor, property of the debtor or property of the estate. It does not protect non-debtor parties or their property. Thus, [§] 362(a) does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor." Id. at 1364 (quoting In re Chugach Forest Prods., Inc., 23 F.3d 241, 246 (9th Cir. 1994)). That is, "unless the assets of the bankrupt estate are at stake, the automatic stay does not extend to actions against parties other than the debtor, such as co-debtors and sureties." United States v. Dos Cabezas Corp., 995 F.2d 1486, 1491 (9th Cir. 1993) (internal citations omitted).

However, an automatic stay of litigation against one bankrupt defendant may be extended to non-bankrupt co-defendants if the bankrupt defendant is a necessary or indispensable party.

///
///
///
///
///

In re James Wilson Assocs., 965 F.2d 160, 170 (7th Cir. 1992) (Posner, J.) (stating that although a bankruptcy stay typically is not extended to co-defendants, "there may be an exception where the debtor is an indispensable party to the litigation"); see also Zurich Amer. Ins. Co. v. Trans Cal Associates, No. 2:10-cv-01957, 2011 WL 6329959, at *2–3 (E.D. Cal. Dec. 16, 2011) (explaining the "unusual circumstances" exception and ultimately staying the action as to non-bankrupt co-defendants pursuant to the court's inherent authority).  This exception applies "where: (1) there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor, or (2) extending the stay against codefendants contributes to the debtor's efforts of rehabilitation." Dos Cabezas Corp., 995 F.2d at 1491 n.3 (internal citations and quotations omitted).  "If the 'unusual circumstances' exception applies, however, the weight of authority holds that it is the bankruptcy court that must extend the automatic stay," and not the district court.  Zurich Amer. Ins. Co., 2011 WL 6329959, at *2 (internal citations omitted); J&J Sports Prods., Inc. v. Brar, 2:09-cv-03394-GEB-EFB, 212 WL 4755037, at *1 (E.D. Cal. Oct. 3, 2012).

      On the record before the Court, the automatic stay under § 362 does not extend to Wordtech's claims against Assadian.  Assadian has not adequately demonstrated to the Court that there is identity between himself and either Khatemi or INSC such that a judgment against Assadian will, in effect, be a judgment against either of the two other Defendants.  Nor has Assadian demonstrated that extending the § 362 stay to him will contribute to the rehabilitation efforts of Khatemi or INSC.  Moreover, this Court does not have the authority to extend the stay of § 362 to Assadian.  See supra.

      Nonetheless, the Court does have the authority to stay the entire action under its inherent authority to do so.  A "trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."

///

Mediterranean Enters., Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983) (quoting Levya v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979), cert. denied, 444 U.S. 827 (1979)).  The power to issue a stay derives from a federal district court's power to control its docket and ensure that cases before it are justly determined.  Leyva, 593 F.2d at 864.  A federal district court has broad discretion in deciding whether to issue a stay.  See Fed. Sav. & Loan Ins. Corp. v. Molinaro, 889 F. 2d 899, 902 (9th Cir. 1989).  A stay is appropriate when "a later trial of the claims against [another] defendant could involve the relitigation of most if not all of the issues litigated in the first proceeding." J&J Sports Prods., Inc., 2012 WL 4755037, at *2.  Other district courts have found that a stay is appropriate when "it would be more efficient to stay the entire case while claims against [some defendants] are subject to the automatic stay, rather than to proceed with [the] litigation on a piecemeal basis." Beardsley v. All Am. Heating, Inc., C05-1962P, 2007 WL 1521225 (W.D. Wash. May 22, 2007).

      In this case, the interests of judicial economy and efficiency are served by staying the entire case, including Wordtech's claims against Assadian.  Allowing Wordtech to proceed with its claims against Assadian, and thus go to trial first against Assadian and later against INSC and Khatemi would waste judicial resources.  The claims against Defendants are substantially similar and related.  (See ECF No. 437 (granting a new trial to determine whether Assadian induced or contributed to INSC's infringement of Wordtech's patents).)  While Wordtech argues that continuing the case against Assadian will affect neither the remaining Defendants nor their property (ECF No. 460 at 7), the Court finds that judicial resources will be conserved by staying the entire action pending the conclusion of the bankruptcy proceedings, rather than continuing the litigation on a piecemeal basis.

////
///
///
///

**CONCLUSION**

For the reasons set forth above, Assadian's Motion to Request Stay of the Entire Action is GRANTED.  All proceedings in this case are hereby stayed pending the conclusion of Khatemi and INSC's bankruptcy proceedings.

IT IS SO ORDERED.

Dated:  December 4, 2012

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE