Hamid Assadian
22 Nerval
Newport Beach, CA 92657
Ph. (949) 436-8494
Email: hrassadian@yahoo.com

HAMID ASSADIAN
Defendant
PRO SE

**FILED**

DEC - 6 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| WORDTECH SYSTEMS, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>INTEGRATED NETWORK SOLUTIONS, Inc. a Nevada corporation Corp. DBA INTEGRATED NETWORK SOLUTIONS CORP. AKA INTEGRATED NETWORK SOLUTIONS AKA INTEGRATED SYSTEMS AKA INTERNET NETWORK STORAGE COMPANY, AKA INSC; NASSER KHATEMI, an individual, HAMID ASSADIAN, an Individual, EHTERAM GHODSIAN, an individual, SHOHREH JAVADI, an individual, MICHAEL F. ELLSWORTH, an individual; BRIAN J. DEAN, an individual; SAN JUAN UNIFIED SCHOOL DISTRICT; and DOES 1 – 50,<br><br>Defendants<br><br>AND RELATED CROSS-ACTION | Case No.: **2:04-CV-01971 TLN EFB**<br><br>**DEFENDANT ASSADIAN'S NOTICE OF MOTION AND MOTION TO REQUEST TO DISMISS THE PENDING ACTION IN THE EASTERN DISTRICT BASED UPON IMPROPER VENUE PURSUANT TO [FRCP 12(B)(3)] and [28 U.S.C. 1400(B)]**<br><br><br>Hearing Date: January 16, 2014<br>Time:          2:00 P.M.<br>Courtroom:   2, **15th Floor**<br>**Judge: Hon. TROY L. NUNLEY** |

Defendant Hamid Assadian (Defendant Assadian) provides the following memorandum of

points and authorities in support of his motion to request to dismiss the pending action based upon

improper venue.

DEFENDANT Assadian's Motion to Request to dismiss the pending action based upon improper venue

1

Alternatively, if this Honorable Court does not wish to grant a dismissal of the case due to improper venue, Defendant Assadian requests this Honorable Court to transfer the case to the Central District of California where all remaining defendants reside. Defendant Assadian does not waive his rights as to the choice of venue by this special appearance and filing of this notice of a motion as well as the motion to dismiss the pending action in the Eastern District based upon improper venue.

Defendant Assadian hereby incorporates all documents on the docket for this referenced case as well as trial and session transcripts including but not limited to the Honorable Court's order dated 1/7/2005 (Doc. 21), Court's order dated 8/6/2012 (Doc. 448), and attached Declaration of Hamid Assadian In Support Of His Motion to Dismiss the Case Based Upon The Venue, in order to avoid repeated arguments and disclosures. Defendant Assadian hereby requests a Judicial Review of the above documents and their corresponding transcripts, and all of their respective attachments.

Defendant Assadian hereby seeks forgiveness for any possible errors and/or omission on his part for his Pro Se motion. Defendant Assadian has read what he has believed to be relevant Eastern District Rules and Procedures and assures this Court of his full and unconditional intent to follow the law and this Court's Rules and Procedures. As a Pro Se Defendant, Defendant Assadian relies on this Hon. Court for law and research so that the principals of fairness and justice can be upheld.

Defendant Assadian, a mere employee of a company (Defendant INSC which is now bankrupt), has suffered enough during the past nine years. Defendant Assadian has spent the past nine years of his life dealing with this case and is completely and unconditionally exhausted. Defendant Assadian sought an appeal to the US Court of Appeals so that he could move on with his life. Seeking justice has turned out to be a life-long teaching lesson and an ordeal that he would never forget. Now in its tenth year, and as soon as the "stay of proceeding" is terminated, Defendant Assadian requests from this Honorable Court to force Plaintiff Wordtech to obey the law and pursue all defendants for the new

DEFENDANT Assadian's Motion to Request to dismiss the pending action based upon improper venue

trial that is ordered by the Honorable Court in the Central District of California where all defendants as well as the majority of the witnesses reside. The people under the jurisdiction of the Eastern District have done their part during the past nine years for Wordtech. Defendant Assadian believes that the resources of the Eastern District should not be spent on the defendants who reside and have allegedly committed illegal acts in the Central District of California. There is no relationship between the two pending alleged charges of contributory infringement and inducement of infringement by all defendants including Defendant Assadian and the Eastern District of California.

## INTRODUCTION

Plaintiff Wordtech Systems, Inc. has filed a lawsuit against many defendants including Defendant Assadian, a mere employee of the company, on September 22, 2004.

On January 7, 2005, the Honorable Court granted Defendants' motion to dismiss Plaintiff's complaint (Doc. 21, Dated 1/7/2005, Defendant Assadian's Declaration Exhibit A). In its order, the Hon. Court stated "**Indeed, when "the cause of action is personal to the individual defendant, the venue requirement must be met as to that defendant.**" Hoover, 84 f.3d at 1410." (Def. Assadian's Declaration Exhibit A, Page 3, Lines 6-8).

