JON STANLEY HEIM (CA SBN. 105808)
HARPER & HEIM, LAWYERS
4040 Civic Center Drive, Suite 200
San Rafael, CA 94903
Telephone: (415) 492-2853
Facsimile: (510) 964-7661
Jshinslaw@gmail.com

MARILYN A. HARPER (CA SBN. 263219)
2500 Dean Lesher Drive, Suite A
Concord, CA 94520
Telephone: (925) 689-1200
Facsimile: (925) 689-1263
marilyn@wordtechsystems.com
**(Attorney to be served)**

RICHARD ESTY PETERSON (CA SBN. 41013)
Patent Attorney
537 Valley Street
San Francisco, CA 94131
Telephone: (415) 826-3921
sfreptile@mac.com

Attorneys for Plaintiff,
WORDTECH SYSTEMS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| WORDTECH SYSTEMS, INC., a California Corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>INTEGRATED NETWORK SOLUTIONS, INC., a Nevada corporation, dba INTEGRATED NETWORK SOLUTIONS, CORP. aka INTEGRATED NETWORK SOLUTIONS aka INTEGRATED SYSTEMS aka INTERNETNETWORK STORAGE COMPANY aka INSC; NASSER KHATEMI, an individual; HAMID ASSADIAN, an individual; EHTERAM GHODSIAN, an individual; SHOREH JAVADI, an individual; MICHAEL F. ELLSWORTH, an individual; BRIAN J. DEAN, an individual; SAN JUAN UNIFIED SCHOOL DISTRICT; and DOES 1-50,<br>　　　　Defendants. | Case No.: 2:04-cv-01971-TLN-EFB<br><br>**WORDTECH SYSTEMS, INC.'S OPPOSITION TO THE MOTIONS OF DEFENDANT ASSADIAN [DCKT NO. 447] AND KHATEMI [DCKT NO. 479] TO DISMISS FOR IMPROPER VENUE OR CHANGE VENUE FOR CONVENIENCE OF THE PARTIES AND WITNESSES [FRCP 12(b)(3) and 28 U.S.C. 1400(b)]**<br><br>**JUDGE:** TROY L. NUNLEY<br>**DATE:** 　January 16, 2014<br>**TIME:** 　2:00 p.m.<br>**CTRM:** 　2, 15th floor |

AND RELATED COUNTERCLAIMS

## I. INTRODUCTION

After a full trial on the merits and an appeal spanning over eight years, Defendants seek a change of venue. Improper venue is a personal defense that can be waived. As Plaintiff Wordtech Systems, Inc. ("Wordtech") shall explain, Defendants long ago waived all objections to venue.

Through legal counsel, Defendants Assadian and Khatemi successfully contested venue by motion after the original complaint was filed. They then answered the operative First Amended Complaint ("FAC"). Although their answers included a venue objection, for whatever tactical reasons Assadian and Khatemi submitted to this Court's jurisdiction, choosing to actively litigate this case through trial, through appeal and post appeal motions. During that long process Defendants waived venue by:

1. Failing to object to the initial or any subsequent Pre-Trial Order, *which stated venue was not contested;*
2. Failing to file a motion to dismiss or change venue prior to the deadline for dispositive motions;
3. Participating in extensive discovery and filing defensive motions on the merits prior to trial;
4. Failing to object at trial to improper venue;
5. Failing to object to improper venue in a Rule 50(a) or (b) motions; and
6. Failing to appeal improper venue.

Moreover the applicable balancing factors and fundamental fairness preclude transfer of venue at this late stage in the case. Discovery was completed long ago. All relevant documents have been exchanged, except perhaps those concealed or destroyed by Defendants. Defendants did not call a single non-party witness in their defense at trial, so convenience of witnesses cannot genuinely be at issue. Defendant Ghodsian defaulted. Defendant Assadian appeared as the person most knowledgeable for the corporate Defendant Integrated Network Solutions Corporation ("INSC") both in deposition and at trial. INSC has gone through bankruptcy and no longer has a place of business. The real objectives of Defendants' motions are to further delay this action and start anew in a more favorable venue.

