UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORDTECH SYSTEMS INC., | No. 2:04-cv-01971-TLN-EFB |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| INTEGRATED NETWORK SOLUTIONS, CORP., et al., | |
| Defendants. | |

This matter is before the Court on Defendant Hamid Assadian's ("Assadian") and Defendant Nasser Khatemi's ("Khatemi") motions to dismiss the First Amended Complaint filed by Plaintiff Wordtech Systems Inc. ("Plaintiff"). (Def. Assadian's Notice of Mot. & Mot. Dismiss, ECF No. 477; Def. Khatemi's Notice Mot. & Mot. Dismiss, ECF No. 479.)  For the reasons set forth below, both Assadian's and Khatemi's motions are DENIED.[1]

**I.   BACKGROUND**

   **A.   Procedural Posture**

This case arises out of Plaintiff's claims that Integrated Network Solutions Corporation ("INSC") and INSC employees Assadian and Khatemi infringed on three of Plaintiff's patents

---

[1] This matter was submitted on the briefs pursuant to L.R. 230(g).  (Minute Order, ECF No. 481.)

1

related to compact disc duplication systems.  Plaintiff filed its original complaint for patent infringement in the Eastern District of California on September 22, 2004, against INSC, Assadian, and Khatmi.  (Compl., ECF No. 1.)  Plaintiff alleged that INSC was a Nevada corporation and Assadian and Khatemi were individual corporate employees residing in the Central District of California.  In response, Defendants filed a motion to dismiss the complaint for improper venue.  (Defs.' Mot. Dismiss Compl., ECF No. 11.)  This Court, through the Honorable Judge England,[2] found that the patent infringement venue statute, 28 U.S.C. § 1400(b), exclusively governed venue in this action.  (Mem. & Order, ECF No. 21 at 2.)  The Court dismissed the original complaint finding Plaintiff failed to allege sufficient facts regarding venue, specifically, Defendants' relationship to the Eastern District of California.  Consequently, the complaint was dismissed with leave to amend.  (ECF No. 21.)

On January 28, 2005, Plaintiff filed its First Amended Complaint.  (First Am. Compl., ECF No. 22.)  Plaintiff again named original defendants INSC, Assadian, and Khatemi but also added new defendants including San Juan Unified School District ("San Juan").[3]  Plaintiff alleged that San Juan resided in the Eastern District of California.  (ECF No. 22 at ¶ 10.)  Original defendants Assadian, Khatemi, and INSC answered the First Amended Complaint and objected to venue in the Eastern District of California as improper.  (Answer First Am. Compl., ECF No. 25 at ¶ 15 ("These individual Defendants do not reside in the Eastern District and INSC's principal place of business is outside the Eastern District.  None of these Defendants has sufficient contacts with the Eastern District to warrant either jurisdiction or venue in the Eastern District.").)

It does not appear that any of the Defendants contested venue again until the instant motion.  Defendants did not file any additional motions to dismiss for improper venue nor did they raise venue as a contested issue during pretrial conferences.  (*See* Final Pretrial Order, ECF No. 157 at 1:20–22; 9:18–25 (stating that venue is not contested and that failure to raise an issue

---

[2] Judge England presided over this action from its inception in 2004 to April 2013.  On April 3, 2013, the action was reassigned from Judge England to the undersigned.  (Order, ECF No. 472.)
[3] Plaintiff also added defendant Etterham Ghodsian, owner of INSC; ultimately, a default judgment was entered against her.  (Mem. & Order, ECF No. 336.)  Ghodsian is not relevant to this motion.

2

that could be resolved in a pretrial order may waive the right to pursue that issue later).) Defendants did not object to the Final Pretrial Order.

After the Court issued the Final Pretrial Order, but before trial on December 6, 2007, the parties stipulated to dismiss Defendant San Juan. (Stipulation of Dismissal, ECF No. 187.) On November 3, 2008, jury trial commenced against remaining Defendants INSC, Khatemi, and Assadian. (ECF Nos. 228–31, 233–35.) The jury ultimately found Defendants infringed Plaintiff's patents and awarded damages. (ECF No. 244.) Defendants filed a motion for judgment as a matter of law and a motion for new trial. (Mot. for Judgment, ECF No. 270; Mot. for New Trial, ECF No. 271.) Both motions were denied; neither motion addressed venue. (ECF Nos. 270, 271; Order, ECF No. 285.)