In its latest motion for termination of stay in proceedings, Plaintiff Wordtech Systems, Inc. has practically documented for the Honorable Court that this case does not belong in the Eastern District of California. Plaintiff Wordtech has provided a Proof of Service for the Defendants including Defendant Assadian (Def. Assadian's Declaration Exhibit C). All three Defendants in this NEW action reside in Orange County and therefore under the jurisdiction of Central District of California and not the Eastern District.

Wordtech admits that all defendants for the new trial are individuals (Wordtech's Proof of Service, Doc. 474 and Doc. 475, and Def. Assadian's Declaration Exhibit C).

Wordtech admits that all defendants are residents of Orange County, California, in the Central District (Wordtech's Proof of Service, Doc. 474 and Doc. 475).

Defendant Integrated Network Solutions Corporation (Defendant INSC) has completed its Chapter 7 bankruptcy as Plaintiff Wordtech has documented for this Hon. Court (Case no. 8:12-bk-20268-ES).

Defendant Assadian believes that the Honorable Judge Morris England's statement and order, Doc. 21, should control the venue now that only defendants who are individuals are involved in a NEW trial in a NEW court. In Doc. 21, dated 1/7/2005, Page 3, Lines 6-8, the Hon. Judge England stated:

> "Indeed, when "the cause of action is personal to the individual defendant, the venue requirement must be met as to that defendant." Hoover, 84 f.3d at 1410."

## ARGUMENT

Defendant Assadian presents the following memorandum of points and authorities with respect to a dismissal of the case in the Eastern District based upon improper venue. Alternatively, Defendant Assadian respectfully requests this Hon. Court to transfer the case to the Central District of California where all defendants and the majority of the witness including but not limited to all past INSC employees, officers and owners reside ((INSC has completed a Chapter 7 Bankruptcy proceedings in the Central District of California).

Contrary to Plaintiff's Counsel Declaration, Defendant INSC's bankruptcy case is closed and a discharge is not applicable. In her declaration (Doc. 474-2), Declaration of Marilyn A. Harper In

Support Of Motion For Termination Of Stay Proceedings, Page 1, Line 10, Wordtech's counsel misleads the court by indicating "This case [8:12-bk-20268-ES] was closed on 04/04/2013 discharge without". This case is closed and discharge is not applicable. Docket 7 of 8:12-bk-20268-ES case reads:

> "Bankruptcy Case Closed – NO DISCHARGE, **Not Applicable.** Since it appears that no further matters are required that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed."

Furthermore, in its order dated 8/6/2012 (Doc. 448)the Hon. Court exonerated individuals including Defendant Assadian's liability for direct infringement but set a new trial for individual Defendants' liability for Contributory Infringement and for inducement of infringement. The Hon. Court's order reads (Defendant Assadian's Declaration Exhibit B, Doc. 448, Court's Order dated 8/6/2012, Page 7, Lines 3-5) as follows:

> "These issues will not be tried now, nor, as a consequence, will the issue of the individual Defendants' liability for direct infringement."

Additionally,

In Doc. 448, Court's Order dated 8/6/2012, Page 9, Lines 15-18, it is stated:

> "this case will be set for a new trial on the issues of the individual Defendants' liability for contributory infringement and for inducement of infringement"

## VENUE STANDARD

In Court's order, Doc. 21, Page 2, the venue standard is well discussed. Defendant Assadian hereby incorporates this Court Order, Document 21, where it references 28 U.S.C. 1400(b) and clearly states:

DEFENDANT Assadian's Motion to Request to dismiss the pending action based upon improper venue

"Any civil action for patent infringement may be brought in [1] the judicial district where the defendant resides, or [2] where the defendant has committed acts of the infringement and has a regular and established place of business."

Defendant Assadian and the other defendants for the NEW trial all reside in the Central District of California as Wordtech has admitted and documented for the Honorable Court. The only proper venue for the pending and alleged charges against all defendants is therefore the Central District of California.

Furthermore, Plaintiff's Fist Amended Complaint filed on January 28, 2005 does not plead any facts regarding the residency of Defendant Assadian or any other remaining defendants. If Wordtech was to bring a new action against Defendant Assadian and/or other remaining Defendants, it would have been forced to do it in "a judicial district where any defendant resides if all of the defendants reside in the same state" (28 U.S.C. 1391). This is a NEW trial and in a NEW court and therefore Wordtech cannot claim a judicial economy either.

In this new trial, the alleged contributory infringement and inducement of infringement begin and end in the Central District where all defendants reside. There is no relationship with the Eastern District what-so-ever.