///

## II.   STATEMENT OF FACTS

### A.   Procedural History of This Action.

On September 22, 2004, Wordtech filed a complaint for willful infringement of three U.S. Patents related to compact disc duplication systems in the Eastern District of California against Hamid Assadian, Nasser Khatemi, and INSC. (Dckt No. 1). Legal counsel represented Defendants from the initial filing of the original complaint through conclusion of appeal.

On November 30, 2004, defendants, through legal counsel, jointly filed a Motion To Dismiss For Improper Venue Or In The Alternative To Transfer For Improper Venue (28 U.S.C. §1405(a)); Or In The Alternative To Transfer For Convenience (28 U.S.C. §1404(a)). (Dckt. No. 11); (Harper Decl., ¶ 3, Exh. 1). Defendants argued that venue was improper for the individual defendants, Assadian and Khatemi. (*Id*.). On January 7, 2005, the Court granted their motion and dismissed the case without prejudice with 30 days for plaintiff to file a first amended complaint ("FAC"). (Dckt. No. 21). Wordtech filed its FAC on January 28, 2005 against Assadian and Khatemi, INSC, Ehteram Ghodsian and San Juan Unified School District ("San Juan"). (Dckt. No. 22). Defendant Ghodsian never filed a responsive pleading so her default was entered on June 3, 2005. (Dckt. No. 44). Defendants Assadian, Khatemi and INSC filed a joint Answer to the FAC on February 17, 2005, objecting to jurisdiction and venue. (Dckt. Nos. 24-26); (Harper Decl., ¶ 4, Exh. 2). San Juan filed an Answer on May 16, 2005. (Dckt No. 39). Almost three years later, San Juan was dismissed by stipulation. (Dckt No. 187).

Although Assadian and Khatemi contested venue in their answers, they sought no resolution of that issue. The Court entered a Pretrial (Status) Scheduling Order ("PTSO") on June 17, 2005 that stated venue was not contested and cautioned that "failure to raise a dispositive legal issue that could have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute a waiver of such issue." (Dckt No. 46 at 2:4-6; 6:7-10); (Harper Decl., ¶ 5, Exh.3). Still Assadian and Khatemi did not further object to venue. (Dckt No. 47); (Harper Decl., ¶ 6, Exh. 4). The Court entered an Amended PTSO on July 15, 2005, again stating venue was not contested. (Dckt No. 49 at 2:4-6; 6:7-10); (Harper Decl., ¶ 7, Exh. 5). The Court issued a Final Pretrial Order on July 18, 2007, which also specified that venue was not contested and confirmed that all discovery and law and motion matters were to have been completed. (Dckt No. 157 at 1:20-22; 9:18-25); (Harper Decl., ¶ 8,

Exh. 6). It also stated it was uncontested that INSC sold an alleged infringing device to San Juan. (Id.). Neither Assadian nor Khatemi objected to any PTSO on venue grounds.

Assadian and Khatemi went on to fully litigate this case. They filed motions for summary judgment (Dckt Nos. 85, 86, 139, 140), discovery motions (Dckt Nos. 59, 60, 81, 109), motions *in limine* (Dckt Nos. 162, 163, 164), and sought leave to file an amended answer. (Dckt No. 129). But no one filed a motion to dismiss for improper venue or a motion to transfer venue for convenience.

Almost four years after Assadian and Khatemi filed an Answer, Hon. Morrison C. England, Jr. presided over a six-day trial in November of 2008. (Dckt Nos. 228-231, 233-235). Most of the witnesses identified for trial in the final PTSO were located in Northern California. (Dckt No. 157-1 at 3:8-17) (Harper Decl., ¶s 8, 9, Exh. 6). However, Assadian, Khatemi and Wordtech's President, David Miller, were the only witnesses called by Defendants. (Harper Decl. ¶ 11, Exh. 8). Assadian was INSC's person most knowledgeable at deposition and at trial. (Harper Decl., ¶ 10, 12, Exhs 5, 7). Defendants did not call a single non-party witness. (Harper Decl., ¶ 11, Exh. 8).