Defendants appealed challenging, among other things, the liability verdicts against Khatemi and Assadian as individuals, as well as the damages awarded against all Defendants. The Federal Circuit reversed in part and remanded. *See Wordtech Sys., Inc. v. Integrated Network Solutions, Inc.*, 609 F.3d 1308, 1310 (Fed Cir. 2010). There is no indication that either Khatemi or Assadian ever raised a venue challenge on appeal.

On remand, this Court ordered a new trial on the issues of individual liability for contributory infringement and inducement of infringement with respect to Assadian and Khatemi and on damages awarded against all Defendants. (Order, ECF No. 448.)[4] On December 6, 2013, and December 16, 2013, respectively, Assadian and Khatemi each filed a motion to dismiss for improper venue or in the alternative to transfer venue for the convenience of parties and witnesses. (ECF Nos. 477, 479.)

Although Khatemi and Assadian had been represented by counsel through trial and for some of the post-trial motions, this Court approved both the withdrawal of Khatemi's counsel on February 3, 2010 (Mem. & Order, ECF No. 371) and Assadian's counsel on March 8, 2011 (Mem. & Order, ECF No. 421). Assadian and Khatemi filed the instant motions as pro se

---

[4] This Court temporarily stayed the new trial, pending resolution of INSC and Khatemi's bankruptcy proceedings. (Order, ECF No. 469.) The Court lifted the stay. (Order, ECF No. 478)

litigants.  (ECF Nos. 477, 479.)

## II.     LEGAL STANDARD

Rule 12(b)(3) allows a defendant to bring a motion to dismiss on the basis of improper venue.  In evaluating a motion to dismiss made pursuant to Rule 12(b)(3) "the pleadings need not be accepted as true, and the court may consider facts outside of the pleadings." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (internal citations omitted).  When a defendant files a motion challenging venue as improper, the plaintiff bears the burden of showing that its chosen venue is proper.  *Piedmont Label Co. v. Sun Garden Packing Co.,* 598 F.2d 491, 496 (9th Cir. 1979); *Koresko v. RealNetworks, Inc.,* 291 F. Supp. 2d 1157, 1160 (E.D. Cal. 2003).

## III.    ANALYSIS

### A.     <u>Assadian and Khatemi's Venue Challenge</u>

Assadian and Khatemi argue that venue in the Eastern District of California is improper under 28 U.S.C. §§ 1391(b) and 1400(b).  They move this Court to dismiss the First Amended Complaint, or alternatively to transfer this matter to the Central District of California.  (ECF Nos. 477, 479.)  Plaintiff opposes the motions arguing that Assadian and Khatemi waived their rights to object to improper venue.  Plaintiff argues that proceeding through a full trial in the Eastern District of California and taking an appeal to the Federal Circuit without raising venue objections constitutes a waiver of those objections.  (ECF No. 480.)

#### 1.     *Propriety of Venue in the Eastern District of California*

General venue provisions do not apply to patent infringement claims; rather, 28 U.S.C § 1400(b) is the "'sole and exclusive provision controlling venue in patent infringement[] actions.'" *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 262 (1961) (quoting *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 229 (1957)).  Venue is proper for patent infringement claims only "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

Here, Plaintiff's First Amended Complaint contains only patent infringement claims

against Assadian and Khatemi.  (ECF No. 22.)  It is undisputed that Assadian and Khatemi resided in the Central District of California at all times relevant to this action.  Thus, the proper venue for Plaintiff's patent infringement claims against Assadian and Khatemi appears to be the Central District of California.  Although said claims may have been improperly filed in the Eastern District of California, based on the following both Assadian's and Khatemi's motions are denied.