Alternatively, this Hon. Court is empowered to transfer the case to the Central District for the convenience of the parties and witnesses "in the interest of justice" pursuant to 28 U.S.C. 1404 if this Court determines that the Eastern District is the proper venue. Defendant Assadian believes that the mere health and age condition of the owner of bankrupt INSC, Defendant Ghodsian, who should be approaching eighty years, should be a major factor in this Court's decision to transfer the case as an alternative. Defendant Assadian believes that Ms. Ghodsian would never be able to appear before the Hon. Court in Sacramento. The Court has wide discretion to transfer a case under Section 1404. In this

DEFENDANT Assadian's Motion to Request to dismiss the pending action based upon improper venue

6

Section, the Court need not even determine whether venue is proper in the first place (See E.P.G.

Pespsico, Inc. v. Board of Trustees, 1988 USD, Lexis 5322, 6-7 (S.D.N.Y. 1988) which states:

> "The Court need not decide whether venue is properly placed in this
> District since, even if it were decided that the [defendant] is doing
> business in this District , this Court must find that venue should be
> transferred to the [Western District] for the reasons given below.
> Accordingly, the Court does not reach the [defendant's] motion for
> transfer pursuant to 28 U.S.C. 1406 (a)."

Furthermore, Section 1404 factors for the Court's consideration for the "interest of justice" is

broad and as follows:

> "(1) the convenience of the witnesses; (2) the location of relevant
> documents and the relative use if access to sources of proof; (3) the
> convenience of the parties; (4) the locus of operative facts; (5) the
> availability of process of compel the attendance of unwilling witnesses;
> (6) the relative means of the parties...."

Each and every element of Section 1404 [1404(1) through 1404(9)] leaves the door open for his

Hon. Court to transfer the case to the Central District if it decides not to dismiss the case in its entirely.

Plaintiff with its in-house Counsel, and two other senior attorneys and law firms are on one

hand and three PRO SE defendants are on the other.  Defendant Khatemi is already in Chapter 7

bankruptcy and based on the ruling of the Hon. Bankruptcy Court in the Central District of California

and its appointed trustee, is insolvent.  Defendant Ghodsian who has defaulted in the past is a lady

approaching eighty years of age with many health issues.  Defendant Assadian is exhausted physically

with major heart conditions and financially dealing with this issue for the past nine years at exuberant

cost and resources. The clear weight for Section 1404 (6), "the relative means of the parties", is

indisputably in favor of defendants including Defendant Assadian for this Hon. Court to elect the

Central District of California for the venue.

DEFENDANT Assadian's Motion to Request to dismiss the pending action based upon improper venue

Defendant Assadian believes that now that a new trial is ordered on selected issues and the case is assigned to a new court and pursuant to FRCP 12(b)(3), as soon as the "stay of proceedings" are terminated, the case should be dismissed in the Eastern District so that Wordtech can pursuit the new trial in the district where the defendants reside if Wordtech desire so.  This is a new trial in a new Court and as such Wordtech cannot claim judicial economy or being prejudiced.

## SUMMARY AND CONCLUSION

Defendant Assadian hereby respectfully requests from this Court to dismiss the entire action in the Eastern District of California based on improper venue.

Alternatively, Defendant Assadian respectfully requests from this Court to transfer the above reference case to the Central District of California where all defendants reside so that the principals of fairness and justice can be upheld.

Date: December 5, 2013

Respectfully Submitted,

Defendant
HAMID ASSADIAN
PRO SE

DEFENDANT Assadian's Motion to Request to dismiss the pending action based upon improper venue

8

# PROOF OF SERVICE BY MAIL

I, ___Jade Scarlett___ , declare that I am a resident of the State of California.

I am over the age of eighteen years and I am NOT a party to this matter.

My address is:

   Ace Attorney Service

   901 F Street, Suite 150

   Sacramento, CA 95814

On December 6, 2013, I served the attached

**DEFENDANT ASSADIAN MOTION TO DISMISS DUE TO VENUE**
**DEFENDANT ASSADIAN'S DECLARATION IN SUPPORT OF MOTION TO DISMISS**
**DUE TO VENUE and ITS EXHIBIT A, B, AND C.**

   On the following person, by placing a true copy enclosed in a sealed envelope with first

class postage fully prepaid in the United States Mail at ___Sacramento___ , California,

addressed as follows:

**Marilyn A. Harper**                          **Ehteram Ghodsian**
**2500 Dean Lesher Drive, Suite A**            **24961 Via Portola**
**Concord, CA 94520**                          **Laguna Niguel, CA 92677**


**Nasser Antonio Khatemi**
**24961 Via Portola**
**Laguna Niguel, CA 92677**


   I declare under penalty of perjury that the foregoing is true and correct.  **Executed on**

**December 6, 2013** , in ___Sacramento___ , **California.**

POS - DEFENDANT Assadian's Motion to Request to dismiss the pending action based upon improper venue
and Declaration of Def. Assadian in support of this motion and its exhibits.