A unanimous jury found that Khatemi, Assadian, and INSC willfully, directly and contributorily infringed and had induced infringement of Wordtech's patents and awarded $250,000 in damages. (Dckt No. 244). On January 15, 2009, based on the totality of the circumstances, Chief Judge England found the level of culpability of Assadian and Khatemi supported an increase in damages to the maximum amount permitted by law. (Dckt No. 249). The Court trebled the verdict from $250,000 to $750,000, awarded attorneys fees under 35 U.S.C. §285, interests and costs. (Id.). After the verdict, Defendants filed a motion for judgment as a matter of law pursuant to FRCP 50(b) and a motion for new trial pursuant to FRCP 59(a), but still did not contest venue. (Dckt. Nos. 270, 271).

On April 13, 2009, the Court determined that the overwhelming evidence of willful infringement and that the tactics of Defendants and defense counsel made the case "exceptional" under 35 U.S.C. § 285. The Court awarded Plaintiff $488,127.50 in attorneys' fees and $110,705.47 in prejudgment interest. (Dckt. Nos. 273, 274). Defendants filed amended motions for JMOL and a new trial seven days later. (Dckt Nos. 275, 276)). On May 26, 2009 the Court denied both motions. (Dckt. No. 285). The Notice of Appeal was filed on June 25, 2009. (Dckt. No. 297).

INSC took appeal on damages only. *Wordtech Systems, Inc. v. Integrated Network Solutions, Inc. et al.*, 609 F.3d 1308 (Fed Cir. 2010) (Dckt No. 403). Assadian and Khatemi appealed the individual liability findings and damages. (*Id.*). They did not appeal venue, INSC's liability, or the willfulness and exceptional case findings. (*Id.*). The Federal Circuit reversed in part, affirmed in part, and remanded. (*Id.*).

On remand, Chief Judge England ordered new trials on the narrow issues of individual liability of defendants Assadian and Khatemi for contributory infringement and inducement of infringement and on damages against INSC, Assadian and Khatemi. (Dckt No. 448).

### III.   ARGUMENT

**A.   The Defense of Improper Venue Is Subject to Waiver and Estoppel.**

In view of Chief Judge England's order granting a new trial, Dckt. No. 448, all that remains in this action is a retrial of narrow issues remanded after appeal due to technical errors. (Dckt No. 448). It is not, despite Defendants' imagination, a new trial open to defenses that could have been decided prior to the case proceeding to judgment. See *Commercial Cas. Ins. Co. v. Consol. Stone Co.*, 278 U.S. 177 (1928). Objections to venue are personal defenses that are waived if not seasonably asserted. *Id.*; *Neirbro Co. Bethlehem Shpbuilding Corp.*, 308 U.S. 165 (1939). Because it is an individual right, a defendant may waive improper venue or be estopped to assert it. See *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704, (1982).

**B.   The Improper Venue Defense Was Superseded by the PTSOs.**

A final pretrial order supersedes all prior pleadings and controls the subsequent course and scope of the action. *Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, 818 F. Supp. 2d 1193, 1207 (E.D. CA., 2011), citing *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 475 (2007). "Claims, issues, defenses, or theories of damages not included in the pretrial order are waived even if they appeared in the [pleadings]…." *Id*. To interpret the pretrial order, the court must first look to the plain language of the order. *Id*. (citing, *DP Aviation v. Smiths Indus. Aero. & Def. Sys.*, 268 F.3d 829, 842 (9th Cir. 2001)). "The parties' course of conduct is also relevant to ascertaining the meaning of ambiguous portions of a pretrial order." *Id*.