2. *Waiver of Venue Objections*

When a matter is filed in an improper venue, the district court is empowered to either dismiss the case or transfer the case to a district in which venue is proper.  28 U.S.C. § 1406(a).  To preserve the right to move for dismissal of an action based on improper venue pursuant to 28 U.S.C. § 1406(a), a party must make a sufficient and timely objection.  *See* 28 U.S.C. § 1406(b) ("Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue.").  Failure to bring a timely and sufficient venue challenge results in a waiver of the right to challenge venue.  *See* Fed. R. Civ. P. 12(h)(1) (requiring that the party challenging venue raise its objection in its first pre-appearance motion or first responsive pleading); *Hoffman v. Blaski,* 363 U.S. 335, 343 (1960) ("A defendant . . . waives venue by failing seasonably to assert it . . .") (citing *Commercial Cas. Ins. Co. v. Consol. Stone Co.*, 278 U.S. 177, 179–180 (1929)); *Neirbro Co. v. Bethlehem Shipbuilding Corp. Ltd.*, 308 U.S. 165 (1939)); *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 1998) (holding that Rule 12 defenses including venue "may be waived as a result of the course of conduct pursued by a party during litigation").  Furthermore, merely filing an initial venue objection does not preclude subsequent waiver of the objection.  *See Peterson*, 140 F.3d at 1318 ("Rule 12(h)(1) specifies the minimum steps that a party must take in order to preserve a defense.  It does not follow, however, that a party's failure to satisfy those minimum steps constitutes the only circumstance under which the party will be deemed to have waived a defense.").  Courts have applied these rules to parties challenging venue in patent infringement actions.  *See, e.g.*, *Hoffman*, 363 U.S. at 343 (holding in a patent infringement case that "venue,

5

like jurisdiction over the person, may be waived").[5]

It is uncontested that Assadian and Khatemi initially preserved their venue objections by moving to dismiss the initial complaint, and then asserting in their answer to the First Amended Complaint that venue was improper. However, after answering the First Amended Complaint, Assadian and Khatemi permitted more than eight years to pass before they moved to dismiss for improper venue. While Plaintiff filed the First Amended Complaint in January 2005, Assadian and Khatemi waited to file their motions challenging venue until December 2013. During those eight years, Assadian and Khatemi actively litigated this matter in the Eastern District of California. They participated in discovery, attended pretrial conferences, filed numerous pretrial motions, defended themselves at trial, filed post-trial motions, and appealed to the U.S. Court of Appeals for the Federal Circuit. *See Wordtech Systems, Inc. v. Integrated Networks Solutions, Inc.*, 609 F.3d 1308 (Fed. Cir. 2010), *reh'g en banc denied*.

According to Assadian and Khatemi, they did not challenge venue earlier because venue appeared to be proper so long as Defendant San Juan was a party to the action. Assadian and Khatemi argue that Plaintiff added San Juan as a "dummy" defendant for the sole purpose of securing venue here in the Eastern District of California as evidenced by Plaintiff's stipulation to dismiss San Juan right before trial. (ECF No. 483 at 2–3; ECF No. 482 at 4.) This argument fails for several reasons. First, Assadian and Khatemi are incorrect that adding San Juan would render venue proper. "When there are multiple parties and/or multiple claims in an action, the plaintiff must establish that venue is proper as to each defendant and as to each claim." *Multimin USA, Inc. v. Walco Internation, Inc.*, No. CV F 06–0226 AWI SMS, 2006 WL 1046964, *2 (E.D. Cal. Apr. 11, 2006); *see also Hoover Grp., Inc. v. Custom Metalcraft, Inc.,* 84 F.3d 1408, 1410 (Fed.

---

[5] A few outlier cases appear to find that venue is not waivable in a patent infringement action, akin to subject matter jurisdiction. *See, e.g.*, *B. Heller & Co. v. First Spice Mfg. Corp.,* 172 F. Supp. 46, 49 (N.D. Ill. 1959) *and Kearney & Trecker Corp. v. Cincinnati Milling Mach. Co.*, 254 F. Supp. 130, 133 (N.D. Ill. 1966). The Court finds, however, these cases have been abrogated by the Supreme Court in *Hoffman v. Blaski,* 363 U.S. 335, 343 (1960), which held in a patent infringement case that venue could be waived. *See also Libby, McNeill, & Libby v. City Nat. Bank*, 592 F.2d 504, 510 (9th Cir. 1978) ("Venue is not jurisdictional.") (citing *Neirbo Co. v. Bethlehem Shipbldg. Corp.*, 308 U.S. 165, 167–68 (1939)).

Cir. 1996) ("When the cause of action is personal to the individual defendant, the venue requirement must be met as to that defendant."). Therefore, Assadian and Khatemi's purported reason for delaying their motion to dismiss based on venue—that venue only became improper after San Juan's dismissal– is untenable. Indeed, this Court in its order dated January 7, 2005, specifically advised Assadian and Khatemi of the requirement that venue was personal to each defendant. (ECF No. 21 at 3 ("Indeed, when 'the cause of action is personal to the individual defendant, the venue requirement must be met as to that defendant.'").)