1

Hamid Assadian
22 Nerval
Newport Beach, CA 92657
Ph. (949) 436-8494
Email: hrassadian@yahoo.com

HAMID ASSADIAN
Defendant
PRO SE

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| WORDTECH SYSTEMS, INC., a California Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> INTEGRATED NETWORK SOLUTIONS, Inc. a Nevada corporation Corp. DBA INTEGRATED NETWORK SOLUTIONS CORP. AKA INTEGRATED NETWORK SOLUTIONS AKA INTEGRATED SYSTEMS AKA INTERNET NETWORK STORAGE COMPANY, AKA INSC; NASSER KHATEMI, an individual, HAMID ASSADIAN, an Individual, EHTERAM GHODSIAN, an individual, SHOHREH JAVADI, an individual, MICHAEL F. ELLSWORTH, an individual; BRIAN J. DEAN, an individual; SAN JUAN UNIFIED SCHOOL DISTRICT; and DOES 1 – 50, <br><br> Defendants <br><br> AND RELATED CROSS-ACTION | Case No.: **2:04-CV-01971 TLN EFB** <br><br> **DECLARATION OF DEFENDANT ASSADIAN IN SUPPORT OF HIS MOTION TO DISMISS THE PENDING ACTION IN THE EASTERN DISTRICT BASED UPON IMPROPER VENUE** <br><br><br> Hearing Date: January 16, 2014 <br> Time:              2:00 P.M. <br> Courtroom:    2, 15th Floor <br> **Judge:  Hon. TROY L. NUNLEY** |

DECLARATION OF DEFENDANT ASSADIAN IN SUPPORT OF HIS MOTION TO DISMISS THE PENDING ACTION IN THE EASTERN DISTRICT BASED UPON IMPROPER VENUE

1

I, Hamid Assadian, declare as follows:

1.   I am a defendant in this action.  I make this declaration in support of my Motion to Dismiss the Pending Action Due To Improper Venue.

2.   I have lived in Orange County, California throughout my employment at Integrated Network Solutions Corporation (INSC) starting from 1997.

3.   I have lived in the County of Orange during the period that Plaintiff Wordtech alleges that I have allegedly committed contributory infringement of its patents and induced infringement of its patents while employed by INSC.

4.   I have lived in Orange County California consistently from 1991 through present.

5,   I have never lived or worked in any area within the Eastern District of California.

6.   Attached Exhibit A is a true copy of the Court Order dated 1/7/2005.

7.   Attached Exhibit B is a true copy of the Court Order dated 8/6/2012.

8.   Attached Exhibit C is a true copy of Proof of Service that I have received from Wordtech Systems reflecting that all defendants in the NEW action are residing in the County of Orange, in the Central District of California.

Date:  December 5, 2013

Respectfully Submitted,

Defendant
HAMID ASSADIAN
PRO SE

DECLARATION OF DEFENDANT ASSADIAN IN SUPPORT OF HIS MOTION TO DISMISS THE PENDING ACTION IN THE EASTERN DISTRICT BASED UPON IMPROPER VENUE

2

**Court Order Dated 1/7/2005**

**EXHIBIT A**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

WORDTECH SYSTEMS INC., a
California corporation,

      Plaintiff,

    v.

INTEGRATED NETWORK SOLUTIONS
CORP. DBA INTEGRATED NETWORK
AKA INTERNET NETWORK STORAGE
COMPANY, a Nevada corporation,
NASSER KHATEMI, an individual,
HAMID ASSADIAN, an individual,
and DOES 1-50,

      Defendants.

NO. CIV. S 04-1971 MCE PAN

MEMORANDUM AND ORDER

----oo0oo----

Defendants Integrated Network Solutions Corp. ("INSC"),
Nasser Khatemi ("Khatemi"), and Hamid Assadian ("Assadian"), ask
this Court to dismiss the complaint filed by Plaintiff Wordtech
Systems Inc. ("Wordtech") based upon improper venue.  For the
reasons discussed below, Defendants' motion is GRANTED.

//

1

**BACKGROUND**

Wordtech filed its complaint on September 22, 2004, in the Eastern District of California.  Wordtech alleges that Defendant INSC (a Nevada corporation) and Defendants Khatemi and Assadian (individual corporate employees residing in the Central District of California) infringed two of its patents: U.S. Patent Nos. 1,141,298 and 1,532,198.  On December 30, 2004, Defendants filed a motion to dismiss for improper venue.