The Court issued an initial PTSO in this case on June 17, 2005 stating that venue was not contested. (Dckt No. 46 at 2:4-6); (Harper Decl., ¶ 5, Exh. 3). The PTSO further set forth discovery and motion deadlines and warned parties that any dispositive motions not resolved by the deadlines may be waived. (*Id*. at 6:7-10). Defendants, through their counsel filed an objection to the June 17, 2005 PTSO regarding the discovery deadline, but elected not to object to venue as being improper. (Dckt No. 47); (Harper Decl., ¶ 6, Exh. 4). The Court then issued an Amended PTSO again noting venue was not contested. (Dckt No. 49 at 2:4-6; 6:7-10); (M.Harper Decl., ¶ 7, Exh. 5).

A final PTSO was entered over two years later on July 18, 2007. It confirmed that venue was not contested and stated that all discovery and dispositive motion matters were to have been completed. (Dckt No. 157 at 1:20-22; 9:18-25); (Harper Decl., ¶ 8, Exh. 6). Neither Assadian nor Khatemi challenged venue by motion or objected to the Final PTSO. Instead they proceeded to fully litigate the case by filing motions and participating in extensive discovery. Although Assadian and Khatemi raised venue in their answer, the final PTSO superceded their answer. (Dckt. Nos. 24-26). Venue was not at issue in the Final PTSO and therefore venue was no longer at issue in this case. Defendants waived any objection to venue by failing to make it an issue in the Final PTSO.

**C.   Defendants' Active Participation In Litigation and Trial on the Merits Forfeits Any Improper Venue Defense.**

Federal Rule of Civil Procedure 12(h)(1) provides that an improper venue defense "is waived . . . if it is neither made by motion under [Rule 12] nor included in a responsive pleading or an amendment thereof. . . ." Rule 12(h), however, "sets only the outer limits of waiver; it does not preclude waiver by implication." *Marquest Medical Prods., Inc. v. Emde Corp.*, 496 F. Supp. 1242, 1245 n. 1 (D. Colo. 1980); cf. also *United States v. Gluklick*, 801 F.2d 834, 837 (6th Cir. 1986) ("'In personam jurisdiction may be obtained by actions of a party amounting to a waiver, and a court has jurisdiction to enter an order finding a waiver.'"), cert. denied, 480 U.S. 919 (1987). "Even where a defendant properly preserves a Rule 12(b) defense by including it in an answer, he may forfeit the right to seek a ruling on the defense at a later juncture through his conduct during the litigation." *King v. Taylor*, 694 F.3d 650, 658, n.3 (6th Cir, 2012) (noting that "when considering whether a defendant has unintentionally lost the defense through his delay and participation in the litigation, the issue is more

properly considered one of 'forfeiture'."). Venue is merely a privilege of the parties and defects of venue may be waived by the parties. See *Olberding v. Illinois Central Ry. Co.*, 346 U.S. 338, 340 (1953); *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960). See also *Brown v. Pyle*, 310 F.2d 95, 96-97 (5th Cir, 1962). Once objections to venue are waived by the parties, any defect in venue is cured, and the benefits of a transfer for lack of venue under 28 U.S.C. § 1406(a) are no longer available. See *Dubin v. United States*, 380 F.2d 813, 815 (5th Cir. 1967); *Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369 (2d Cir. 1966).

Defendants successfully asserted their improper venue defense against the original complaint. (Dckt No. 11); (Harper Decl., ¶ 3, Exh. 1). Defendants objected to venue in their Answer to the FAC. (Dckt Nos 24-26); (Harper Decl., ¶ 4, Exh. 2). However, for tactical reasons, they chose to submit to this Court's jurisdiction and fully litigate this case in the Eastern District. Defendants knowingly forfeited their defense to improper venue.

**D.     Neither Individual Convenience Nor The Interests of Justice Supports Transfer of Venue.**

A district court has discretion, "[f]or the convenience of the parties and witnesses, [and] in the interest of justice," to transfer an "action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988), quoting *Van Dusen v.Barrack*, 376 U.S. 612, 622 (1964). The court may transfer a case even if it has personal jurisdiction; however, "[o]nce the court determines that venue is proper, the movant must present strong grounds for transferring the action . . . ." *Id.*, citing *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986)). "[A] motion to transfer venue for convenience pursuant to 28 U.S.C. § 1404(a) does not concern the issue 'whether and where' an action may be properly litigated. It relates solely to the question where, among two or more proper forums, the matter should be litigated to best serve the interests of judicial economy and convenience to the parties." *Injen Tech. Co. v. Advanced Engine Mgmt.,* 270 F. Supp. 2d 1189, 1193 (S.D. Cal. 2003).