Furthermore, even if Plaintiff added San Juan for the strategic purpose of defeating venue, this Court still finds that Assadian and Khatemi have waived their venue defense. Contrary to the characterization that San Juan was dismissed on the eve of trial, more than ten months passed between the time San Juan was dismissed and the commencement of trial. (ECF Nos. 187, 227.) Both Assadian and Khatemi could have used that time to file a venue challenge. Thus, because Assadian and Khatemi chose to proceed through trial and appeal without objecting to venue, the Court finds that they waived the defense. *See Libby, McNeill, & Libby v. City Nat. Bank*, 592 F.2d 504, 510 (9th Cir. 1978) (holding defendant waived venue defense because there was no timely objection). For these reasons, Assadian's and Khatemi's motions to dismiss or transfer based upon improper venue are denied.

**B.      Discretionary Transfer for the Convenience of Parties and Witnesses**

Assadian and Khatemi also request a discretionary transfer to the Central District of California pursuant to 28 U.S.C. § 1404(a). If venue is improper, a district court may still transfer a civil action to another district court where the action could have been brought, if transferring the matter would serve "the convenience of parties and witnesses, [and is] in the interest of justice[.]" 28 U.S.C. § 1404(a); *see also Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. Of Tex.*, 134 S. Ct. 568, 579 (2013) ("Unlike § 1406(a), § 1404(a) does not condition transfer on the initial forum's being 'wrong.'"). When adjudicating a motion for discretionary transfer under § 1404(a), a court evaluates three elements: (1) convenience of the parties; (2) convenience of the witnesses; and (3) interests of justice. *Safarian v. Maserati North America, Inc.,* 559 F. Supp. 2d

7


1068, 1071 (C.D. Cal. 2008); *see also Atl. Marine Constr. Co., Inc.*, 134 S. Ct. at 581 ("a district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations"). Typically, the second factor –convenience of witnesses– is the most important in determining whether to grant a transfer. *Hope v. Otis Elevator Co.*, 389 F. Supp. 2d 1235, 1243–44 (E.D. Cal. 2005) (citing *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981)).

Courts are generally hesitant to upset a plaintiff's choice of venue, and "unless the balance of factors is strongly in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed." *Sec. Investor Prot. Corp. v. Vigman,* 764 F.2d 1309, 1317 (9th Cir. 1985) (citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947)). Therefore, the moving party has the burden to present "strong grounds" for transferring the action. *Safarian,* 559 F. Supp. 2d at 1071 (citing *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986)). Ultimately, the decision to transfer the action is placed within the sound discretion of the district court. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) ("Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'") (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

It is undisputed that venue would be proper in the requested transferee district, the Central District of California. Thus, the sole question is whether this Court should exercise its discretion to transfer this action to California's Central District. For the reasons set forth below the Court declines to do so.

### 1. **Convenience of Parties**

Assadian and Khatemi reside in the Central District of California. Plaintiff claims it is located in the Northern District of California. The Court finds that the location of the Eastern District poses a burden upon all parties to travel some distance for trial. Although the Court acknowledges that Assadian and Khatemi, as pro se litigants, likely bear a heavier burden by litigating in a district they do not reside in, they have participated in protracted litigation over

eight years in this forum, including a multi-day trial in 2008, thereby demonstrating that they are able to litigate in the Eastern District of California.

### 2. Convenience of Witnesses

Assadian and Khatemi argue that the convenience of the witnesses requires transfer to the Central District of California, because all relevant witnesses for the new trial reside in that district. (ECF Nos. 477 at 3, 479 at 4.) Neither Assadian nor Khatemi identified specific witnesses in their moving papers, but did address witnesses in their reply. In Assadian's reply he states that if he must, he will go through his records and "will identify thirty (30) to fifty (50) INSC employees between 1997 and 2008 who have worked side-by-side with Def. Assadian as an INSC employee." (ECF No. 483 at 3.) He does not identify specific witnesses. In his reply, Khatemi named six witnesses whom he alleges reside in the Central District of California and therefore would be inconvenienced by testifying in the Eastern District of California. (ECF No. 483 at 2.) Khatemi intends to call these witnesses to testify on the issue of damages; "[t]hese witnesses will demonstrate that there was minimal sales activity and minimal profits." (ECF No. 483 at 2.)