**STANDARD**

Venue in patent cases is governed by 28 U.S.C. § 1400(b), which states:

> Any civil action for patent infringement may be brought in [1] the judicial district where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business.

28 U.S.C. § 1400(b).  As to corporate defendants, the term "resides" is defined by 28 U.S.C. § 1391(c), which states that such a defendant resides in any district that it is subject to personal jurisdiction.  VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1580 (9th Cir. 1990); 28 U.S.C. § 1391(c).  Additionally, pursuant to 28 U.S.C. § 1391(d), an alien corporation "may be sued in any district."  VE Holding, 917 F.2d at 1579.

Venue with regard to "corporate employees charged with personal liability for acts taken as individuals, not as the

2

1 alter ego of the corporation, does not flow automatically to
2 forums in which venue is proper as to the corporation." <u>Hoover</u>
3 <u>Group, Inc. v. Custom Metalcraft, Inc.</u>, 84 f.3d 1408, 1410 (Fed.
4 Cir. 1996); <u>cf</u>. <u>Minnesota Mining & Mfg. Co. v. Eco. Chem, Inc.</u>,
5 757 F.2d 1256, 1265 (Fed. Cir. 1985) (providing an example of a
6 corporate alter ego).  Indeed, when "the cause of action is
7 personal to the individual defendant, the venue requirement must
8 be met as to that defendant."  <u>Hoover</u>, 84 f.3d at 1410.

9      Finally, while a court may consider facts outside of the
10 pleadings when addressing a Federal Rule of Civil Procedure[1]
11 12(b)(3) motion, it is not required to do so, and, in its
12 discretion, can require the parties to expressly plead all
13 necessary information.  <u>Murphy v. Schneider National, Inc.</u>, 362
14 F.3d 1133, 1137 (9th Cir. 2004); <u>Hoover</u>, 84 f.3d at 1410.

15
16                              **ANALYSIS**
17

18      Venue is based on the facts alleged in a well-pled
19 complaint.  <u>Hoover</u>, 84 F.3d at 1410; <u>see</u> <u>Dody v. Brown</u>, 659 F.
20 Supp. 541, 544 n.2 (W.D. Mo. 1987); <u>McGhan v. F.C. Hayer Co.</u>, 84
21 F. Supp 540, 541 (D. Minn 1949) (holding that the plaintiff must
22 plead "ultimate facts that sufficiently allege venue so as to
23 sustain the Court's jurisdiction").

24      In its complaint, Wordtech only addressed venue generally.
25 (Pl's Compl. at 2:21-22; 4:16-20.)  Notably, the complaint does
26 not allege any facts regarding Defendants' relationship to the

27 ─────────────
28   [1] Unless otherwise stated, all further references to a
"Rule" or "Rules" are to the Federal Rules of Civil Procedure.

3

1   Eastern District of California.  Consequently, the Court finds
2   that Wordtech's complaint is insufficient to find the Eastern
3   District as the proper venue in this case.  Hoover, 84 f.3d at
4   1410; McGhan, 84 F.Supp at 541.

5        Accordingly, the Court has elected not to exercise its Rule
6   12(b)(3) discretion with respect to extra-pleading information.
7   As such, in order to sustain the Eastern District of California
8   as a proper venue, Wordtech must plead its basis for venue - as
9   to each defendant - specifically within its complaint.

10       To date, Wordtech has failed to do so.  Consequently,
11  Defendant's motion is granted, and Plaintiff's complaint is
12  dismissed without prejudice.  Plaintiff is granted leave to amend
13  its complaint and has 30 days from the date this order is filed
14  to file an amended complaint with the Court.

15

16                          **CONCLUSION**

17

18       For the aforementioned reasons, Defendants' motion to
19  dismiss Plaintiff's complaint is GRANTED.  Plaintiff's complaint
20  is dismissed without prejudice, and Plaintiff is granted leave to
21  amend as specified above.

22

23       IT IS SO ORDERED.
24  DATE: January 7, 2005

25                              /S/ Morrison C. England, Jr.
                                MORRISON C. ENGLAND, JR.
26                              UNITED STATES DISTRICT JUDGE

27

28

Wordtech 04-1971 wpd-

                                4

**Court Order Dated 8/6/2012**

# -EXHIBIT B

1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   WORDTECH SYSTEMS, INC.,              No.   2:04-cv-01971-MCE-EFB

12              Plaintiff,

13        v.                              ORDER

14   INTEGRATED NETWORK SOLUTIONS,
     INC., et al.,
15
                Defendants.
16

17

18        Plaintiff Wordtech Systems, Inc. ("Wordtech"), filed this

19   patent infringement action on September 22, 2004.  A jury in this

20   Court found Defendants Integrated Network Solutions, Inc.

21   ("INSC"), Nasser Khatemi and Hamid Assadian (collectively,

22   "Defendants") each liable to Wordtech for direct infringement,

23   contributory infringement and inducement of infringement

24   involving technology for automated duplication of compact discs.