"In ruling on a motion to transfer pursuant to § 1404(a), the Court must evaluate three elements: (1) convenience of the parties; (2) convenience of the witnesses; and (3) interests of justice." *Safarian v. Maserati North America, Inc*., 559 F. Supp. 2d 1068, 1071 (C.D. Cal. 2008). In evaluating these elements, the court must "balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum." *Decker Coal Co.,* 805 F.2d at 843.

According to the Ninth Circuit, factors relevant to determining whether transfer is in the interest of justice include: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498-99 (9th Cir. 2000), cert. denied, 531 U.S. 928 (2000), *citing Stewart Org. Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988).

**1. Convenience of Parties.** Wordtech is located in Concord, California. Defendants reside in Southern California. On the surface that's a tie, which does not justify reversal of Wordtech's choice of forum. But here there is much more. This action has been tried in the Eastern District. Defendants tactically forfeited their defense of improper venue. Defendants had no problem appearing and producing documents and exhibits in the Eastern District. This action went to appeal, and even then Defendants did not complain of any prejudice or obstruction from appearance in the Eastern District. 28 U.S.C. § 1404(a) was not meant to merely shift the convenience from one party to the other. See *Salu, Inc. v. Original Skin Store*, 2008 U.S. Dist. LEXIS 73225.

**2. Convenience of Witnesses.** Defendants allude to witnesses in Southern California, but neither identify them nor address the substance and import of their testimony. Tellingly, Defendants called no other witnesses in the original trial. (Harper Decl., ¶ 11, Exh. 8). The Eastern District is more convenient to most witnesses identified in the Final PTSO by Wordtech, by Defendants and by the dismissed defendant San Juan for the first trial. (Harper Decl., ¶s 8-9, Exh. 6). Any witnesses

Defendants produce now will be solely for the purpose of shoring up this motion. Indeed, throughout this case, Defendants could not allegedly remember the full names of past or present employees of INSC. (Harper Decl., ¶ 13, Exh. 10).

Defendants seek the Court's pity by claiming that defaulted defendant Ghodsian, who is nearing the age of 80, cannot appear in the Eastern District. However, Ghodsian, the alleged owner of INSC, and Defendants' empty chair defense, never appeared to defend INSC or either individual defendant in the first trial. In fact, Assadian appeared as INSC'S representative in both deposition and at trial. (Harper Decl., ¶s 10, 12, Exhs 7, 9). Thus there is no showing that any non-party witness would be seriously inconvenienced by trial in the future where trial was in the past: the Eastern District.

**3. Interests of Justice.** None of the foregoing *Jones* factors justify transfer of venue, especially at this very late stage in the case. INSC infringed Wordtech's patents by, *inter alia*, offering to sell and selling an infringing device to San Juan in the Eastern District. (Harper Decl., ¶s 8, Exh. 6). Wordtech alleges Assadian and Khatemi induced and contributed to INSC's infringement, including the infringement in the Eastern District. *Id*. (Dckt No. 21). Thus, Defendants actions were directed toward the Eastern District. State familiarity with federal patent law is no issue here. Wordtech chose the Eastern District as the forum for its claims because of Defendants' infringing actions in the Eastern District. Defendants long ago forfeited their improper venue defenses for tactical reasons and went through trial on the merits in the Eastern District. The cost of litigation is virtually the same, and no one has shown otherwise. Process to compel the attendance of non-party witnesses is readily available throughout California. Discovery has been completed and documents have been exchanged. Never throughout the original trial or the appeal did Defendants complain about access to sources of proof. To the contrary, they were able to produce all the witnesses and documents they needed for defense, and have not shown now that their abilities have diminished.