To prevail on this element, the burden is on Assadian and Khatemi to demonstrate that the present forum is inconvenient for specific witnesses. "Rather than relying on vague generalizations of inconvenience, the moving party must demonstrate, through affidavits or declarations containing admissible evidence, who the key witnesses will be and what their testimony will generally include." *Hope*, 389 F. Supp. 2d at 1243-44 (quoting *Cochran v. NYP Holdings, Inc.,* 58 F. Supp. 2d 1113, 1119 (C.D. Cal. 1998) (internal quotation marks omitted)). Assadian and Khatemi must make "a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker*, 805 F.2d at 843.

Neither Assadian nor Khatemi can meet his burden to demonstrate that the convenience of witnesses weighs in favor of a transfer. Assadian does not even identify witnesses or the subject of their testimony. Khatemi's showing is more specific but he does not submit any admissible evidence that these witnesses would be inconvenienced. *See California Writer's Club v. Sonders*,

9

No. C-11-02566 JCS, 2011 WL 4595020 at *14 (N.D. Cal. Oct. 3, 2011) (denying pro se defendant's transfer motion for providing only "brief statements describing the issues to which these individuals will testify" and "vague and conclusory assertions regarding the inconvenience of participating in litigation").

Moreover, both Assadian's and Khatemi's assertions are belied by their previous conduct in this case when they consented to litigation in this forum including participating in a multi-day trial in 2008. While Assadian's and Khatemi's circumstances have changed somewhat since the first trial in 2008, the Court finds that the convenience of these Defendants is not outweighed by the interests of justice as detailed below.

### 3.     **The Interest of Justice**

Whether a transfer of venue is in the interest of justice is broad inquiry wherein the court looks at the fairness of transferring the matter in light of the relevant private and public interests. *See Atl. Marine Const. Co., Inc.,* 134 S. Ct. at 581; *see also Jones v. GNC Franchising, Inc., 211 F.3d 495, 498* (9th Cir. 2000), *cert. denied*, 531 U.S. 928 (2000).

While the Court acknowledges that the Central District has a relationship to this litigation, the Court finds that for reasons set forth above, the Assadian and Khatemi long ago forfeited their improper venue defenses for tactical reasons and went through a trial on the merits in the Eastern District. Assadian and Khatemi's waiver of venue and consent to litigating this case in the Eastern District for over eight years weighs strongly in favor of keeping the case here. Furthermore, Assadian and Khatemi do not dispute these facts, nor do they dispute Plaintiff's argument that they purposely directed their infringing actions towards this district. (ECF No. 480 at 9.) Therefore, the Court finds that the interest of justice does not require transfer. For these reasons, the Court exercises its discretion and denies Assadian's and Khatemi's motions to transfer to the Central District of California.[6]

---

[6] The Court also denies Assadian's motion to strike. Plaintiff's proposed order was not combined into its opposition and therefore did not violate Local Rule 137(b). Furthermore, Plaintiff complied with Federal Rule of Civil Procedure 5. Even if Plaintiff's opposition was mailed after the "last mail pick-up of the day" on the last day of the period for service, it will still be deemed mailed within the required period so long as supported by a proof of service. *Sterling v.*

## IV. CONCLUSION

Accordingly, it is HEREBY ORDERED that:

1. Assadian's motion to dismiss or in the alternative to transfer (ECF No. 477) is DENIED;

2. Khatemi's motion to dismiss or in the alternative to transfer (ECF No. 479) is DENIED;

3. The parties are ordered to meet and confer and file an updated joint pretrial statement within 21 days of entry of this order. In that statement the parties shall submit a list of at least four mutually agreeable trial dates in fall 2015 or spring 2016.

**IT IS SO ORDERED.**

Dated: June 30, 2014

Troy L. Nunley
United States District Judge

---

*Interlake Indus. Inc.,* 154 F.R.D. 579, 582 (E.D.N.Y. 1994); *Greene v. WCI Holdings Corp.*, 136 F.3d 313, 314 (2d Cir. 1998), *cert. denied* 525 U.S. 983.