25   Defendants filed a post-trial motion for new trial, which was

26   denied.  As is relevant here, the individual Defendants appealed

27   the liability verdicts against them, and all Defendants appealed

28   the jury's verdict as to damages.

                              1

1   The Federal Circuit reversed the denial of Defendants' new trial
2   motion and remanded to this Court.   Presently before the Court is
3   supplemental briefing filed by both Wordtech and individual
4   Defendants, who are now proceeding pro se, regarding those issues
5   to be tried on remand.   For the following reasons, trial will be
6   had on the issues of whether: 1) the individual Defendants are
7   liable for contributory infringement; 2) the individual
8   Defendants are liable for inducement of infringement; and
9   3) damages.

11                          **BACKGROUND**[1]

13       In its operative First Amended Complaint ("FAC"), Wordtech
14   alleges that Defendants infringed three of its patents, which
15   cover "Programmable Self-Operating Compact Disk Duplication
16   Systems," by modifying and selling "Robocopiers."   Robocopiers
17   are disc duplication devices that copy video files from computers
18   to multiple discs.   According to Wordtech, INSC, Khatemi and
19   Assadian, among others, directly and contributorily infringed
20   Wordtech's patents and induced third parties to do the same.
21       At trial, Wordtech attempted to elicit testimony going to
22   the validity of INSC as a corporation and to the issue of
23   piercing the corporate veil.   Defendants objected to that
24   evidence as irrelevant, and the evidence was eventually excluded
25   on the basis that Wordtech's arguments were not encompassed
26   within the Court's Final Pretrial Order ("FPTO").

27   _____

28       [1] The following facts are taken primarily from <u>Wordtech
     Systems, Inc. v. INSC</u>, 609 F.3d 1308 (Fed. Cir. 2010).

2

1    In addition, prior to closing arguments, Plaintiff moved to

2    amend its FAC to address "the identity of the corporation," and

3    that motion was denied.  Finally, Defendants addressed Wordtech's

4    entity-related theories in their closing arguments, but the jury

5    was not instructed on these issues.

6    At the close of the trial, the jury found Defendants liable

7    on all infringement theories.  The jury determined infringement

8    of each patent was willful and awarded Wordtech a total of

9    $250,000 in damages.  This Court subsequently found the case

10   "exceptional" under 35 U.S.C. § 285, trebled damages, and awarded

11   Wordtech attorneys' fees, interest and costs.  Defendants

12   thereafter filed motions for judgment as a matter of law under

13   Rule 50 of the Federal Rules of Civil Procedure[2] and a motion for

14   new trial under Rule 59(a), all of which were denied.

15   On appeal, the individual Defendants challenged the

16   liability verdicts against them individually, and all Defendants

17   challenged the jury's damages award.  That court remanded for

18   this Court to determine whether a new trial is warranted, stating

19   as follows:

20       [W]e reverse the denial of [Defendants'] Rule 59(a)
         motion..., and remand for consideration of whether a
21       new trial is warranted on their individual liability
         for direct infringement, inducement, and contributory
22       infringement.  On remand, the district court should
         address the issues of piercing INSC's corporate veil
23       and INSC's corporate status, whether Wordtech preserved
         these arguments for trial, the law governing these
24       issues and whatever jury instructions might be
         necessary.
25

26   ///

27   _____

         [2] All further references to "Rule" or "Rules" are to the
28   Federal Rules of Civil Procedure unless otherwise noted.

3

1   Wordtech, 609 F.3d at 1317-18.   The circuit court also raised

2   concerns as to whether a new trial should properly encompass

3   Wordtech's inducement theory given that, though the verdict form

4   made clear the parties intended the litigate the claim, the word

5   "inducement" does not appear in the FPTO and the theory was not

6   specifically argued by either side at trial nor was it included

7   among the jury instructions.

8        On remand, this Court ordered supplemental briefing as to

9   which of the issues identified by the Federal Circuit should be

10  re-litigated.   That supplemental briefing is complete.   Having

11  reviewed the parties' arguments, the record in this case, and the

12  applicable law, the Court now holds that a new trial is required

13  on the individual Defendants' liability for contributory

14  infringement and inducement and on damages.