Moreover, this action has endured in the Eastern District for over eight years and one full trial. It hardly serves the interests of justice for this district to delay the action even further, jettison its many years of efforts and impose the burden of finishing the few remaining tasks on the Southern District, which has no experience in or knowledge of the eight years of process. The administrative burden on

both districts alone outweighs the only factor Defendants assert, which is that Defendants are in Southern California and Plaintiff is in Northern California.  Again however, 28 U.S.C. § 1404(a) was not meant to merely shift the convenience from one party to the other.  See *Salu, Inc. v. Original Skin Store*, 2008 U.S. Dist. LEXIS 73225.

The real objectives of the Defendants' motions are tactical.  Defendants now hope for a more favorable forum, seek to start over, increase the cost of litigation to Wordtech, and cause further delay.  None of these goals finds any support in *Jones* or other applicable law.

## IV.    CONCLUSION

By conducting full discovery, accepting PTSOs, going through trial on the merits and forgoing appeal of venue defenses, Defendants have clearly waived all such defenses.  The Eastern District is most convenient to previously disclosed non-party witnesses.  Certainly inconvenience was not at issue in the original trial.  And as little remains to be retried, the interests of justice would be served by retrial in the district of trial, and would only be undermined by transfer elsewhere to finish the job.  For these and all foregoing reasons, Wordtech respectfully requests that Defendants' motions be denied.

Date:   January 2, 2014                             RESPECTFULLY SUBMITTED,

　　　　　　　　　　　　　　　　　　　　　　　 __/s/ Marilyn A. Harper_____
                                                    Marilyn A. Harper,
                                                    Attorney for Plaintiff,
                                                    Wordtech Systems, Inc.

# PROOF OF SERVICE

I, Marilyn Harper declare that I am over the age of eighteen and not a party to this action. My business address is 2500 Dean Lesher Dr., Suite A, which is located in Concord, California, where the service described below took place.

On the date below, at my place of business at Concord, California, a copy of the following document(s):

**WORDTECH SYSTEMS, INC.'S OPPOSITION TO THE MOTIONS OF DEFENDANT ASSADIAN [DCKT NO. 447] AND KHATEMI [DCKT NO. 479] TO DISMISS FOR IMPROPER VENUE OR CHANGE VENUE FOR CONVENIENCE OF THE PARTIES AND WITNESSES [FRCP 12(b)(3) and 28 U.S.C. 1400(b)];**

**DECLARATION OF MARILYN A. HARPER IN SUPPORT OF WORDTECH SYSTEMS, INC.'S OPPOSITION TO THE MOTIONS OF DEFENDANTS ASSADIAN [DCKT NO. 447] AND KHATEMI [DCKT NO. 479] TO DISMISS FOR IMPROPER VENUE OR CHANGE VENUE FOR CONVENIENCE OF THE PARTIES AND WITNESSES [FRCP 12(b)(3) and 28 U.S.C. 1400(b)] WITH EXHIBITS;**

**[PROPOSED] ORDER DENYING MOTIONS OF DEFENDANT ASSADIAN [DCKT NO. 447] AND KHATEMI [DCKT NO. 479] TO DISMISS FOR IMPROPER VENUE OR CHANGE VENUE FOR CONVENIENCE OF THE PARTIES AND WITNESSES [FRCP 12(b)(3) and 28 U.S.C. 1400(b)]**

individually addressed to:

| HAMID ASSADIAN<br>22 Nerval<br>New Port Beach, CA 92657<br>hrassadian@yahoo.com | EHTERAM GHODSIAN<br>24961 Via Portola<br>Laguna Niguel, CA 92677 | NASSER KHATEMI<br>24961 Via Portola<br>Laguna Niguel, CA 92677 |
|---|---|---|

[X]   BY U.S. CLASS MAIL: I placed the above documents in a sealed envelope for deposit in the United States Postal Service, with first class postage fully prepaid, and that envelope was placed for collection and mailing on that date following ordinary business practices.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on January 2, 2014, at Concord, California.

_/s/ Marilyn Harper_
Marilyn Harper