15

16                              **ANALYSIS**

17

18       **A. Direct Infringement.**

19

20       Pursuant to 35 U.S.C. § 271(a), "whoever without authority

21  makes, uses, offers to sell, or sells any patented invention,

22  within the United States or imports into the United States any

23  patented invention during the term of the patent therefor,

24  infringes the patent."   "Title 35 authorizes a finding that an

25  officer of a corporation is personally liable for the

26  corporation's acts of infringement."   Al-Site Corp. v. VSI

27  Intern., Inc., 174 F.3d 1308, 1331 (Fed. Cir. 1999).

28  ///

                                4

1   "Personal liability under § 271(a), however, requires sufficient

2   evidence to justify piercing the corporate veil." Id.  In order

3   to maintain a claim for direct infringement against corporate

4   officers for a corporation's infringement, Plaintiff must

5   therefore plead and prove, for example, that the corporate entity

6   is a sham or that the corporate veil should be pierced to impose

7   liability on the individual Defendants.  See, e.g., Timeline,

8   Inc. v. Proclarity Corp., 2006 WL 2038255, *3-4, n.1 (W.D. Wash.)

9   (dismissing direct infringement claims for failure to plead

10  grounds to justify piercing the corporate veil) (citing P.N.A.

11  Constr. Techs., Inc. v. McTech Group, Inc., 2006 WL 738721, *2

12  n.2 (N.D. Ga.); St. Paul Furniture Mfg. Co. v. Bergman,

13  935 F. Supp. 1180, 1186 n.6 (D. Kan. 1996)).

14      The issue of whether the individual Defendants can be held

15  liable under § 271(a) was not preserved for trial in this case

16  because not only did Plaintiff not plead that INSC is a sham

17  entity or that its corporate veil should be pierced for any

18  reason, but that issue was also not included in the Court's Final

19  Pretrial Order ("FPTO") as a disputed question.  See FAC (ECF No.

20  22); ECF No. 157 (FPTO), 3:5-4:7.  The Ninth Circuit has stated

21  that:

22      Pretrial orders play a crucial role in implementing the
        purposes of the Federal Rules of Civil Procedure "to
23      secure the just, speedy, and inexpensive determination
        of every action."  Fed. R. Civ. P. 1.  Unless pretrial
24      orders are honored and enforced, the objectives of the
        pretrial conference to simplify issues and avoid
25      unnecessary proof by obtaining admissions of fact will
        be jeopardized if not entirely nullified.  Accordingly,
26      a party need offer no proof at trial as to matters
        agreed to in the order, nor may a party offer evidence
27      or advance theories at the trial which are not included
        in the order or which contradict its terms.

28

                                    5

1   United States v. First Nat. Bank of Circle, 652 F.2d 882,

2   886 (9th Cir. 1981).  Indeed, the Court in this case advised

3   the parties during the course of Plaintiff's case-in-chief

4   that issues not included within the FPTO would not be

5   litigated.  See Trial Transcript (ECF No. 260), 30:24-37:14

6   (November 10, 2008).  The Court further pointed out that the

7   FPTO can only be amended "to prevent manifest injustice."

8   Id. (referring to Fed. R. Civ. P. 16(e)).  No basis for

9   finding manifest injustice was presented during trial to

10  justify modifying the FPTO to include issues pertaining to

11  corporate validity, nor is any plausible argument presented

12  now.  Accordingly, the Court now finds that Plaintiff waived

13  its right to attempt to pierce the corporate veil or, as a

14  consequence, to hold the individual Defendants' liable for

15  direct infringement.

16      The Court is cognizant that Plaintiff in this case believes

17  the FPTO was amended by consent of the parties to conform to the

18  proof offered at trial.  Defendants, however, objected to the

19  presentation of evidence going to corporate invalidity, Trial

20  Transcript (ECF No. 258), 141:11-24 (November 4, 2008), and, as

21  stated above, the Court clarified that issues not included in the

22  FPTO would not be litigated, Trial Transcript (ECF No. 260),

23  30:24-37:14 (November 10, 2008).  In keeping with the Court's

24  ruling, the jury was not instructed on the corporate issues.

25  ///

26  ///

27  ///

28  ///

6

1  In sum, then, Defendants did not litigate by consent the issues

2  of whether INSC was a sham entity or whether the corporate veil

3  should be pierced.[3]  These issues will not be tried now, nor, as

4  a consequence, will the issue of the individual Defendants'

5  liability for direct infringement.

6

7      **B. Contributory Infringement.**

8

9      According to the Federal Circuit, this Court's "legal error

10  in presenting the contributory infringement issue to the jury

11  requires a new trial." Wordtech, 609 F.3d at 1317. Accordingly,

12  the Court now finds that the issue of the individual Defendants'

13  personal liability for contributory infringement must be re-

14  tried.

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22      _____

        [3] The Court is also aware that Plaintiff takes issue with
23  the Court's statement that the individual Defendants were still
    "on the line" despite the failure to include corporate validity
24  issues as triable questions within the FPTO.  Trial Transcript
    (ECF No. 60), 35:23-36:2 (November 10, 2008).  The Court's
25  statement, however, is entirely consistent with its rejection of
    Plaintiff's attempt to bring in the corporate issues at trial
26  because the individual Defendants were still individually "on the
    line" for contributory infringement and for inducement without
27  regard to the validity of the corporate structure.  See, e.g.,
28  Wordtech, 609 F.3d at 1316-17.
                                    7

**C. Inducement of Infringement.**

Primarily based on the Federal Circuit's finding that "Wordtech's counsel confirmed [that] inducement was not raised in the Final Pretrial Order, in the jury instructions, or in the closing arguments," the appellate court remanded to this Court to determine whether a new trial should be had on the issue. <u>Id.</u> at 1316. The appellate court's assessment of the facts, however, is not entirely accurate.

First, Wordtech's counsel did confirm that the word "inducement" did not appear in the FPTO. Oral Arg. 27:42-28:16, <u>available at</u> http://oralarguments.cafc.uscourts.gov/mp3/2009-1454.mp3. The Court finds, however, that, despite omission of the word "inducement," this theory of liability was nonetheless included within that Order. "A pretrial order…should be liberally construed to permit any issues at trial that are embraced within its language." <u>Miller v. Safeco Title Ins. Co.</u>, 758 F.2d 364 (9th Cir. 1985) (internal quotations and citations omitted). In this case, the disputed factual issues incorporated within the FPTO were taken verbatim from the parties' Joint Pretrial Statement (ECF No. 154), which refers to all Defendants collectively as "INSC," and states that the parties will litigate whether "INSC has directly and contributorily infringed on the Patents-In-Suit under 35 U.S.C. §271(a), (b), (c) and/or (f)." Section 271(b) is the statutory section addressing inducement. Accordingly, the individual Defendants' liability for inducement was included within the FPTO.

///

8

1      Moreover, it was only through an apparent oversight that the
2  jury did not receive a specific instruction on inducement.  See
3  Wordtech Supplemental Brief (ECF No. 440), 8:2-3.  Regardless,
4  the Court did instruct the jury that "Wordtech…argues that INSC,
5  Nasser Khatemi, and Hamid Assadian have contributed to and/or
6  actively induced the infringement of [the Patents]," and that
7  theory was included on the verdict form provided to the jury.
8  Trial Transcript (ECF No. 261), 97:8-11 (November 12, 2008).
9  Accordingly, the Court finds that the issue of inducement should
10  be re-litigated and a new trial on that theory should thus be
11  had.

12

13                            **CONCLUSION**

14

15      For the reasons stated above, this case will be set for a
16  new trial on the issues of the individual Defendants' liability
17  for contributory infringement and for inducement of infringement,
18  as well as on damages.  Not later than thirty (30) days following
19  the date this Memorandum and Order is electronically filed, the
20  parties are directed to file a Joint Pretrial Statement.  A new
21  FPTO setting this matter for trial will issue thereafter.

22      IT IS SO ORDERED.

23  Dated:  August 6, 2012

24

25                                  MORRISON C. ENGLAND, JR
                                     UNITED STATES DISTRICT JUDGE
26

27

28
                                    9

**Proof of Service by Wordtech**

# -EXHIBIT C

1

## PROOF OF SERVICE

2

3      I Marilyn A. Harper hereby certify that on October 31, 2013, a true and correct copy of the foregoing:

4      **NOTICE OF MOTION AND MOTION FOR TERMINATION OF STAY IN PROCEEDINGS**

5

6      **MEMORANDUM AND POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR TERMINATION OF STAY IN PROCEEDINGS**

7      **DECLARATION OF MARILYN A. HARPER IN SUPPORT OF MOTION FOR TERMINATION OF STAY OF PROCEEDINGS**

8

9      **[PROPOSED] ORDER GRANTING MOTION FOR TERMINATION OF STAY OF PROCEEDINGS**

10    was filed electronically with the Clerk of the Court using CM/ECF System. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing

11    receipt. Parties may access this filing through the Court's electronic filing system.

12    I further declare that I am over the age of eighteen and not a party to this action. My business address

13    is 2500 Dean Lesher Dr., Suite A, which is located in Concord, California, where I served the above named documents by placing the above documents in a sealed envelope for deposit in the United States

14    Postal Service, with first class postage fully prepaid, and that envelope was placed for collection and mailing on that date following ordinary business practices to the following persons addressed to:

15

       HAMID ASSADIAN
16    22 Nerval
       New Port Beach, CA 92657
17

       NASSER KHATEMI
18    24961 Via Portola
       Laguna Niguel, CA 92677
19

20    EHTERAM GHODSIAN
       24961 Via Portola
21    Laguna Niguel, CA 92677

22

       I declare under penalty of perjury under the laws of the United States that the foregoing is true and
23    correct. Executed on the 31[th] of October 2013 at Concord, California.

24

25    _Marilyn A. Harper_

26

27

28